1  Kevin J. Curtis, WSBA No. 12085
2  WINSTON & CASHATT, LAWYERS, a
   Professional Service Corporation
3  601 W. Riverside, Ste. 1900
   Spokane, WA 99201
4  Telephone: (509) 838-6131

5
   Charles L. Babcock IV (*pro hac vice application to be filed*)
6  cbabcock@jw.com
   Texas Bar No. 01479500
7  William J. Stowe (*pro hac vice application to be filed*)
8  wstowe@jw.com
   Texas Bar No. 24075124
9  JACKSON WALKER L.L.P.
   1401 McKinney Street
10 Suite 1900
   Houston, Texas 77010
11 (713) 752-4360 (telephone)
   (713) 308-4116 (facsimile)
12
13 Attorneys for Defendants International Data
14 Group, Inc., CXO Media, Inc. and Steve Ragan

15

16              UNITED STATES DISTRICT COURT
17              EASTERN DISTRICT OF WASHINGTON

18 | RIVER CITY MEDIA, LLC, a Wyoming | No. 2:17-cv-105-SAB |
   | limited liability company, MARK | |
19 | FERRIS, an individual, MATT FERRIS, | |
   | an individual, and AMBER PAUL, an | **DEFENDANT INTERNATIONAL DATA** |
20 | individual, | **GROUP, INC.'S NOTICE, MOTION AND** |
   | | **MEMORANDUM TO DISMISS FOR** |
21 | | **LACK OF PERSONAL JURISDICTION,** |
   | Plaintiffs, | **OR ALTERNATIVELY, MOTION TO** |
22 | | **DISMISS FOR FAILURE TO STATE A** |
23 | vs. | **CLAIM** |
24



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

| | |
|---|---|
| KROMTECH ALLIANCE CORPORATION, a German corporation, CHRIS VICKERY, an individual, CXO MEDIA, INC., a Massachusetts corporation, INTERNATIONAL DATA GROUP, INC., a Massachusetts corporation, and STEVE RAGAN, an individual, and DOES 1-50, | With Oral Argument Hearing Date: July 13, 2017 @ 11:00 a.m. Spokane, Washington |
| Defendants. | |

Defendant International Data Group, Inc. ("IDG") moves the Court for an order dismissing IDG from this case on the grounds that the Court lacks personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or alternatively, Plaintiffs fail to state a claim. This motion is accompanied and supported by the Declaration of Edward Bloom and the following memorandum of authorities.

### Summary of Motion

The Court should dismiss Plaintiffs' Complaint against IDG for lack of personal jurisdiction because Plaintiffs cannot meet their burden to establish either general jurisdiction or specific jurisdiction. Plaintiffs do not even allege general jurisdiction. But even if they had so alleged, they cannot show that IDG's "affiliations with the State . . .

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

are so constant and pervasive 'as to render [it] essentially at home in the forum State.'"[1] Plaintiffs admit that IDG is incorporated in Massachusetts.  Complaint (ECF No. 1) ¶ 23. IDG has its principal place of business in Massachusetts. It has no offices in Washington, no business operations in Washington, and no employees in Washington.  Plaintiffs also cannot meet their burden of establishing specific jurisdiction because IDG has not "purposefully directed" any activities to Washington, and Plaintiffs' claims do not arise out of any forum-related activities of IDG.   Additionally, the exercise of jurisdiction would be unreasonable under the seven-factor test employed by the Ninth Circuit. Accordingly, the Court should dismiss the Complaint because Plaintiffs cannot meet their burden of establishing personal jurisdiction. The Court should also award IDG its attorney's fees for prevailing on its Rule 12(b)(2) motion pursuant to RCW 4.28.185(5), which federal courts in Washington apply.

Alternatively, the Court should dismiss Plaintiffs' Complaint against IDG for failure to state a claim.  Plaintiffs allege no facts establishing that IDG engaged in, participated in, or had any connection to any of the allegedly unlawful acts, or that IDG

---

[1] *Daimler AG v. Bauman,* --- U.S. ----, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846, 2851 (2011)).

IDG'S NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

had knowledge of the allegedly unlawful acts.  Plaintiffs' conclusory legal assertions with absolutely no factual allegations are insufficient.

