Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS, a Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
Telephone: (509) 838-6131

Charles L. Babcock IV (*pro hac vice application to be filed*)
cbabcock@jw.com
Texas Bar No. 01479500
William J. Stowe (*pro hac vice application to be filed*)
wstowe@jw.com
Texas Bar No. 24075124
JACKSON WALKER L.L.P.
1401 McKinney Street
Suite 1900
Houston, Texas 77010
(713) 752-4360 (telephone)
(713) 308-4116 (facsimile)

Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, a Wyoming limited liability company, MARK FERRIS, an individual, MATT FERRIS, an individual, and AMBER PAUL, an individual,<br><br>Plaintiffs,<br><br>vs. | No. 2:17-cv-105-SAB<br><br>DEFENDANTS CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM |

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 1

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

| | |
|---|---|
| KROMTECH ALLIANCE CORPORATION, a German corporation, CHRIS VICKERY, an individual, CXO MEDIA, INC., a Massachusetts corporation, INTERNATIONAL DATA GROUP, INC., a Massachusetts corporation, and STEVE RAGAN, an individual, and DOES 1-50,<br><br>Defendants. | With Oral Argument<br>Hearing Date:<br>July 13, 2017 @ 11:00 a.m.<br>Spokane, Washington |

Defendants CXO Media, Inc. ("CXO") and Steve Ragan move the Court for an order dismissing them from this case on the grounds that the Court lacks personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or alternatively, Plaintiffs fail to state a claim. This motion is accompanied and supported by the Declarations of Edward Bloom and Steve Ragan and the following memorandum of authorities.

**Summary of Motion**

The Court should dismiss Plaintiffs' Complaint against CXO and Mr. Ragan for lack of personal jurisdiction because Plaintiffs cannot meet their burden to establish either general jurisdiction or specific jurisdiction. Plaintiffs admit that CXO is incorporated in Massachusetts. Complaint (ECF No. 1) ¶ 22. CXO has its principal place of business in Massachusetts. It has no offices in Washington, no business operations in Washington, no employees in Washington, and no property in Washington. Similarly, Mr. Ragan resides in Indiana and has no connection with Washington. Ragan

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 2

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Decl. ¶ 3; Bloom Decl. ¶ 3. Plaintiffs also cannot meet their burden of establishing specific jurisdiction because neither CXO nor Mr. Ragan have "purposefully directed" any activities to Washington, and Plaintiffs' claims do not arise out of any forum-related activities of CXO or Mr. Ragan. Additionally, the exercise of jurisdiction would be unreasonable under the seven-factor test employed by the Ninth Circuit. Alternatively, the Court should dismiss Plaintiffs' Complaint against CXO and Mr. Ragan for failure to state a claim.

## Argument

### 1. The Court Should Dismiss the Complaint Against CXO and Mr. Ragan for Lack of Personal Jurisdiction.

The plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff's allegations are taken as true only if they are uncontroverted by the defendants. *Id.* Here, Plaintiffs make almost no allegations relating to personal jurisdiction. Instead, the most Plaintiffs claim relating to CXO and Mr. Ragan is that CXO is the owner and operator of www.csoonline.com ("CSO Online"); Ragan authored the article on CSO Online mentioned in paragraph 65 of the Complaint; that each defendant "aided and abetted" the actions of the other defendants; and that each defendant was the agent of the others and was acting within the course and scope of agency in doing the things alleged

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 3

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

in the Complaint. Complaint ¶¶ 22, 25, 65. Plaintiffs also allege that each defendant had knowledge of, approved, or ratified the conduct of others, but provides no factual details.

