COOLEY LLP
MATTHEW D. BROWN (Cal. Bar No. 196972)
(brownmd@cooley.com) (*pro hac vice*)
AMY M. SMITH (Cal. Bar No. 287813)
(amsmith@cooley.com) (*pro hac vice*)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

CHRISTOPHER B. DURBIN (WSBA No. 41159)
(cdurbin@cooley.com)
1700 Seventh Avenue
Suite 1900
Seattle, WA 98101-1355
Telephone: (206) 452-8700
Facsimile: (206) 452-8800

Attorneys for Defendant
KROMTECH ALLIANCE CORPORATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, a Wyoming limited liability company, MARK FERRIS, an individual, MATT FERRIS, an individual, and AMBER PAUL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KROMTECH ALLIANCE CORPORATION, a German corporation, CHRIS VICKERY, an individual, CXO MEDIA, INC., a Massachusetts corporation, INTERNATIONAL DATA GROUP, a Massachusetts corporation, and STEVE RAGAN, an individual, and DOES 1-50,<br><br>Defendants. | Case No. 2:17-cv-00105-SAB<br><br>**DEFENDANT KROMTECH ALLIANCE CORPORATION'S MOTION TO DISMISS PLAINTIFFS' CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**FED. R. CIV. P. 8(a), 12(b)(2), 12(b)(6)**<br><br>Date: August 16, 2017<br>Time: 1:30 p.m.<br>Courtroom: 203<br>Judge: The Hon. Stanley A. Bastian<br>Trial Date: Not yet set |

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION...................................................................................1

II.   FACTUAL BACKGROUND ...............................................................2

    A.    Defendants Kromtech and Chris Vickery ...............................2

    B.    Plaintiffs' Allegations .............................................................3

III.  LEGAL STANDARDS.........................................................................4

IV.   THE COURT LACKS PERSONAL JURISDICTION OVER KROMTECH..........................................................................................5

    A.    The Court Lacks General Jurisdiction Over Kromtech. ......5

    B.    The Court Lacks Specific Jurisdiction Over Kromtech........5

        1.    Kromtech did not direct any conduct toward Washington........6

        2.    Plaintiffs' claims do not arise out of Kromtech's forum-related activities ...............9

        3.    Exercising jurisdiction over Kromtech is unreasonable...........10

V.    PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST KROMTECH........................................................................................11

    A.    Plaintiffs' Computer Fraud and Abuse Act ("CFAA") Claim Fails. ...........................................................................11

    B.    Plaintiffs' Stored Communications Act ("SCA") Claim Fails. ..........12

    C.    Plaintiffs' Defend Trade Secrets Act Claim Fails. ..............14

    D.    Plaintiffs' Electronic Communications Privacy Act ("Wiretap Act") Claim Fails. ..............................................15

    E.    Plaintiffs' Invasion of Privacy Claim Fails..........................15

    F.    Plaintiffs' Claims for Intentional Interference with Contractual Relations and Business Expectancy Fail. ...........16

    G.    Plaintiffs' Conversion Claim Fails.......................................17

    H.    Plaintiffs' Intentional Infliction of Emotional Distress Claim Fails. ...........................................................................17

    I.    Plaintiffs' Defamation Claim Fails. .....................................18

VI.   CONCLUSION ...................................................................................20

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 1

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

# TABLE OF AUTHORITIES

**Page**

## Cases

*Alhadeff v. Meridian on Bainbridge Island, LLC,*
167 Wash. 2d 601 (2009) ................................................... 17

*Amoco Egypt Oil Co. v. Leonis Navigation Co.,*
1 F.3d 848 (9th Cir. 1993) ................................................ 10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ....................................................... 5

*Avago Techs. United States Inc. v. NanoPrecision Prods.,*
No. 16-cv-03737-JCS, 2017 U.S. Dist. LEXIS 13484 (N.D. Cal.
Jan. 31, 2017) ............................................................. 14

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ....................................................... 5

*Birklid v. Boeing Co.,*
127 Wash. 2d 853 (1995) ................................................. 18

*Butera & Andrews v. IBM Corp.,*
456 F. Supp. 2d 104 (D.D.C. 2006) ...................................... 11

*Calbom v. Knudtzon,*
65 Wash. 2d 157 (1964) .................................................. 16

*Calder v. Jones,*
465 U.S. 783 (1984) ....................................................... 5

*Calence, LLC v. Dimension Data Holdings,*
No. C06-0262RSM, 2007 U.S. Dist. LEXIS 38043 (W.D. Wash.
May 24, 2007) ............................................................. 11

*Carafano v. Metrosplash.com, Inc.,*
339 F.3d 1119 (9th Cir. 2003) ........................................... 18

*Castaneda v. Saxon Mortg. Servs.,*
No. Civ. 2:09-01124 WBS DAD, 2010 U.S. Dist. LEXIS 17235
(E.D. Cal. Feb. 26, 2010) .................................................. 8

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - II

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

*Cave Consulting Grp. v. Truven Health Analytics, Inc.*,
No. 15-cv-02177-SI, 2017 U.S. Dist. LEXIS 62109 (N.D. Cal. Apr.
24, 2017) ................................................................................................. 14

*Chan v. Society Expeditions Inc.*,
39 F.3d 1398 (9th Cir. 1994) ................................................................... 4

*Commodore v. Univ. Mech. Contractors, Inc.*,
120 Wash. 2d 120 (1992) ....................................................................... 16

*In re Consol. Meridian Funds*,
485 B.R. 604 (Bankr. W.D. Wash. 2013) ................................................ 8

*Crowley v. CyberSource*,
166 F. Supp. 2d 1263 (2001) .................................................................. 15

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014) ............................................................................... 5