## Argument

**1.**    **The Court Should Dismiss the Complaint Against IDG for Lack of Personal Jurisdiction.**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).   A plaintiff's allegations are taken as true only if they are uncontroverted by the defendants. *Id.*

Here, Plaintiffs make almost no allegations relating to personal jurisdiction. Instead, the most Plaintiffs claim relating to IDG is that IDG is the "parent corporation" of Defendant CXO Media, Inc. ("CXO")[2]; that each defendant "aided and abetted" the actions of the other defendants; and that each defendant was the agent of the others and was acting within the course and scope of agency in doing the things alleged in the Complaint.  Complaint ¶ 25. Plaintiffs also allege that each defendant had knowledge of, approved, or ratified the conduct of others, but provides no factual details.

---

[2] Complaint, ¶ 23.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Plaintiffs' allegations are conclusory and not entitled to any weight.[3]   Nevertheless, IDG has controverted Plaintiffs' allegations through the Declaration of Edward Bloom, which establishes that IDG is not the parent corporation of CXO; IDG did not aid and abet the actions of any other Defendant; none of the other Defendants have ever acted as IDG's agent (nor has IDG acted as agent of any of the other Defendants); and IDG did not know of or approve of any of the acts alleged in the Complaint.  Bloom Decl. ¶¶ 4-5.

Personal jurisdiction over a nonresident defendant is only proper if a rule or statute potentially confers jurisdiction over the defendant, and the exercise of personal jurisdiction over the defendant does not offend the principles of Fifth Amendment due process.  *See Doe v. Unocal Corp.*, 248 F.3d 915, 921-22 (9th Cir. 2001), *abrogated on other grounds as recognized by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017).   Where, as here, there is no applicable federal statute governing personal

_____

[3] *See, e.g., Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *see also Mirza Minds Inc. v. Kenvox U.S. L.L.C.*, No. 2:15-CV-00053-SAB, 2015 WL 6693689, at *2 (E.D. Wash. Nov. 2, 2015) (granting Defendant Herrera's motion to dismiss and noting "Plaintiff only makes bare assertions that David Herrera participated in the alleged conspiracy and the legal conclusion that Herrera conducted business in Washington") (unpublished).



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

jurisdiction, the district court applies the law of the state in which the district court sits. *See* Fed. R. Civ. Pro. 4(k)(1)(A). Washington state law, however, authorizes the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause of the United States Constitution. *Key Tronic Corp. v. SMART Techs. ULC*, No. 2:16-CV-0028-TOR, 2016 WL 7104252, at *3 (E.D. Wash. Dec. 5, 2016) (citation omitted).

Personal jurisdiction comports with federal due process only when the defendant has "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citation omitted). Personal jurisdiction may be based on either general jurisdiction or specific jurisdiction. *See, e.g., Schwarzenegger*, 374 F.3d at 801-07. As demonstrated below, Plaintiffs cannot meet their burden of demonstrating that either general or specific jurisdiction applies.

> **A.    Plaintiffs Do Not Allege, Much Less Meet Their Burden, of Establishing General Jurisdiction.**

First, Plaintiffs do not allege, much less meet their burden of establishing, general jurisdiction. The Supreme Court opinion in *Daimler AG v. Bauman*, --- U.S. ----, 134 S. Ct. 746 (2014) and its predecessor *Goodyear* "arguably tightened the general jurisdiction

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

standard," as numerous courts have recognized.[4]  In *Daimler AG*, the Court rejected the argument that general jurisdiction exists in any state in which a corporation "engages in a substantial, continuous, and systematic course of business."  *Id.* at 760-61.  Instead, the Court held that general jurisdiction exists only where the defendant is "fairly regarded as at home," and for a corporation, "***the place of incorporation and principal place of business*** are 'paradig[m] . . . bases for general jurisdiction.'"  *Id.* at 760 (citation omitted) (alteration in original) (emphasis added).  "Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable."  *Id.*  Although the Court recognized that there may be a rare situation where a corporation is subject to general jurisdiction in a state other than the state of its incorporation or principal place of business, it stated that it would have to be an

---

[4] *See, e.g., Gonzales v. Seadrill Americas, Inc.*, No. 3:12-CV-00308, 2014 WL 2932241, at *5 (S.D. Tex. June 27, 2014), where Judge Costa, who was elevated to the U.S. Court of Appeals for the Fifth Circuit, noted that – at that time – "only ***one*** federal court has apparently found jurisdiction . . . since *Daimler*" outside of a forum where the defendant was incorporated or maintains its headquarters, "*even though **more than 75** federal cases have already cited Daimler*," and regarding that one case, Judge Costa described it as an "outlier."  *Id.* at *3 n.4 (emphasis added).