Plaintiffs' allegations regarding aiding and abetting, agency, and approval/ ratification are conclusory and not entitled to any weight. *See, e.g., Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *see also Mirza Minds Inc. v. Kenvox U.S. L.L.C.*, No. 2:15-CV-00053-SAB, 2015 WL 6693689, at *2 (E.D. Wash. Nov. 2, 2015) (granting Defendant Herrera's motion to dismiss and noting "Plaintiff only makes bare assertions that David Herrera participated in the alleged conspiracy and the legal conclusion that Herrera conducted business in Washington") (unpublished). Nevertheless, CXO has controverted Plaintiffs' allegations through the Declaration of Edward Bloom, which establishes that CXO did not assist, contribute to, facilitate, or otherwise aid and abet the actions of any other Defendant, including Chris Vickery ("Vickery"), in obtaining any materials (electronic or otherwise) unlawfully from Plaintiffs; none of the other Defendants (other than Mr. Ragan) have ever acted as CXO's agent (nor has CXO acted as agent of any of the other Defendants); and CXO did not know of or approve of any of Vickery's or any other Defendant's acts that Plaintiffs claim were unlawful. Bloom Decl. ¶¶ 4-5. In fact, the only act of any Defendant that was approved by CXO was the authoring and publishing of Mr. Ragan's article on CSO Online. *Id.* ¶ 5.

CXO MEDIA, INC.'S AND STEVE RAGAN'S
NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 4

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Similarly, Mr. Ragan's Declaration establishes that he in no way assisted, contributed to, facilitated, or otherwise aided and abetted Vickery or any other Defendant in any way in obtaining any materials (electronic or otherwise) unlawfully from Plaintiffs. Ragan Decl. ¶ 5. Further, none of the other Defendants have ever acted as Mr. Ragan's agent (nor has Mr. Ragan acted as agent of any of the other Defendants, except for CXO); and Mr. Ragan did not approve of any of Vickery's or any other Defendant's acts that Plaintiffs claim were unlawful. Ragan Decl. ¶¶ 4-5.

Notably, the Supreme Court has expressly held that publishing documents provided by a third party does not make a journalist liable for any wrongdoing that the provider of the documents engaged in to obtain the documents. *See Bartnicki v. Vopper*, 532 U.S. 514, 535 (2001) (holding journalist not liable for broadcasting taped conversation that was admittedly obtained in violation of the Electronic Communications Privacy Act, where it related to a matter of public concern and journalist did not participate in illegally obtaining it). That is precisely what happened here – CXO and Mr. Ragan (journalists) published an article regarding a matter of public concern after Mr. Ragan received documents from Vickery, but neither CXO nor Mr. Ragan played any part in the allegedly unlawful acts of intrusion into Plaintiffs' computers.

Personal jurisdiction over a nonresident defendant is only proper if a rule or statute potentially confers jurisdiction over the defendant, and the exercise of personal

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 5

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

jurisdiction over the defendant does not offend the principles of Fifth Amendment due process. *See Doe v. Unocal Corp.*, 248 F.3d 915, 921-22 (9th Cir. 2001), *abrogated on other grounds as recognized by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017). Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See* Fed. R. Civ. Pro. 4(k)(1)(A). Washington state law, however, authorizes the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause of the United States Constitution. *Key Tronic Corp. v. SMART Techs. ULC*, No. 2:16-CV-0028-TOR, 2016 WL 7104252, at *3 (E.D. Wash. Dec. 5, 2016) (citation omitted).

Personal jurisdiction comports with federal due process only when the defendant has "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citation omitted). Personal jurisdiction may be based on either general jurisdiction or specific jurisdiction. *See, e.g., Schwarzenegger*, 374 F.3d at 801-07. As demonstrated below, Plaintiffs cannot meet their burden on either.

**A. Plaintiffs Do Not Allege, Much Less Meet Their Burden, of Establishing General Jurisdiction.**

First, Plaintiffs do not allege, much less meet their burden of establishing, general jurisdiction. The Supreme Court opinion in *Daimler AG v. Bauman*, --- U.S. ----, 134 S.

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 6

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Ct. 746 (2014) and its predecessor *Goodyear* "arguably tightened the general jurisdiction standard," as numerous courts have recognized.[1] In *Daimler AG*, the Court held that general jurisdiction exists only where the defendant is "fairly regarded as at home," and for a corporation, "***the place of incorporation and principal place of business*** are 'paradig[m] . . . bases for general jurisdiction.'" *Id.* at 760 (citation omitted) (alteration in original) (emphasis added). Although the Court recognized that there may be a rare situation where a corporation is subject to general jurisdiction in a state other than the state of its incorporation or principal place of business, it stated that it would have to be an "exceptional case . . . ." *Id.* at 761 n.19. The standard for general jurisdiction is a "high" one. *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011).