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
557 F.2d 1280 (9th Cir. 1996) ................................................................. 5

*Davenport v. Wash. Educ. Ass'n*,
147 Wash. App. 704 (2008) .................................................................... 17

*Dole Food Co. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) ................................................................. 6

*Emeson v. Dep't of Corrs.*,
194 Wash. App. 617 (2016) .................................................................... 16

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
521 F.3d 1157 (2008) .............................................................................. 19

*Fed. Deposit Ins. Corp. v. British-American Ins. Co., Ltd.*,
828 F.2d 1439 (9th Cir. 1987) ................................................................. 5

*Figi Graphics, Inc. v. Dollar Gen. Corp.*,
33 F. Supp. 2d 1263 (S.D. Cal. 1998) ..................................................... 7

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - III

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

*Fisher v. State ex rel. Dep't of Health*,
125 Wash. App. 869 (2005) ............................................................... 15

*Garcia v. City of Lardeo, Tx.*,
702 F.3d 788 (2012) ......................................................................... 13

*Gentry v. eBay, Inc.*,
99 Cal. App. 4th 816 (2002) ............................................................. 18

*Goodyear v. Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ........................................................................... 4

*Int'l Shoe Co. v. Wash.*,
326 U.S. 310 (1945) ........................................................................... 4

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040 (C.D. Cal. 2012) ............................................ 13

*Kloepfel v. Bokor*,
149 Wash. 2d 192 (2003) ........................................................... 17, 18

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ...................................................... 12, 15

*Mohamed v. Uber Techs., Inc.*,
836 F.3d 1102 (9th Cir. 2016) ....................................................... 7, 8

*In re Nickelodeon Consumer Privacy Litig.*,
MDL No. 2443 (SRC), 2014 U.S. Dist. LEXIS 91286 (D. N.J. July
2, 2014) ............................................................................................. 13

*Payne v. Office of the Comm'r of Baseball*,
No. 15-CV-03229-YGR, 2016 WL 1394369 (N.D. Cal. Apr. 8,
2016) ................................................................................................... 9

*Scheier v. City of Snohomish*,
No. C07-1925-JCC, 2008 WL 4812336 (W.D. Wash. Nov. 4, 2008) ............... 16

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .................................................... 4, 6, 10

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - IV

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

*Shute v. Carnival Cruise Lines*,
    113 Wash. 2d 763 (1989) ................................................................. 4

*Terracom v. Valley Nat'l Bank*,
    49 F.3d 555 (9th Cir. 1995) ........................................................... 9

*Theofel v. Farey-Jones*,
    359 F.3d 1066, 1075 (2004) ......................................................... 13

*Thompson v. Ross*,
    No. 2:10-cv-479, 2010 U.S. Dist. LEXIS 103507 (W.D. Pa. Sept.
    30, 2010) ...................................................................................... 13

*United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades
Dep't*,
    911 F. Supp. 2d 1118 (E.D. Wash. 2012) ...................................... 7

*Universal Commcn'n Sys., Inc. v. Lycos, Inc.*,
    478 F.3d 413 (1st Cir. 2007) ....................................................... 19

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ................................................................. 6

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) ...................................................... 7

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ..................................................................... 4

**Statutes**

18 U.S.C.
    § 1030 ........................................................................................ 11
    § 1836(b)(1) ............................................................................... 14
    § 1839 ........................................................................................ 14
    § 2510 ................................................................................... 13, 14
    § 2701(a) .............................................................................. 12, 13

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - v

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

Page

47 U.S.C.

   § 230 ................................................................................................ 18, 19

**Other Authorities**

Federal Rules of Civil Procedure

   4(k)(1) ............................................................................................................. 4

   8(a) ............................................................................................................ 1, 5

   12(b)(2) ........................................................................................................... 2

   12(b)(6) ............................................................................................ 2, 5, 11

Restatement (Third) of Agency § 1.01 (2006) ........................................... 8

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - vi

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

## NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLAIMS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 16, 2017, at 1:30 p.m., or as soon thereafter as this motion may be heard in this Court, located at the William O. Douglas United States Courthouse, 25 South 3rd St, Yakima, WA 98907, in Courtroom 203, defendant Kromtech Alliance Corporation ("Kromtech") will move to dismiss the Complaint ("Complaint") filed by plaintiffs River City Media, LLC, Mark Ferris, Matt Ferris and Amber Paul ("Plaintiffs"). This Motion is made pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(2) and 12(b)(6) and is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Sergii Sosniak, all papers on file, and upon such other matters that may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs are trying to hale Kromtech into a court without jurisdiction to answer for the alleged wrongful acts of third parties. Plaintiffs allege that Defendant Chris Vickery hacked their computer systems, stole stored data, made unauthorized purchases with Plaintiffs' funds, and subsequently published defamatory statements exposing Plaintiffs' alleged spamming operation. Plaintiffs never allege that Kromtech itself accessed their systems or authored any defamatory statements. Instead, they rely on vague and conclusory allegations that Kromtech and the other Defendants aided and abetted Vickery and acted as each other's agents. But Vickery never was an employee or agent of Kromtech. In fact, Kromtech retained Vickery as an independent contractor for two very narrow purposes: (1) to consult on Kromtech's own network security, and (2) to supply two articles each month to be published on the data security blog hosted on Kromtech's MacKeeper.com website. Plaintiffs never allege that Kromtech directed any defendant to hack Plaintiffs' systems, or that Kromtech exercised any

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 1

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

control over the research Vickery and Defendant Steve Ragan conducted, or the content of the articles they published about Plaintiffs' alleged spamming operation. Vickery had full autonomy over his research and exclusive creative and editorial control over the content of his blog posts.