IDG'S NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 7



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

"exceptional case . . . ." *Id.* at 761 n.19. The standard for general jurisdiction is a "high" one. *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011); *see also Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with the forum).

Applying the foregoing standard for general jurisdiction to IDG, Plaintiffs cannot meet their burden of establishing general jurisdiction. Plaintiffs admit that IDG is incorporated in Massachusetts. *See* Pl.'s Compl. ¶ 23. IDG has its principal place of business in Massachusetts. Bloom Decl. ¶ 2. Plaintiffs do not plead that IDG is "at home" in Washington. IDG does not have any offices in Washington, does not have any employees in Washington, has no business operations in Washington, derives no income from any operations in Washington, and does not own any real property in Washington. *See id.* ¶ 3. Plaintiffs have thus not alleged, much less met their burden, of establishing general jurisdiction.[5]

---

[5] Plaintiffs also cannot establish general jurisdiction because the exercise of jurisdiction would not be "reasonable" as explained in further detail below under Section (B)(iii) under specific jurisdiction. The "reasonableness" requirement applies to both general jurisdiction and specific jurisdiction. *See Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*,

IDG'S NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 8

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1

2

**B.    Plaintiffs Cannot Meet Their Burden of Establishing Specific Jurisdiction.**

3

Additionally, Plaintiffs cannot meet their burden of establishing specific, or "case-

4

linked," jurisdiction.    To establish minimum contacts necessary to support specific

5

jurisdiction, a three-part test must be satisfied:

6

7

(1)    The non-resident defendant must *purposefully direct* his activities or consummate some transaction with the forum or resident thereof; or perform

8

some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and

9

protections of its laws;

(2)    the claim must be one which arises out of or relates to the defendant's

10

forum-related activities; and

11

(3)    the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

12

13

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (emphasis

14

added) (citation omitted).   None of the three requirements is satisfied in this case.

15

**(i)    "Purposeful Direction" Requirement Not Satisfied.**

16

First, the "purposeful direction" requirement of specific jurisdiction is not satisfied.

17

18

"To establish purposeful direction, the plaintiff must show that the defendant committed

19

an intentional act, expressly aimed at the forum state, causing harm that the defendant

20

knows is likely to be suffered in the forum state."   *Microsoft Corp. v. Commc'ns & Data*

21

22

1 F.3d 848, 851 (9th Cir. 1993) (noting reasonableness requirement applies to the

23

24

"general jurisdiction analysis," not just specific jurisdiction analysis).

IDG'S NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 9



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

*Sys. Consultants, Inc.*, 127 F. Supp. 3d 1107, 1114 (W.D. Wash. 2015). Here, Plaintiffs do not and cannot allege that IDG undertook *any* actions relating to this suit, let alone actions aimed at Washington causing harm that IDG knew was likely to be suffered in Washington. Prior to the filing of this lawsuit, IDG did not know that Plaintiff River City Media, LLC claimed to have its principal place of business in Washington, and IDG never had any role in the publication of either article alleged in the Complaint, including the article allegedly published by CXO (which Plaintiffs erroneously state is IDG's subsidiary). *See* Bloom Decl. ¶ 5. Notably, even if CXO were a subsidiary of IDG (which it is not), "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Doe v. Unocal*, 248 F.3d 915, 925 (9th Cir. 2001), *abrogated on other grounds as recognized by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017). Plaintiffs do not allege alter ego, much less allege the overwhelming control required for alter ego.

Because IDG has not committed an intentional act expressly aimed at Washington, IDG has not "purposefully directed" any activities toward Washington, or otherwise purposefully availed itself of the benefits and protections of Washington law.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

(ii)    **Plaintiffs' Claims Do Not "Arise Out of Forum-Related Activities."**

Additionally, there is no specific personal jurisdiction because Plaintiffs' claims do not arise out of any forum-related activities of IDG, which is the second requirement of specific jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).    As noted, IDG has never had anything to do with Vickery or any activities directed to any Plaintiff. *See* Bloom Decl. ¶ 4.    Thus, there are no "forum-related activities" from which Plaintiffs' claims could possibly arise.