---

[1] *See, e.g., Gonzales v. Seadrill Americas, Inc.*, No. 3:12-CV-00308, 2014 WL 2932241, at *5 (S.D. Tex. June 27, 2014), where Judge Costa, who was elevated to the U.S. Court of Appeals for the Fifth Circuit, noted that – at that time – "only ***one*** federal court has apparently found jurisdiction . . . since *Daimler*" outside of a forum where the defendant was incorporated or maintains its headquarters, "*even though* ***more than 75*** federal cases have already cited *Daimler*," and regarding that one case, Judge Costa described it as an "outlier." *Id.* at *3 n.4 (emphasis added).

CXO MEDIA, INC.'S AND STEVE RAGAN'S
NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 7

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Plaintiffs admit that CXO is incorporated in Massachusetts. *See* Pl.'s Compl. ¶ 22. CXO has its principal place of business in Massachusetts. Bloom Decl. ¶ 2. Plaintiffs do not plead that CXO is "at home" in Washington. CXO does not have any offices in Washington, does not have any employees in Washington, has no business operations in Washington, derives no income from any operations in Washington, and does not own any real property in Washington. *See id.* ¶ 3. Similarly, Mr. Ragan resides in Indiana, and does not work in Washington, own real or personal property in Washington, or have any business dealings in Washington. Ragan Decl. ¶ 3. Plaintiffs have thus not alleged, much less met their burden, of establishing general jurisdiction. Plaintiffs also cannot establish general jurisdiction because the exercise of jurisdiction would not be "reasonable" as explained in further detail below under Section (B)(iii).

**B. Plaintiffs Cannot Meet Their Burden of Establishing Specific Jurisdiction.**

To establish minimum contacts necessary to support specific jurisdiction, a three-part test must be satisfied:

> (1) The non-resident defendant must *purposefully direct* his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

CXO MEDIA, INC.'S AND STEVE RAGAN'S
NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 8

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (emphasis added) (citation omitted). None of the three requirements is satisfied in this case.

**(i) "Purposeful Direction" Requirement Not Satisfied.**

"To establish purposeful direction, the plaintiff must show that the defendant committed an intentional act, expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state." *Microsoft Corp. v. Commc'ns & Data Sys. Consultants, Inc.*, 127 F. Supp. 3d 1107, 1114 (W.D. Wash. 2015). The Supreme Court in *Walden v. Fiore*, --- U.S. ----, 134 S. Ct. 1115 (2014) overturned the Ninth Circuit's approach to "purposeful direction" that focused heavily on the defendant's knowledge of the plaintiff's residency and the plaintiff's foreseeable harm in the forum state. The Court explained that to exercise personal jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 1121. This "relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State," and the "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122 (emphasis in original).

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 9

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Thus, *Walden* forecloses any argument that CXO or Mr. Ragan are subject to specific jurisdiction simply if they had known that the Plaintiff River City Media, LLC ("RCM") resided in Washington – which they did not[2] – and published the CSO Online article. Indeed, even under the three-part "effects test," Plaintiffs could not establish specific jurisdiction. All three parts of the test must be satisfied, meaning that simply proving that one of the Plaintiffs (RCM) allegedly will feel the "effects" of statements made in the article on CSO Online is not sufficient. Instead, something more is required, namely an "intentional" act expressly aimed at the plaintiff in the forum state. *See Spacey v. Burgar*, 207 F. Supp. 2d 1037, 1046 (C.D. Cal. 2001) (no personal jurisdiction based on website that misappropriated actor's name as part of its domain name when website was aimed at fans "all over the world" and was not specifically aimed at California); *Schwarzenegger*, 374 F.3d at 807 (holding that, even though defendant knew plaintiff lived in California, "express aiming" requirement not satisfied by defendant's unauthorized use of plaintiff's image in advertisement published in Ohio).