As a result, there is no basis for the Court to exercise personal jurisdiction over Kromtech. Kromtech is a foreign corporation with a foreign principal place of business, it has no offices, employees, assets or agent for service of process in Washington, and it was not involved in the actions that give rise to Plaintiffs' claims. Requiring Kromtech to defend against this action in Washington would be burdensome and unreasonable, and does not comport with due process. Kromtech respectfully requests that this Court enter an order dismissing it from this action pursuant to Rule 12(b)(2). Alternatively, the Court should dismiss this action under Rule 12(b)(6) because the Complaint fails to allege that Kromtech performed, directed or approved the actions that gave rise to Plaintiffs' claims.

## II. FACTUAL BACKGROUND

### A. Defendants Kromtech and Chris Vickery

Kromtech is a British Virgin Islands corporation with its principal place of business in Dubai, United Arab Emirates. (¶ 21[1]; Declaration of Sergii Sosniak ¶ 2.) Kromtech develops security, maintenance, and optimization software applications for Mac computers, including the MacKeeper product, and sells those applications over the Internet. (¶ 29; Sosniak Decl. ¶ 3.) Kromtech also hosts the "Security Watch with Chris Vickery" blog on its MacKeeper.com website, which reports on data breaches and cybersecurity issues. (¶ 31; Sosniak Decl. ¶ 6.)

Kromtech does not have any offices in Washington, does not own or rent any property in Washington, and has no assets in Washington. (Sosniak Decl. ¶ 4.) None of Kromtech's directors, officers, or employees reside or work in

---

[1] All "¶ _" citations are to the Complaint, unless otherwise noted.

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 2

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

Washington, and Kromtech has no agent for service of process there. (*Id.*)

No business or corporate relationship is alleged, and none existed, between Kromtech and Defendants Ragan, CXO Media, Inc. or International Data Group ("IDG"). (*Id.* ¶ 6.) Vickery is not, and has never been, an employee of Kromtech. (*Id.*) In January 2016, Kromtech retained Vickery as an independent contractor to provide two services: (1) to advise Kromtech on network security, and (2) to provide two articles each month; one article on a data breach, the other on a general security topic. (*Id.* Ex. A.) Vickery published his articles on the "Security Watch with Chris Vickery" blog. (*Id.* ¶ 6.) He had full autonomy over how he conducted his research, and exclusive creative control over the content of his blog posts. (*Id.* ¶ 7.) Kromtech exercised no control over Vickery's research or the content of his articles, including the article that Plaintiffs allege contains defamatory statements: "Spammergate: The Fall of an Empire" (the "Vickery Article"). (*Id.*; *Id.* Ex. B.) Vickery ended his contract with Kromtech in April 2017. (*Id.* ¶ 7.)

## B. Plaintiffs' Allegations

Plaintiffs allege that Vickery accessed River City Media's computer network without authorization, collected confidential, proprietary, and sensitive data, intentionally used that data to make unauthorized purchases, and published defamatory statements about Plaintiffs in the Vickery Article, which was posted on the blog on the MacKeeper.com website. (¶¶ 38-76.) The Complaint also alleges that Ragan, a "Senior Staff Writer" of CXO Media (which is owned by IDG), incorporated information Vickery gathered in his article entitled "Spammers expose their entire operation through bad backup" (the "Ragan Article"), which was posted on CXO Media's website on March 6, 2017. (¶¶ 38, 39, 65-66, 71-74.)

However, the Complaint never alleges that *Kromtech* accessed River City Media's systems, obtained any of its data, made any unauthorized purchases, or authored any defamatory statements. Plaintiffs try to impute the other Defendants' alleged unlawful activities to Kromtech with the catch-all statement that "[e]ach

defendant aided and abetted the actions of the other defendants" and "[e]ach defendant was the agent of each of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other defendants." (¶ 25.) But beyond these allegations, Plaintiffs make no claim that Kromtech had any relationship with CXO Media, Ragan, or IDG. Nor can Plaintiffs establish any agency relationship between Kromtech and Vickery, because Kromtech never exercised any control over Vickery's actions or the contents of the Vickery Article.

## III. LEGAL STANDARDS

A federal court may exercise personal jurisdiction only over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(k)(1)(A). Where, as here, no federal statute governs personal jurisdiction, courts apply the law of the state in which the district court sits. Fed. R. Civ. P. 4(k)(1); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Washington's long-arm statute is coextensive with federal due process requirements. *Shute v. Carnival Cruise Lines*, 113 Wash. 2d 763, 771 (1989); *Chan v. Society Expeditions Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994). The exercise of personal jurisdiction over a nonresident defendant comports with due process only when the defendant has "minimum contacts" with the forum state, such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). This "minimum contacts" requirement "protects the defendant against the burdens of litigating in a distant or inconvenient forum." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). A court may assert either general or specific jurisdiction over a foreign corporation defendant, depending on the nature and extent of the defendant's contacts with the forum State. *Goodyear v. Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 918-19 (2011). Each defendant's contacts with the forum state "must be assessed

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 4

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

Plaintiffs bear the burden of proving that this Court has personal jurisdiction over Kromtech. *Fed. Deposit Ins. Corp. v. British-American Ins. Co., Ltd.*, 828 F.2d 1439, 1441 (9th Cir. 1987). Where facts contesting personal jurisdiction are supported by a declaration, a court "may not assume the truth of the allegations in a pleading which are contradicted" by the declaration. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1996).

Under Rules 8(a) and 12(b)(6), a complaint that fails to allege facts stating a "plausible" claim must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court should not accept "[t]hreadbare recitals of the elements of a cause of action," conclusory statements, unwarranted deductions of fact, or unreasonable inferences. *Id.* at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. THE COURT LACKS PERSONAL JURISDICTION OVER KROMTECH.