(iii)    **The Exercise of Personal Jurisdiction Would Not Be "Reasonable."**

Finally, Plaintiffs cannot meet their burden of establishing specific jurisdiction over IDG because the exercise of personal jurisdiction would not be "reasonable."    To exercise general or specific jurisdiction, the exercise of jurisdiction must be "reasonable." *See Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851 (9th Cir. 1993) (noting reasonableness requirement applies to the "general jurisdiction analysis," not just specific jurisdiction analysis); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (applying requirement in the context of specific jurisdiction).    In evaluating reasonableness, courts balance seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendants of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants'

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Amoco Egypt Oil Co.*, 1 F.3d at 851.

Here, the extent of IDG's purposeful interjection into Washington is nonexistent, given that IDG – which is a holding company – has never assisted, contributed to, facilitated, or in any other way aided or abetted Vickery or any of the Other Defendants with any of the alleged actions claimed in Plaintiffs' Complaint in this matter. *See* Bloom Decl. ¶ 4. Additionally, the burden on IDG in defending in Washington would be significant. *See id.* ¶ 6. IDG is a Massachusetts corporation having its principal place of business in Massachusetts. *Id.* ¶ 2. Because IDG's representatives are in Massachusetts and will rely upon documents primarily located in Massachusetts,[6] there would be significant efficiencies in litigating this dispute in Massachusetts, which is an available alternative forum. Finally, Washington has no unique interest in adjudicating the dispute as many of the claims are based on federal, not state, law. And, even as to the state law claims, Plaintiffs do not even specify the state under whose laws the claims are brought.

---

[6] *See* Bloom Decl. ¶ 6.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

*See, e.g.,* Complaint ¶¶ 118-58.  The state-law claims are generic and are recognized in most U.S. jurisdictions.

Thus, the Court should dismiss Plaintiffs' Complaint for lack of personal jurisdiction because Plaintiffs cannot meet their burden of establishing either general jurisdiction or specific jurisdiction: IDG is not incorporated in and does not have its principal place of business in Washington; IDG has not "purposefully directed" any activities to Washington or otherwise purposefully availed itself of the benefits and protections of Washington law; Plaintiffs' claims do not arise out of any forum-related activities of IDG; and the exercise of jurisdiction would be unreasonable.

## C.    IDG is Entitled to Its Attorney's Fees.

"Under [RCW § 4.28.185(5)], courts are allowed to award attorney's fees to defendants who—after being hailed into court under the long-arm statute—prevail on a 12(b)(2) motion to dismiss."  *Hunter v. Ferebauer*, 980 F. Supp. 2d 1251, 1259 (E.D. Wash. 2013) (citation omitted).  Section 4.28.185(5) provides that if a Defendant prevails after being served out of state on one of the causes of action enumerated in the statute, the Defendant may recover fees:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

IDG'S NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 13

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

RCW § 4.28.185(5).  One of the enumerated causes of action is "[t]he commission of a tortious act within this state . . . ."  *Id.* § 4.28.185(1)(b).  Since Plaintiffs have asserted tort claims against IDG, and since IDG should prevail on its Rule 12(b)(2) motion, the Court should award IDG its reasonable attorney's fees.

## 2.    The Court Should Dismiss the Complaint for Failure to State a Claim.

Alternatively, the Court should dismiss Plaintiffs' Complaint against IDG under Rule 12(b)(6) for failure to state a claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Importantly, the court need not accept as true conclusory legal allegations cast in the form of factual allegations.  *See, e.g., Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly*).  "A claim has 'facial plausibility' when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

for the misconduct alleged." *Kanam v. Dep't of Nat. Res.*, No. C16-5702-RBL, 2016 WL 4611544, at *1 (W.D. Wash. Sept. 6, 2016) (citation omitted) (unpublished).