Here, CXO and Mr. Ragan did not "purposefully direct" any activities toward Washington. The article authored by Mr. Ragan – which is the only act actually tied to CXO and Mr. Ragan – is not "expressly aimed" at Washington. Neither CXO nor

[2] *See* Bloom Decl. ¶ 7; Ragan Decl. ¶ 6.

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 10

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Mr. Ragan knew that one of the Plaintiffs (RCM) claims to have its principal place of business in Washington. *See* Bloom Decl. ¶ 7; Ragan Decl. ¶ 6. Further, neither CXO nor Mr. Ragan in any way assisted, contributed to, facilitated, or otherwise aided and abetted Vickery or any other Defendant in obtaining any materials (electronic or otherwise) from Plaintiffs. Bloom Decl. ¶ 5; Ragan Decl. ¶ 5. Moreover, none of the other Defendants have ever acted as CXO's or Mr. Ragan's agent. Bloom Decl. ¶ 4; Ragan Decl. ¶ 4. CXO and Mr. Ragan have not "purposefully directed" any activities toward Washington.

**(ii) Plaintiffs' Claims Do Not "Arise Out of Forum-Related Activities."**

As noted, neither CXO nor Mr. Ragan has ever assisted, contributed to, facilitated, or otherwise aided and abetted Vickery or any other Defendant in obtaining any materials (electronic or otherwise) from Plaintiffs. Bloom Decl. ¶ 5; Ragan Decl. ¶ 5. Additionally, the article on CSO Online was not about Washington,[3] none of the other Defendants have ever acted as CXO's or Mr. Ragan's agent, nor has CXO or Mr. Ragan approved of the allegedly unlawful acts of the other Defendants. Bloom Decl. ¶¶ 4-5; Ragan Decl. ¶¶ 4-5.

---

[3] *See* http://www.csoonline.com/article/3176433/security/spammers-expose-their-entire-operation-through-bad-backups.html (last visited Apr. 7, 2017).

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 11

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Thus, there are no "forum-related activities" from which Plaintiff's claims could possibly arise.

**(iii) The Exercise of Personal Jurisdiction Would Not Be "Reasonable."**

Finally, the exercise of personal jurisdiction would not be "reasonable." *See Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851 (9th Cir. 1993) (noting reasonableness requirement applies to both the "general jurisdiction analysis" and the specific jurisdiction analysis); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (applying requirement in the context of specific jurisdiction). In evaluating reasonableness, courts balance seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendants of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Amoco Egypt Oil Co.*, 1 F.3d at 851. Here, the extent of CXO's and Mr. Ragan's purposeful interjection into Washington is nonexistent, given that neither CXO nor Mr. Ragan ever assisted, contributed to, facilitated, or in any other way aided or abetted Vickery or any of the Other Defendants with any of the alleged actions claimed in

CXO MEDIA, INC.'S AND STEVE RAGAN'S
NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 12

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Plaintiffs' Complaint in this matter. *See* Bloom Decl. ¶¶ 5, 7; Ragan Decl. ¶¶ 4-5. Additionally, the burden on CXO and Mr. Ragan in defending in Washington would be significant. *See* Bloom Decl. ¶ 8; Ragan Decl. ¶ 7. CXO is a Massachusetts corporation having its principal place of business in Massachusetts, and Mr. Ragan resides and works in Indiana. *See* Bloom Decl. ¶¶ 2, 8; Ragan Decl. ¶ 7. Further, because CXO's representatives will rely upon documents located primarily in Massachusetts (*see* Bloom Decl. ¶ 8), there would be significant efficiencies in litigating this dispute in Massachusetts, which is an available alternative forum. Finally, Washington has no unique interest in adjudicating the dispute as many of the claims are based on federal, not state, law. And, even as to the state law claims, Plaintiffs do not even specify the state under whose laws the claims are brought. *See, e.g.*, Complaint, ¶¶ 118-58. The state law claims are generic and are recognized in most U.S. jurisdictions.