### A. The Court Lacks General Jurisdiction Over Kromtech.

Plaintiffs have not even attempted to meet, much less satisfied, their burden to establish general jurisdiction over Kromtech. A court may assert general jurisdiction over foreign corporations only "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (internal quotations omitted). A foreign corporation is "at home" in its place of incorporation and its principal place of business. *Id.* at 760. Plaintiffs allege that Kromtech is a German corporation, "headquartered in Dubai" and "maintains offices in New Orleans, Louisiana." (¶ 21.) Plaintiffs do not allege that Kromtech has any business operations, offices, employees or anything else that would make it "at home" in Washington.

### B. The Court Lacks Specific Jurisdiction Over Kromtech.

Plaintiffs also fail to establish that the Court may exercise specific jurisdiction over Kromtech in this case. "The inquiry whether a forum State may

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 5

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (internal quotation omitted). As a result, the "defendant's suit-related conduct must create a substantial connection with the forum State," and the "relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id*. at 1121-22 (internal quotation omitted) (emphasis in original). The court "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122.

Specific jurisdiction may be exercised only when (1) the nonresident defendant purposefully directed his conduct toward the forum state; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction comports with "fair play and substantial justice, i.e., it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. None of these requirements is satisfied here.

### 1. Kromtech did not direct any conduct toward Washington.

Plaintiffs fail to show that Kromtech "purposefully direct[ed]" any of the conduct alleged in the Complaint toward this forum. "Purposeful direction" requires that the nonresident defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) that caused harm that the defendant knew was likely to be suffered in the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). Plaintiffs do not allege that Kromtech itself accessed River City's systems, obtained any data, or made any unauthorized purchases. Instead, Plaintiffs try to tie Kromtech to Defendants' alleged actions through the conclusory allegation that the Defendants acted as each other's agents. (¶ 25.) This falls far short of adequately alleging any agency relationship, and therefore, as explained below, none of the Defendants' alleged acts can be imputed to Kromtech to show purposeful direction.

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 6

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

## a. *Defendants' acts cannot be imputed to Kromtech.*

Plaintiffs fail to establish any agency relationship between Kromtech and any other defendant, so the alleged actions of Vickery, Ragan, CXO Media, and IDG cannot be used to exercise jurisdiction over Kromtech. An agent-principal relationship must exist before an agent's contacts may be attributed to the principal for the purposes of establishing specific jurisdiction. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017). To establish an agency relationship, Plaintiffs must allege that "both the principal and the agent have manifested an assent that the principal has a right to control the agent." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't*, 911 F. Supp. 2d 1118, 1135 (E.D. Wash. 2012). "A critical factor" in determining whether an agency relationship exists is the "degree of control exercised by the principal over the agent." *Figi Graphics, Inc. v. Dollar Gen. Corp.*, 33 F. Supp. 2d 1263, 1266 (S.D. Cal. 1998). If the principal has no control over the day-to-day operations, and only has the right to dictate the end result, then an independent contractor relationship exists. *Id.* For example, in *Figi Graphics*, the court declined to exercise jurisdiction over defendant retail store where the complaint failed to allege specific facts demonstrating that the defendant had the right to control the day-to-day activities of its importer, the purported agent. *Id.* The defendant did not control how or where the importer found its products, and therefore did not have the "requisite degree of control" over the importer to establish an agency relationship. *Id.*; *see also Mohamed v. Uber Techs., Inc.*, 836 F.3d 1102, 1115 (9th Cir. 2016) (upholding dismissal where complaint failed to include specific allegations that Uber controlled individual defendant's activities).

Similarly here, Plaintiffs allege no facts establishing an agency relationship between Kromtech and any other defendant. Kromtech has no connection to Ragan, CXO Media, or IDG, and the Complaint fails to plead that Kromtech had any control over Vickery's day-to-day operations. *Cf. Williams*, 851 F.3d at 1023

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 7

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

(rejecting "conclusory" allegations that defendants were agents or employees of each other where plaintiff did not provide any factual assertions regarding degree of control exercised). Plaintiffs' bare allegation that Vickery "works as a 'security researcher' for MacKeeper.com, which is owned and operated by Defendant Kromtech," does not establish an agency relationship between Kromtech and Vickery. (¶ 20). The mere existence of a relationship in which one person provides services to another does not satisfy the definition of agency. RESTATEMENT (THIRD) OF AGENCY § 1.01 (2006). The Complaint fails to articulate the degree of control Kromtech exercised over Vickery's day-to-day activities, or whether Vickery's actions were taken within the scope of his relationship with Kromtech.[2] In fact, Kromtech had no right to control Vickery's actions or exercise any editorial control over the content of his blog posts. (Sosniak Decl. ¶ 7; *Id.* Ex. A.) Kromtech's complete lack of control over Vickery's actions precludes the existence of an agency relationship.[3]

---

[2] Courts routinely reject boilerplate agency allegations like Plaintiffs' claim that "[e]ach of the defendants was the agent of each of the other defendants" (¶ 25). *Mohamed*, 836 F.3d at 1115; *Castaneda v. Saxon Mortg. Servs.*, No. Civ. 2:09-01124 WBS DAD, 2010 U.S. Dist. LEXIS 17235, at *19 (E.D. Cal. Feb. 26, 2010).

[3] Plaintiffs' aiding and abetting theory also fails. (*See* ¶ 25.) Aiding and abetting requires (1) the existence of a violation by the primary wrongdoer; (2) knowledge of this violation by the aider and abettor; and (3) that the aider and abettor "substantially assisted" in the primary wrong. *In re Consol. Meridian Funds*, 485 B.R. 604, 616 (Bankr. W.D. Wash. 2013). Plaintiffs do not assert that Kromtech knew any defendant violated any laws, or that Kromtech assisted (let alone "substantially assisted") in the alleged primary violations.