A.    **Plaintiffs Fail to State a Claim under the CFAA, SCA, or ECPA.**

Plaintiffs fail to state a claim under either the Computer Fraud and Abuse Act ("CFAA") (Count 1), the Stored Communications Act ("SCA") (Count 2), or the Electronic Communications Privacy Act ("ECPA") (Count 3). To state a claim under the ECPA, Plaintiffs must allege that IDG either (1) intentionally accessed without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeded an authorization to access that facility. *See* 18 U.S.C. §§ 2701(a), 2707(a).[7] Similarly, the CFAA requires that the defendant undertake some action to intentionally access a computer without authorization. *See* 18 U.S.C. § 1030(a)(2)(C), 1030(a)(5)(B) & (C); *see also Nat'l City Bank, N.A. v. Republic Mortg. Home Loans, LLC*, No. C09-1550RSL, 2010 WL 959925, at *1 (W.D. Wash. Mar. 12, 2010) ("No facts are alleged linking these defendants to a computer or otherwise giving rise to a reasonable inference that they could be liable under the CFAA.").

---

[7] It is unclear whether Plaintiffs also attempt to assert a claim under 18 U.S.C. § 2520. Even if they did, at least some action by IDG would be required. *See id.* §§ 2520(a), 2511.

IDG'S NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 15

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

A plaintiff that relies on an agency theory must plead specific facts supporting the agency relationship; conclusory allegations regarding agency will not suffice. *See, e.g., Sipe v. Countrywide Bank,* 690 F.Supp.2d 1141, 1156 (E.D. Cal. 2010) (dismissing claim where plaintiff failed to allege any facts suggesting an agency relationship); *Sandry v. First Franklin Fin. Corp.,* No. 1:10-cv-01923-OWW-SKO, 2011 WL 202285, at *3 (E.D. Cal. Jan. 20, 2011) (dismissing claim where allegations were directed to another and conclusory allegations of agency were insufficient); *Menashe v. Bank of N.Y.,* 850 F. Supp. 2d 1120, 1136 (D. Haw. 2012) (dismissing claim where plaintiff "pled no facts whatsoever plausibly suggesting that any type of agency relationship existed between Approved and Countrywide, whether based on actual or apparent authority."); *Taste Trackers, Inc. v. UTI Transp. Sols., Inc.,* No. 13-23377-CIV, 2014 WL 129309, at *2 (S.D. Fla. Jan. 14, 2014) (dismissing complaint "for failure to adequately allege agency" noting that Plaintiff failed to allege aspects of agency such as control, which was critical element of agency under applicable law).

Here, Plaintiffs do not allege any specific actions whatsoever by IDG, let alone intentionally accessing without authorization a facility through which an electronic communication service is provided, intentionally exceeding an authorization to access a facility, or intentionally accessing a computer without authorization. Instead, Plaintiffs simply allege that Vickery undertook the actions but did so with the "knowledge,



approval and/or ratification of . . . the remaining defendants." Complaint ¶¶ 89, 97, 115. Plaintiffs also allege in conclusory fashion that each of the Defendants was the agent of the other Defendants. *See id.* ¶ 25. The Complaint fails to allege any facts supporting an agency relationship between Vickery and IDG (or between any of the other Defendants and IDG). Plaintiffs allege no facts whatsoever relating to approval, ratification, or knowledge of Vickery's acts by IDG. Accordingly, the Court should dismiss Plaintiffs' claims against IDG.

### B.    Plaintiffs Fail to State a Claim for Violations of the Defend Trade Secrets Act.

Plaintiffs fail to state a claim under the Defend Trade Secrets Act ("DTSA") (Count 3). Plaintiffs do not allege an act of acquisition or disclosure by IDG, which are elements of a claim under the DTSA. *See* 18 U.S.C. § 1839(5). Additionally, Plaintiffs do not allege that the alleged trade secret "is related to a product or service used in, or intended for use in, interstate or foreign commerce," which is an element of a claim under the DTSA. 18 U.S.C. § 1836(b)(1). And, as discussed above, Plaintiffs' allegations regarding agency, ratification, approval, and knowledge are insufficient and mere legal conclusions. Accordingly, the Court should dismiss Plaintiffs' DTSA claim.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

**C.    Plaintiffs Fail to State a Claim for Invasion of Privacy, Intentional Infliction of Emotional Distress, and Defamation.**