**C. CXO and Mr. Ragan Are Entitled to Their Attorney's Fees.**

"Under [RCW § 4.28.185(5)], courts are allowed to award attorney's fees to defendants who—after being hailed into court under the long-arm statute—prevail on a 12(b)(2) motion to dismiss." *Hunter v. Ferebauer*, 980 F. Supp. 2d 1251, 1259 (E.D. Wash. 2013) (citation omitted). Section 4.28.185(5) provides:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 13

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

> taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

RCW § 4.28.185(5). One of the enumerated causes of action is "[t]he commission of a tortious act within this state . . . ." *Id.* § 4.28.185(1)(b). Since Plaintiffs have asserted tort claims against CXO and Mr. Ragan, and since CXO and Mr. Ragan should prevail on their Rule 12(b)(2) motion, the Court should award CXO and Mr. Ragan their reasonable attorney's fees.

**2. The Court Should Dismiss the Complaint for Failure to State a Claim.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, the court need not accept as true conclusory legal allegations cast in the form of factual allegations. *See, e.g., Moss v. United States Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly* ). "A claim has 'facial plausibility' when the party seeking relief "pleads factual content that allows the court to

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 14

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kanam v. Dep't of Nat. Res.*, No. C16-5702-RBL, 2016 WL 4611544, at *1 (W.D. Wash. Sept. 6, 2016) (citation omitted) (unpublished).

### A. Plaintiffs Fail to State a Claim under the CFAA, SCA, or ECPA.

Plaintiffs fail to state a claim under either the Computer Fraud and Abuse Act ("CFAA") (Count 1), the Stored Communications Act ("SCA") (Count 2), or the Electronic Communications Privacy Act ("ECPA") (Count 3). To state an ECPA claim, Plaintiffs must allege that CXO and Mr. Ragan either (1) intentionally accessed without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeded an authorization to access that facility. *See* 18 U.S.C. §§ 2701(a), 2707(a).[4] Similarly, the CFAA requires that the defendant undertake some action to intentionally access a computer without authorization. *See* 18 U.S.C. § 1030(a)(2)(C), 1030(a)(5)(B) & (C).

A plaintiff that relies on an agency theory must plead specific facts supporting the agency relationship; conclusory allegations regarding agency will not suffice. *See, e.g.,*

---

[4] It is unclear whether Plaintiffs also attempt to assert a claim under 18 U.S.C. § 2520. Even if they did, at least some action by CXO and Mr. Ragan would be required. *See id.* §§ 2520(a), 2511.

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 15

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

*Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1156 (E.D. Cal. 2010) (dismissing claim where plaintiff failed to allege any facts suggesting an agency relationship); *Sandry v. First Franklin Fin. Corp.*, No. 1:10-cv-01923-OWW-SKO, 2011 WL 202285, at *3 (E.D. Cal. Jan. 20, 2011) (dismissing claim where allegations were directed to another and conclusory allegations of agency were insufficient); *Menashe v. Bank of N.Y.*, 850 F. Supp. 2d 1120, 1136 (D. Haw. 2012) (dismissing claim where plaintiff "pled no facts whatsoever plausibly suggesting that any type of agency relationship existed between Approved and Countrywide, whether based on actual or apparent authority."); *Taste Trackers, Inc. v. UTI Transp. Sols., Inc.*, No. 13-23377-CIV, 2014 WL 129309, at *2 (S.D. Fla. Jan. 14, 2014) (dismissing complaint "for failure to adequately allege agency" noting that Plaintiff failed to allege aspects of agency such as control, which was critical element of agency under applicable law).

Here, Plaintiffs do not allege any specific actions violating the CFAA, SCA, or ECPA whatsoever by CXO and Mr. Ragan, such as intentionally accessing without authorization a facility through which an electronic communication service is provided, intentionally exceeding an authorization to access a facility, or intentionally accessing a computer without authorization. Instead, Plaintiffs simply allege that Vickery undertook the actions but did so with the "knowledge, approval and/or ratification of . . . the remaining defendants." Complaint ¶¶ 89, 97, 115. Plaintiffs also allege in conclusory

CXO MEDIA, INC.'S AND STEVE RAGAN'S
NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 16

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

fashion that each of the Defendants was the agent of the other Defendants. *See id.* ¶ 25. Additionally, the claim fails because CXO and Ragan are journalists who were simply publishing information they received but had not participated in obtaining it. *See Bartnicki v. Vopper*, 532 U.S. 514, 535 (2001).