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 8

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

**b.** *Publication of the Vickery Article does not establish Kromtech's "purposeful direction."*

Plaintiffs also fail to establish that publication of the Vickery Article on MacKeeper.com—the only act even potentially attributable to Kromtech—was an "intentional act" carried out by Kromtech, rather than Vickery. Plaintiffs concede that Vickery is the author of the Vickery Article, not Kromtech or any of its employees. (*See* ¶ 65.) Kromtech merely owns MacKeeper.com, which hosts a variety of pages about its products, in addition to the Security Research Center blog. (¶¶ 29, 31.) Vickery's blog postings were published in a section of the website specifically entitled, "Security Watch with Chris Vickery," a clear indication of his creative and editorial control over that content. (*See* Sosniak Decl. Ex. B.) Vickery had full autonomy over how he conducted his research, and exclusive creative and editorial control over the content of his blog posts. (Sosniak Decl. ¶ 7.) Kromtech had no control over his day-to-day activities or how he conducted the research for his articles. (*Id.*) Nor did Kromtech exercise any control over the content of Vickery's articles, including the Vickery Article at issue here. (*Id.*) Kromtech's only conceivable intentional act related to Plaintiffs' claims was its operation of the MacKeeper.com website, but Plaintiffs do not allege that the mere operation of MacKeeper.com was expressly aimed at Washington or caused harm that Kromtech knew was likely to be suffered in Washington.

**2.** **Plaintiffs' claims do not arise out of Kromtech's forum-related activities.**

Plaintiffs also fail to establish that their claims "arise out of" Kromtech's forum-related activities, such that Plaintiffs would not have suffered any injuries "but for" Kromtech's forum-related conduct. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). Plaintiffs do not allege that Kromtech accessed River City's systems, obtained any data, or made any unauthorized purchases. And Kromtech's ownership of MacKeeper.com does not establish that Kromtech

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 9

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

exercised any degree of control over any of the other defendants or the specific defamatory aspects of the articles that purportedly resulted in Plaintiffs' claims. *See Payne v. Office of the Comm'r of Baseball*, No. 15-CV-03229-YGR, 2016 WL 1394369, at *6 (N.D. Cal. Apr. 8, 2016) ("arising out of" element not satisfied where plaintiffs did not allege that defendants exerted control over specific acts that gave rise to plaintiffs' claims). Kromtech exercised no control over the other defendants, including Vickery's actions or the content of his blog postings. (Sosniak Decl. ¶¶ 6-7.) As a result, Plaintiffs have not shown that their alleged injuries would not have arisen "but for" Kromtech's forum-related conduct.

### 3. Exercising jurisdiction over Kromtech is unreasonable.

Even if Plaintiffs established the "purposeful direction" and "arising out of" elements (which they do not), exercising jurisdiction would be unreasonable here. *See Schwarzenegger*, 374 F.3d at 802 (burden shifts to defendant to show unreasonableness only if plaintiff succeeds in satisfying first two prongs). Kromtech is a foreign corporation with no offices, employees, property or other business presence in Washington, and it would be extremely onerous for Kromtech to defend this action here. (Sosniak Decl. ¶ 4.) This alone should have "significant weight" in assessing whether Kromtech should suffer the "unique burden" of being forced to defend this action in a foreign court. *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 (9th Cir. 1993) ("The *unique burdens* placed upon one who must defend oneself in a foreign legal system should have *significant weight* in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.") (emphasis added).

While the burden on Kromtech is great, Washington has little interest in this dispute. *See id.* The individual Plaintiffs are residents of Idaho, (¶¶ 17-19), and River City Media is a Wyoming limited liability company that is not even registered to do business in Washington. (¶ 16; Sosniak Decl. ¶ 5.) Plaintiffs plead no Washington state-law causes of action, and Plaintiffs' federal causes of action do

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 10

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

not implicate any Washington state interests.  (*See* ¶¶ 20, 22-23.)  For these reasons, the exercise of jurisdiction over Kromtech in Washington would not be "reasonable" and the Court should dismiss Kromtech from this action.

## V.  PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST KROMTECH.

The Complaint fails to allege that Kromtech itself unlawfully accessed River City's systems, obtained any data, made any unauthorized purchases, or authored any defamatory statements, and Plaintiffs' attempt to attribute the other Defendants' actions to Kromtech through an agency or aiding and abetting theory fails as discussed above (*see* Section IV.B.1.a.).  For these reasons, even if the Court were to exercise personal jurisdiction over Kromtech, the Court should dismiss Plaintiffs' claims against Kromtech under Rule 12(b)(6).

### A.  Plaintiffs' Computer Fraud and Abuse Act ("CFAA") Claim Fails.

Plaintiffs fail to identify which CFAA subsection(s) were allegedly violated, leaving Kromtech and the Court to guess whether they have adequately pleaded the elements of their claim.  Plaintiffs' CFAA claim must be dismissed for this reason alone.   Among its many provisions, the CFAA imposes civil liability on a defendant who "intentionally accesses" a computer "without authorization" and thereby "obtains . . . information" or "recklessly causes damage" or "causes damage and loss."  18 U.S.C. §§ 1030(a)(2)(C), (a)(5)(B), (a)(5)(C).  Plaintiffs do not allege that Kromtech itself "intentionally accessed" River City's systems, obtained any information, or caused any damage or loss.  All allegations of access, information gathering, and damage are isolated to Vickery's conduct, and Plaintiffs do not claim that Kromtech directed Vickery to take any of these allegedly unlawful actions.  Without such allegations, the Complaint must be dismissed.  *See Calence, LLC v. Dimension Data Holdings*, No. C06-0262RSM, 2007 U.S. Dist. LEXIS 38043, at *15-16 (W.D. Wash. May 24, 2007) (CFAA claim failed where there were no allegations that corporate defendants improperly accessed computerized information themselves, and plaintiff offered no evidence that corporate defendants