Plaintiffs also fail to state a claim for invasion of privacy (Count 5), intentional infliction of emotional distress (Count 9), and defamation (Count 10). Each of these claims requires some action on behalf of the Defendant. *See Reid v. Pierce Cty.*, 961 P.2d 333, 338 (Wash. 1998) (discussing invasion of privacy); *Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1118-20 (W.D. Wash. 2011) (intentional infliction of emotional distress and defamation). Plaintiffs allege no conduct on behalf of IDG, let alone conduct that is "extreme or outrageous," a required element for a claim for intentional infliction of emotional distress. *Phillips*, 822 F. Supp. 2d at 1119. Plaintiffs also do not and cannot allege any publication or communication by IDG as a required element for Plaintiffs' defamation claim. Although Plaintiffs say that "Defendant**s** published" (emphasis added) allegedly defamatory statements, Plaintiffs do not allege any specific publication/communication by IDG but instead refer only to an article by Vickery and an article on CSO Online (Complaint ¶¶ 65-66), the latter of which Plaintiffs allege is owned by CXO (not IDG). In short, Plaintiffs allege no conduct by IDG supporting any of these claims. Further, as discussed at length above, Plaintiffs' allegations regarding agency, ratification, approval, and knowledge are insufficient.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

### D.    Plaintiffs Fail to State a Claim for Intentional Interference with Contractual Relationiships or Business Expectancy.

Intentional interference with contractual relationships and business expectancies both require affirmative conduct constituting interference on the part of the defendant. *See Leingang v. Pierce Cty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997) (requires "intentional *interference* inducing or causing a breach or termination of the relationship or expectancy") (emphasis added). Plaintiffs say that "Defendant**s** intentionally interfered" (emphasis added), but Plaintiffs do not describe any conduct by IDG, let alone conduct constituting interference. Plaintiffs also do not and cannot allege any factual specifics regarding IDG's alleged knowledge of Plaintiffs' contracts or expectancies. Barebones recitation of the elements of a claim without any factual recitation of IDG's conduct (or knowledge of contracts or expectancies) is insufficient.  Further, as discussed at length above, Plaintiffs' allegations regarding agency, ratification, approval, and knowledge are insufficient.

### E.    Plaintiffs Fail to State a Claim for Conversion.

"[C]onversion is the unjustified, willful interference with a chattel that deprives a person entitled to the property of possession." *Repin v. State*, --- P.3d ----, No. 34049-0-III, 2017 WL 1063482, at *13 (Wash. App. Mar. 21, 2017).  Plaintiffs do not allege that IDG interfered with any of Plaintiffs' chattel, whether tangible or intangible.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Additionally, as with all other claims, Plaintiffs' conclusory allegations regarding agency, ratification, approval, and knowledge are insufficient.  Accordingly, Plaintiffs fail to state a claim for conversion (Count 8).

### Conclusion and Prayer

For the foregoing reasons, Defendant International Data Group, Inc. respectfully requests that the Court dismiss Plaintiffs' Complaint against it for lack of personal jurisdiction, grant IDG its reasonable attorney's fees, or alternatively dismiss Plaintiffs' Complaint for failure to state a claim, and grant IDG such other relief as to which it may be justly entitled.

DATED this 14th day of April, 2017.

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS
Attorney for Defendants International Data
Group, Inc., CXO Media, Inc. and Steve Ragan
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile:  (509) 838-1416
E-mail Address:  kjc@winstoncashatt.com



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Charles L. Babcock IV (*pro hac vice application to be filed*)
cbabcock@jw.com
Texas Bar No. 01479500
William J. Stowe (*pro hac vice application to be filed*)
wstowe@jw.com
Texas Bar No. 24075124
JACKSON WALKER L.L.P.
1401 McKinney Street
Suite 1900
Houston, Texas  77010
(713) 752-4360 (telephone)
(713) 308-4116 (facsimile)

IDG'S NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 21



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

I hereby certify that on April 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Keith P. Scully
keith@newmanlaw.com

Jason E. Bernstein
jake@newmanlaw.com

Attorney for Plaintiffs

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS
Attorney for Defendants International Data
Group, Inc., CXO Media, Inc. and Steve Ragan
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile:  (509) 838-1416
E-mail Address:  kjc@winstoncashatt.com

IDG'S NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 22
18131975v.4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131