The Complaint also fails to allege any facts supporting an agency relationship between Vickery and either CXO or Mr. Ragan (or between any of the other Defendants and CXO or Mr. Ragan). Plaintiffs allege no facts whatsoever relating to approval, ratification, or knowledge of Vickery's acts by CXO or Mr. Ragan. Accordingly, the Court should dismiss Plaintiffs' claims against CXO and Mr. Ragan.

**B. Plaintiffs Fail to State a Claim for Violations of the Defend Trade Secrets Act.**

Plaintiffs do not allege an act of acquisition or disclosure by CXO or Mr. Ragan, which are required elements of the claim. *See* 18 U.S.C. § 1839(5). Plaintiffs do not allege that the alleged trade secret "is related to a product or service used in, or intended for use in, interstate or foreign commerce," which is also an element of a claim under the DTSA. 18 U.S.C. § 1836(b)(1). Nor do Plaintiffs even identify what the trade secret concerned. And, as discussed above, Plaintiffs' allegations regarding agency, ratification, approval, and knowledge are insufficient and mere legal conclusions. Accordingly, the Court should dismiss Plaintiffs' DTSA claim (Count 3).

CXO MEDIA, INC.'S AND STEVE RAGAN'S
NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 17

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

**C. Plaintiffs Fail to State a Claim for Invasion of Privacy, Intentional Infliction of Emotional Distress, and Defamation.**

Plaintiffs also fail to state a claim for invasion of privacy (Count 5), intentional infliction of emotional distress (Count 9), and defamation (Count 10). Each of these claims requires some actionable conduct on behalf of each Defendant. *See Reid v. Pierce Cty.*, 961 P.2d 333, 338 (Wash. 1998) (discussing invasion of privacy); *Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1118-20 (W.D. Wash. 2011) (intentional infliction of emotional distress and defamation). Plaintiffs allege no conduct on behalf of CXO and Mr. Ragan that was "extreme or outrageous," a required element for a claim for intentional infliction of emotional distress. *Phillips*, 822 F. Supp. 2d at 1119. As to invasion of privacy, Plaintiffs do not and cannot allege any facts regarding any participation by CXO or Mr. Ragan in the alleged intrusion into Plaintiffs' private affairs. Further, as discussed at length above, Plaintiffs' allegations regarding agency, ratification, approval, and knowledge are insufficient.

As for defamation, Plaintiffs complain of three statements from the article on CSO Online (which is the only article in the Complaint that Plaintiffs allege that CXO and Mr. Ragan published). *See* Complaint (ECF No. 1) at ¶ 73. In one portion of a statement relied upon by Plaintiffs, the CSO Online article is alleged to have stated that RCM "exploit[ed] a number of providers in order to inbox offers." Courts have held statements

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 18

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

similar to "exploit," such as "ripped off" or "took on a ride," to be nonactionable opinions. *See, e.g., Paterson v. Little, Brown & Co.*, 502 F. Supp. 2d 1124 (W.D. Wash. 2007) (holding author's statements that computer programmer "*ripped off*" or "[*took*] *a ride on*" another operating system, was mere opinion). The word "exploit" is imprecise hyperbole incapable of defamatory meaning, and Mr. Ragan fully disclosed the basis for the statement in the article. In another of the three alleged defamatory statements, which Plaintiffs conveniently chopped from different portions of the article, Mr. Mike Anderson is quoted as saying "[n]obody would knowingly give their email address to spammers, so they have to be tricked into it," which is purely nonactionable opinion regarding what Mr. Anderson apparently thought about people knowingly giving their address to spammers. In a later portion of the article, Plaintiffs' complain about a quote from Mr. Anderson that "the original contract for handing over the address is never fulfilled, since it turns out to be impossible to redeem the 'free gift' or only with extreme difficulty." Plaintiffs do not allege that a reader would understand this to be referring to Plaintiffs not allowing for the redemption of a free gift (or allowing it only with extreme difficulty). The final of the three alleged statements that Plaintiffs complain about involves an allegation that Vickery is quoted as saying "Once we concluded that this was indeed related to a criminal operation…" Plaintiffs' complaint depends wholly on what

CXO MEDIA, INC.'S AND STEVE RAGAN'S
NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 19

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

the reader understands the word "this" to mean. Plaintiffs do not allege that the "this" would be understood by the reader to mean Plaintiffs' operation.