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 11

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

directed individual defendants to take any of alleged improper actions); *Butera & Andrews v. IBM Corp.*, 456 F. Supp. 2d 104, 110 (D.D.C. 2006) (dismissing CFAA claims against defendant IBM for alleged violations by "IBM employees or agents" because "[i]f the attacks were not authorized by IBM, there are no grounds whatsoever for bringing an action against IBM under [the CFAA, which] requires 'intentional' conduct on the part of the defendant"). Plaintiffs' rote repetition of boilerplate agency and aiding and abetting allegations, invoked for almost every cause of action, do not cure the deficiencies in their claim against Kromtech. (*See* ¶¶ 89, 97, 106, 115, 121, 139, 147.)

## B. Plaintiffs' Stored Communications Act ("SCA") Claim Fails.

Plaintiffs' SCA claim against Kromtech must be dismissed because Plaintiffs fail to allege that Kromtech itself intentionally accessed any electronic communications from electronic storage. Even the Complaint's allegations about Vickery's alleged actions—which cannot be attributed to Kromtech for the reasons identified in Section IV.B.1.a. above—fail to state an SCA claim.

The SCA makes it an offense to "intentionally access[] without authorization a facility through which an electronic communication service is provided . . . and thereby obtain[] . . . access to a wire or electronic communication while it is in electronic storage in such system." 18 U.S.C. § 2701(a)(1); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 879 (9th Cir. 2002). Plaintiffs allege that Vickery intentionally and without authorization "gained access" to "information stored on River City's private computer network," obtained "business records, including account credentials, client records, email lists, and other records containing sensitive business and personal information" and "used confidential account credentials" to make unauthorized payments through Plaintiffs' payment accounts. (¶¶ 93-95.) These allegations fail to establish the essential elements of an SCA claim, as explained below.

First, the SCA protects only *electronic communications*. Plaintiffs' laundry

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 12

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

list of "records" Vickery allegedly accessed ("account credentials, client records, email lists, and other records") does not include any electronic communications.

Second, the Complaint fails to allege that Vickery, let alone Kromtech, accessed "a facility through which an electronic communication service is provided." 18 U.S.C. § 2701(a)(1). Computers covered by the SCA "are not computers that *enable* the use of an electronic communication service, but instead are facilities that are *operated by* electronic communication service providers." *Garcia v. City of Lardeo, Tx.*, 702 F.3d 788, 792 (2012); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (C.D. Cal. 2012). The SCA therefore requires that communications were accessed "while those communications [were] stored on someone else's computer." *In re Nickelodeon Consumer Privacy Litig.*, MDL No. 2443 (SRC), 2014 U.S. Dist. LEXIS 91286, at *59 (D. N.J. July 2, 2014). Plaintiffs' claim fails because Vickery allegedly accessed information stored on River City Media's own computer network, not a third-party location.

Third, Plaintiffs fail to show that Vickery "obtain[ed], alter[ed], or prevent[ed] authorized access to a wire or electronic communication while it [was] in electronic storage in such system." 18 U.S.C. § 2701(a). The SCA defines "electronic storage" as "(a) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (b) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17); *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1058-59. Subsection (A) "applies only to messages in 'temporary, immediate storage,'" not to "messages not yet delivered to the intended recipient." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1075 (2004). The Complaint only alleges that the records were "stored" on River City's private computer system. (¶ 93.) And Subsection (B) applies only to "electronic communication services," which Plaintiffs are not. *See Thompson v. Ross*, No. 2:10-cv-479, 2010 U.S. Dist. LEXIS 103507, at *18-19 (W.D. Pa. Sept. 30, 2010).

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 13

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

Plaintiffs fail to allege not only that any *communications* were accessed from storage, but also that their network is the type of "temporary, immediate storage" for communications "not yet delivered to the intended recipient" covered by § 2510(17)(A).

### C. Plaintiffs' Defend Trade Secrets Act Claim Fails.

Plaintiffs also fail to allege even the most basic elements necessary for their trade-secrets claim against Kromtech. To do so, Plaintiffs must allege that (1) they are the "person[s] or entit[ies] in whom or in which rightful legal or equitable title to . . . the trade secret is reposed," (2) they took reasonable measures to keep such information secret, (3) the information derives independent economic value from not being generally known, (4) the trade secret is "related to a product or service used in, or intended for use in, interstate commerce," and (5) the trade secret was misappropriated. 18 U.S.C. §§ 1836(b)(1), 1839(3), 1839(5); *Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, No. 15-cv-02177-SI, 2017 U.S. Dist. LEXIS 62109, at *8-9 (N.D. Cal. Apr. 24, 2017).

Plaintiffs allege that "[w]ithout authorization or permission, Vickery obtained tens of thousands of confidential, proprietary, and sensitive business records, including account credentials, client records, email lists, and other records containing sensitive business and personal information, all of which constitute trade secrets used in interstate or foreign commerce[.]" (¶ 104.) But Plaintiffs do not assert that they took any reasonable measures to keep this information secret, that this information derived any economic value from being secret, or that they held "rightful legal or equitable title" to the information—all essential elements of this cause of action. 18 U.S.C. § 1836(b)(1). Although they claim that this information was "stored on River City's private computer network," Plaintiffs fail to allege that this stored information belonged to them, and not someone else. (¶ 103.) Finally, Plaintiffs do not allege that Kromtech knowingly acquired, disclosed, or used any trade secrets, either directly or through Vickery. 18 U.S.C. § 1839(5); *Avago*

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 14

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

*Techs. United States Inc. v. NanoPrecision Prods.,* No. 16-cv-03737-JCS, 2017 U.S. Dist. LEXIS 13484, at *26 (N.D. Cal. Jan. 31, 2017).