As to Plaintiffs' complaint that the article on CSO Online links to the separate Vickery Article (*see* Complaint (ECF No. 1) ¶ 74), this allegation also fails to state a claim because merely publishing a hyperlink to an allegedly defamatory website does not constitute republication as a matter of law. *See Life Designs Ranch, Inc. v. Sommer*, 364 P.3d 129, 138 (2015), *review denied*, 185 Wash. 2d 1022, 369 P.3d 500 (Wash. App. 2016) (holding that publishing a hyperlink to another allegedly defamatory website did not constitute a republication of content). Accordingly, Plaintiffs fail to state a claim against CXO or Mr. Ragan for defamation, intentional infliction of emotional distress, or invasion of privacy.

**D. Plaintiffs Fail to State a Claim for Intentional Interference with Contractual Relationships or Business Expectancy.**

Intentional interference with contractual relationships and business expectancies both require affirmative conduct constituting interference on the part of the defendant. *See Leingang v. Pierce Cty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997) (requires "intentional *interference*") (emphasis added). Plaintiffs say that "Defendant<u>s</u> intentionally interfered" (emphasis added), but Plaintiffs do not describe any conduct by CXO or Mr. Ragan, let alone conduct constituting interference. Plaintiffs also do not and cannot

CXO MEDIA, INC.'S AND STEVE RAGAN'S
NOTICE, MOTION AND MEMORANDUM TO
DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
PAGE 20

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

allege any factual specifics regarding CXO's or Mr. Ragan's knowledge of Plaintiffs' alleged contracts or expectancies. Barebones recitation of the elements of a claim without any factual recitation of CXO's or Mr. Ragan's conduct (or knowledge of contracts or expectancies) is insufficient. Further, as discussed at length above, Plaintiffs' allegations regarding agency, ratification, approval, and knowledge are insufficient.

**E. Plaintiffs Fail to State a Claim for Conversion.**

"[C]onversion is the unjustified, willful interference with a chattel that deprives a person entitled to the property of possession." *Repin v. State*, --- P.3d ----, No. 34049-0-III, 2017 WL 1063482, at *13 (Wash. App. Mar. 21, 2017). Plaintiffs do not allege that CXO or Mr. Ragan interfered with any of Plaintiffs' chattel, whether tangible or intangible. Additionally, Plaintiffs' conclusory allegations regarding agency, ratification, approval, and knowledge are insufficient. Accordingly, Plaintiffs fail to state a claim for conversion (Count 8).

**Conclusion and Prayer**

Defendants CXO Media, Inc. and Steve Ragan respectfully request that the Court dismiss Plaintiffs' Complaint against them for lack of personal jurisdiction, grant CXO and Mr. Ragan their reasonable attorney's fees, or alternatively dismiss Plaintiffs' Complaint for failure to state a claim, and grant CXO and Mr. Ragan such other relief as to which it may be justly entitled.

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 21

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

DATED this 14th day of April, 2017.

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS
Attorney for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: kjc@winstoncashatt.com

Charles L. Babcock IV (*pro hac vice application to be filed*)
cbabcock@jw.com
Texas Bar No. 01479500
William J. Stowe (*pro hac vice application to be filed*)
wstowe@jw.com
Texas Bar No. 24075124
JACKSON WALKER L.L.P.
1401 McKinney Street
Suite 1900
Houston, Texas 77010
(713) 752-4360 (telephone)
(713) 308-4116 (facsimile)

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 22

Winston & Cashatt

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131



I hereby certify that on April 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Keith P. Scully
keith@newmanlaw.com

Jason E. Bernstein
jake@newmanlaw.com

Attorney for Plaintiffs

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS
Attorney for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: kjc@winstoncashatt.com

CXO MEDIA, INC.'S AND STEVE RAGAN'S NOTICE, MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PAGE 23
18131932v.6

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131