### D.    Plaintiffs' Electronic Communications Privacy Act ("Wiretap Act") Claim Fails.

Plaintiffs plead no elements for a Wiretap Act claim, repeating instead the stock phrases used for their deficient CFAA claim.  Plaintiffs must allege that Kromtech (1) "intentionally intercepted" (2) the "contents" of an "electronic communication" (3) using a "device."  *Konop,* 302 F.3d at 876. But Plaintiffs do not show that any defendant, let alone Kromtech, intentionally intercepted any communications.  The interception must occur during the "very short" period when an electronic communication "travels across the wires at the speed of light."  *Id.* at 879 & n.6. Here, however, Vickery allegedly obtained "business records, including account credentials, client records, email lists, and other records" that were "*stored*" on River City's computer network.  (¶¶ 112-113 (emphasis added).)   Plaintiffs fail to allege these records were communications, or that they were intercepted *while in transit*.  Nor do Plaintiffs allege that any defendant used a "device" covered by the Act.  The "device" used to intercept the communication must be separate from Plaintiffs' own "private computer network" (¶ 112), but that is the only device mentioned in the Complaint. *Crowley v. CyberSource,* 166 F. Supp. 2d 1263, 1269 (2001).

### E.    Plaintiffs' Invasion of Privacy Claim Fails.

There are two variations of the tort of invasion of privacy under Washington law: (1) invasion of privacy by intrusion, and (2) invasion of privacy by publication.  Plaintiffs fail to state a claim against Kromtech under either theory.

Invasion of privacy by intrusion requires "a *deliberate* intrusion, physical or otherwise, into a person's solitude, seclusion, or *private affairs*," and the intruder "must have acted deliberately to achieve the result, with the certain belief that the result would happen." *Fisher v. State ex rel. Dep't of Health,* 125 Wash. App. 869,

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 15

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

879 (2005) (emphasis added). Intent is an "essential element." *Id.* Similarly, invasion of privacy by publication requires the publication of the *private affairs* of another if the matter publicized would be highly offensive to a reasonable person and not of legitimate concern to the public. *See Emeson v. Dep't of Corrs.*, 194 Wash. App. 617, 638 (2016).

Plaintiffs do not claim that Kromtech itself ever accessed River City's systems, let alone that it did so intentionally, or that it directed Vickery to "intrude" into River City's computer systems. *See id.* at 640 (employee's allegedly unlawful internet posting could not be imputed to employer where post was made outside scope of her employment). Once again, the boilerplate allegation that Kromtech "kn[ew], approv[ed], and/or ratifi[ed]" Vickery's alleged actions is insufficient for the reasons discussed above. (¶ 121.) Further, the Complaint alleges that Vickery obtained "business records, including account credentials, client records, email lists, and other records containing personal information," but provides no allegations that this information concerned "the private lives of each Plaintiff." *See Scheier v. City of Snohomish*, No. C07-1925-JCC, 2008 WL 4812336, at *17 (W.D. Wash. Nov. 4, 2008) (dismissing invasion of privacy claim where intrusion was not into personal or private affairs).

### F. Plaintiffs' Claims for Intentional Interference with Contractual Relations and Business Expectancy Fail.

Intentional interference with contractual relations and business expectancy claims require the same elements, and Plaintiffs fail to plead either claim here. *See Calbom v. Knudtzon*, 65 Wash. 2d 157, 161-63 (1964). Plaintiffs assert that negative publicity from the Vickery and Ragan Articles caused River City "to lose contracts, suffer canceled leases, and lay off employees," and "River City's business partnerships have been destroyed." (¶ 67.) But the Complaint fails to identify what contracts were "lost," that the "lost" contracts were valid, or that Kromtech had knowledge of these alleged contracts or business relationships. *See*

*Commodore v. Univ. Mech. Contractors, Inc.*, 120 Wash. 2d 120, 137 (1992), amended (Nov. 18, 1992). The conclusory allegation that all "Defendants knew about these contractual relationships . . . [and] business expectancies" makes no sense when even Plaintiffs cannot articulate which valid contracts and business relationships were damaged. (¶¶ 128, 133.) Plaintiffs do not claim that Kromtech intentionally induced any breach of their contracts or intentionally caused the termination of any business relationship, or that it did so by improper means. Plaintiffs point to Vickery's "unlawful computer access" as the "improper means" of interference, but again, they fail to allege that *Kromtech* accessed its computer systems or directed Vickery to do so. (¶¶ 129, 134.)

### G.    Plaintiffs' Conversion Claim Fails.

Plaintiffs also fail to allege that Kromtech itself was involved, in any way, in the actions leading to their conversion claim. Conversion occurs when "a person intentionally interferes with chattel belonging to another, either by taking or unlawfully retaining it, thereby depriving the rightful owner of *possession*." *Alhadeff v. Meridian on Bainbridge Island, LLC*, 167 Wash. 2d 601, 619 (2009) (emphasis added). Plaintiffs do not claim that *Kromtech* took these documents and deprived Plaintiffs of possession. Further, Plaintiffs' PayPal funds that Vickery allegedly used can be considered chattel for a conversion claim only if Kromtech "wrongfully received the money or was under obligation to return the specific money to the party claiming it." *Davenport v. Wash. Educ. Ass'n*, 147 Wash. App. 704, 721-22 (2008) (internal quotations omitted). The Complaint does not allege that Kromtech received money from River City's PayPal account. Plaintiffs further fail to demonstrate any agency relationship between Kromtech and the other Defendants that could render Kromtech accountable for Defendants' actions.

### H.    Plaintiffs' Intentional Infliction of Emotional Distress Claim Fails.

The Complaint does not establish that Kromtech intentionally inflicted severe emotional distress upon Plaintiffs through extreme and outrageous conduct—the

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 17

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

exacting showing required for this tort under Washington law. *Kloepfel v. Bokor*, 149 Wash. 2d 192, 193 n.1, 195 (2003). Plaintiffs must allege that Kromtech's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Birklid v. Boeing Co.*, 127 Wash. 2d 853, 868 (1995). Plaintiffs allege that *Vickery's* "illegal hacking conduct is extreme and outrageous," (¶ 148), but they do not claim that *Kromtech* hacked River City's systems, obtained any documents, or directed Vickery to do so.

Further, Plaintiffs fail to state any facts about *Kromtech's* intent to inflict emotional distress. Plaintiff Amber Paul allegedly resigned as the CEO of a separate, unrelated company at the request of that company's shareholders due to Vickery and Ragan's allegedly defamatory statements, and this caused Paul "emotional distress." (¶ 68.) But Plaintiffs do not allege that Kromtech intended to inflict distress through Vickery or Ragan's statements. Nor do they claim that Paul was peculiarly susceptible to emotional distress, or that Kromtech knew that she were susceptible, as required for this tort. *Kloepfel*, 149 Wash. 2d at 193 n.1, 195.

## I.    Plaintiffs' Defamation Claim Fails.

Finally, Plaintiffs fail to allege that Kromtech was involved in any way with the Ragan Article, and Kromtech is not liable for any alleged defamatory statements in the Vickery Article because it is entitled to immunity under the federal Communications Decency Act ("CDA"), 47 U.S.C. § 230(c). Section 230(c) provides "broad immunity" to online services that publish content "provided primarily by third parties" and preempts state laws that interfere with this immunity. *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003). A defendant is entitled to immunity under CDA § 230(c) if (1) it is a provider or user of an "interactive computer service," (2) the plaintiff's claim treats it as a publisher or speaker of information, and (3) that information is provided or

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 18

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

developed by another "information content provider." *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 830 (2002); 47 U.S.C. § 230(c). All three requirements are met here.

The first prong is satisfied because Kromtech owns and operates the website MacKeeper.com (¶ 20), and Vickery "maintained a MacKeeper.com Security Research Center and blog" on that website (¶ 31). As the operator of a website, Kromtech is a provider of an "interactive computer service," which is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server[.]" 47 U.S.C. § 230(f)(2); *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 n.6 (2008); *Universal Commcn'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 419 (1st Cir. 2007) ("[W]eb site operators . . . are providers of interactive computer services" because "[a] web site . . . enables computer access by multiple users to a computer server, namely, the server that hosts the website.").

The second prong is also met because Plaintiffs allege that Kromtech is one of the publishers of the Vickery Article. (¶¶ 6, 20, 21, 31, 60, 65(a), 153.)

Finally, the third prong is satisfied because Vickery, another "information content provider," wrote the allegedly defamatory statements, not Kromtech. (¶¶ 6, 65(a), 71, 72.) An "information content provider" is "responsible, in whole or in part, for the creation or development of information provided through the Internet." 47 U.S.C. § 230(f)(3).) Plaintiffs do not allege that Kromtech was responsible for, or involved in, the creation or development of the Vickery Article. Nor can they, because Kromtech exercised no control over Vickery's research or the content of the article.

///

///

///

///

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 19

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

# VI. CONCLUSION

There is no basis for the Court to exercise personal jurisdiction over Kromtech in this case, but even if there were, Plaintiffs fail to state a claim against Kromtech for which relief could be granted. For these independent and alternative reasons, Kromtech respectfully requests that the Court grant its motion and dismiss Plaintiffs' claims against Kromtech.

Dated:   June 1, 2017                                   Respectfully submitted,

                                                        /s/ Christopher B. Durbin
                                                        Christopher B. Durbin (WSBA No. 41159)
                                                        Matthew D. Brown (Cal. Bar No. 196972) (*pro hac vice*)
                                                        Amy M. Smith (Cal. Bar No. 287813) (*pro hac vice*)
                                                        Cooley LLP

                                                        Attorneys for Defendant KROMTECH ALLIANCE CORPORATION

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 20

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700

## DECLARATION OF SERVICE

I hereby certify that on June 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Leeor Neta<br>leeor@newmanlaw.com | Attorneys for Plaintiffs |
| Keith P. Scully<br>keith@newmanlaw.com | Attorney for Plaintiffs |
| Jason E. Bernstein<br>jake@newmanlaw.com | Attorney for Plaintiffs |
| Charles L. Babcock<br>cbabcock@jw.com | Attorneys for Defendants<br>International Data Group, Inc.,<br>CXO Media, Inc. and Steve Ragan |
| William J. Stowe<br>wstowe@jw.com | Attorneys for Defendants<br>International Data Group, Inc.,<br>CXO Media, Inc. and Steve Ragan |
| Kevin J. Curtis<br>kjc@winstoncashatt.com | Attorneys for Defendants<br>International Data Group, Inc.,<br>CXO Media, Inc. and Steve Ragan |
| Aaron V. Rocke<br>aaron@rocklaw.com | Attorneys for Defendant<br>Chris Vickery |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my belief.

Signed and dated this 1st day of June, 2017, in Seattle, Washington.


/s/ Christopher B. Durbin
_____
Christopher B. Durbin (WSBA No. 41159)

144273636

DEF. KROMTECH'S MOTION TO DISMISS;
MEMO OF P&A'S - 21

COOLEY LLP

1700 Seventh Ave, Ste. 1900
Seattle, WA 98101-1355
(206) 452-8700