Aaron Rocke, WSBA #31525
ROCKE | Law Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, et al., <br><br> Plaintiff, <br><br> v. <br><br> KROMTECH ALLIANCE CORPORATION, et al., <br><br> Defendant. | Case No. 2:17-cv-00105-SAB <br><br> ANSWER OF DEFENDANT VICKERY |

Defendant Chris Vickery ("Vickery"), in answer to the Complaint of Plaintiffs River City Media, LLC, Mark Ferris, Matt Ferris, and Amber Paul, admits, denies, and alleges as follows. All allegations not specifically admitted are denied.

**I.   PRELIMINARY STATEMENT**

1. Vickery lacks sufficient information to form a belief as to the statements and therefore denies.

2. Vickery lacks sufficient information to form a belief as to whether River City has been sued or investigated for violating email marketing regulations. Deny remaining averments.

3. Deny.

4. Deny.

5. Deny.

6. Vickery admits that other Defendants also publicized the results of

VICKERY'S ANSWER
Page 1

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652 8670

1  his investigations. Vickery denies conducting a cyberattack against River City and any remaining averments.

7. Deny.

8. Vickery does not believe a response is required. To the extent that one is required, deny.

## II.    JURISDICTION AND VENUE

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Without sufficient information to admit, therefore deny.

## III.    PARTIES

16. Without sufficient information to admit, therefore deny.

17. Without sufficient information to admit, therefore deny.

18. Without sufficient information to admit, therefore deny.

19. Without sufficient information to admit, therefore deny.

20. Deny.

21. Defendant Kromtech is a German company headquartered in Dubai. Kromtech operates the website MacKeeper.com and the apps and services of the same name. Without sufficient information to admit, therefore deny remaining averments.

22. Admit.

23. Admit.

24. Vickery does not believe a response is required. To the extent that

VICKERY'S ANSWER
Page 2

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652 8670

one is required, deny.

  25. Deny.

## IV. STATEMENT OF FACTS

**A. Introduction**

  26. Without sufficient information to admit, therefore deny.

  27. Deny it was a well-reputed company. Without sufficient information to admit remaining averments, therefore deny.

  28. Defendant Chris Vickery refers to himself as a "security researcher" who worked as an IT help desk technician until he claimed to have "stumbled upon" allegedly publicly exposed databases used by MacKeeper.com (owned by Defendant Kromtech).

  29. Admit Defendant Kromtech operates MacKeeper.com and owns the product known as MacKeeper, an app for cleaning, optimizing, and securing Mac computers. Deny remaining averments.

  30. Admit Kromtech solicited business from Vickery after he viewed its data systems. Deny remaining averments.

  31. Admit Vickery performed services for Kromtech and contributed to MacKeeper.com Security Research Center and blog.

  32. Admit Vickery has publicized his findings as a "successful" security researcher. Deny remaining averments.

  33. Deny.

**B. Chris Vickery's Hacking History**

  34. Vickery does not have a certification from an accredited body as a security professional and does spend time on the internet. Deny remaining averments.

  35. Admit that Vickery discovered a publicly-accessible database

VICKERY'S ANSWER
Page 3

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652 8670

belonging to uKnowKids.com and alerted the company to the security vulnerability. Deny that Vickery conducted an unlawful attack or admitted as such to the BBC.

36. Deny.

37. Deny.

**C. Defendants' Computer Hacking Campaign**

38. Admit.

39. Admit csoonline.com posted the following statement to CXO's "Salted Hash" security blog: "This is the story of how River City Media (RCM), Alvin Slocombe, and Matt Ferris, accidentally exposed their entire operation to the public after failing to properly configure their Rsync backups." Without sufficient information and therefore deny remaining averments.

40. In this (and other) articles more fully described below, csoonline.com reported opinions that River City misconfigured a type of computer backup system and accidentally exposed its entire system to the public. Deny remaining averments.

41. Vickery lacks sufficient information to form a belief as to the statements and therefore denies.

42. Vickery lacks sufficient information to form a belief as to the statements and therefore denies.

43. Vickery does not believe a response is required. To the extent one is required, admit.

44. Vickery does not believe a response is required. To the extent one is required, admit in part and deny in part as it depends on unstated variables.

45. Vickery does not believe a response is required. To the extent one is required, admit one can examine IP addresses and make informed decisions about

VICKERY'S ANSWER
Page 4

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652 8670

1 which connections are valid. Deny remaining averments.

2     46. Admit some use IP address restrictions to create "Access Control Lists" (ACL), which are simply lists of IP addresses that are expressly authorized to log into and access certain systems, and the system can be designed so that if a person uses an IP address not listed on the ACL, that person is denied access. Deny that the phrase "that person nonetheless gains access, his access is, by definition, without authorization," requires a response. Without sufficient information to form a belief and therefore deny River City secured some of its network assets with ACLs. Deny remaining averments.

    47. Without sufficient information to form a belief and therefore deny.

    48. Without sufficient information to form a belief and therefore deny.

    49. Without sufficient information to form a belief and therefore deny.

    50. Without sufficient information to form a belief and therefore deny.

    51. Without sufficient information to form a belief and therefore deny.

    52. Without sufficient information to form a belief and therefore deny.

    53. The statement is argument and does not require a response. To the extent it is interpreted otherwise, deny.

    54. Deny.

    55. Without sufficient information to form a belief and therefore deny.

    56. Without sufficient information to form a belief and therefore deny.

    57. Without sufficient information to form a belief and therefore deny.

    58. Admit Vickery uses a "protonmail.com" email address. Without sufficient information to form a belief and therefore deny remaining averments.

    59. Without sufficient information to form a belief and therefore deny.

    60. Deny.

    61. Without sufficient information to form a belief and therefore deny.

VICKERY'S ANSWER  
Page 5

ROCKE | LAW Group, PLLC  
101 Yesler Way, Suite 603  
Seattle, WA 98104  
(206) 652 8670

62. Admit.

63. Deny.

**D. Defendants' Media Campaign**

64. Deny.

65. a. Admit that Vickery posted an article entitled "Spammergate: The Fall of an Empire." Deny that the article contained libelous and false statements.

b. Admit Defendant Ragan posted an article entitled "Spammers expose their entire operation through bad backups" at http://www.csoonline.com/article/3176433/security/spammersexpose-their-entire-operation-through-bad-backups.html (the "Ragan Article"); deny it contained libelous and false statements;

66. Admit Vickery's article refers to an "illegal operation," and both articles refer to illegal techniques; deny remaining averments.

67. Vickery lacks sufficient information to form a belief as to the statements and therefore denies.

68. Vickery lacks sufficient information to form a belief as to the statements and therefore denies.

69. Vickery lacks sufficient information to form a belief as to the statements and therefore denies.

**E. The Vickery and Ragan Articles**

70. Admit that Defendants published Vickery's article "Spammergate: The Fall of an Empire." Deny remaining averments.

71. Admit these statements were in the Vickery Article, yet deny falsity and defamation:

a. "River City masquerades as a legitimate marketing firm while, per their own documentation, being responsible for up to a billion daily email

VICKERY'S ANSWER
Page 6

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652 8670

sends."

b. "How can a group of about a dozen people be responsible for one billion emails sent in one day? The answer is a lot of automation, years of research, and a fair bit of illegal hacking."

72. Admit that Vickery's article states that River City's technique of "purposely throttling [its] own machinery to amass open connections on someone else's server is a type of Slowloris attack." Deny that the statement is false.

73. Admit the Ragan Article makes the following statements in reference to River City, but deny remaining averments:

a. "Once we concluded that this was indeed related to a criminal operation…"

b. River City "exploit[ed] a number of providers in order to inbox offers."

c. Quoting Spamhaus's Mike Anderson: "Nobody would knowingly give their email address to spammers, so they have to be tricked into it…the original contract for handing over the address is never fulfilled, since it turns out to be impossible to redeem the 'free gift' or only with extreme difficulty."

74. Admit the Ragan Article links to the Vickery Article on MacKeeper.com. Deny remaining averments.

75. Deny.

76. Deny.

**F. River City's Cease and Desist Letters**

77. On March 12, 2017, River City directed its legal counsel to issue cease and desist letters to the parties named in this lawsuit, as well as AOL, Inc., because of an article posted on its tech blog, www.techcrunch.com.

78. The cease and desist letters requested that Defendants and non-party

VICKERY'S ANSWER  
Page 7

ROCKE | LAW Group, PLLC  
101 Yesler Way, Suite 603  
Seattle, WA 98104  
(206) 652 8670

1  AOL, Inc. remove the Defamatory Articles, publicly retract the accusations made
2  against River City and apologize to River City.
3      79.    Admit.
4      80.    Deny.
5      81.    Deny.

### V. FIRST CAUSE OF ACTION
### (Violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

82. Vickery hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

83. Admit Vickery is not an employee of River City's. Deny remaining averments.

84. Deny.
85. Deny.
86. Deny.
87. Deny.
88. Deny.
89. Deny.
90. Deny.

### VI. SECOND CAUSE OF ACTION
### (Violations of the Stored Communications Act, 18 U.S.C. § 2701 et seq.)

91. Vickery hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

92. Admit Defendant Vickery is not an employee of River City's. Deny remaining averments.

93. Deny.
94. Deny.

VICKERY'S ANSWER  
Page 8

ROCKE | LAW Group, PLLC  
101 Yesler Way, Suite 603  
Seattle, WA 98104  
(206) 652 8670

1  95. Deny.
2  96. Deny.
3  97. Deny.
4  98. Deny.
5  99. Deny.
6  100. Deny.

## VII. THIRD CAUSE OF ACTION

**(Violations of the Defend Trade Secrets Act, 18 U.S.C. § 1832 et seq.)**

101. Vickery hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

102. Admit Defendant Vickery is not an employee of River City's. Deny remaining averments.

103. Deny.
104. Deny.
105. Deny.
106. Deny.
107. Deny.
108. Deny.
109. Deny.

## VII.  FOURTH CAUSE OF ACTION

**(Violations of the Electronic Comm'ns. Privacy Act, 18 U.S.C. § 2510 et seq.)**

110. Vickery hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

111. Admit Defendant Vickery is not an employee of River City's. Deny remaining averments.

112. Deny.

VICKERY'S ANSWER  
Page 9

ROCKE | LAW Group, PLLC  
101 Yesler Way, Suite 603  
Seattle, WA 98104  
(206) 652 8670

113. Deny.

114. Deny.

115. Deny.

116. Deny.

117. Deny.

## VIII.  FIFTH CAUSE OF ACTION

### (Invasion of Privacy)

118. Vickery hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

119. Deny.

120. Deny.

121. Deny.

122. Deny.

123. Deny.

124. Deny.

## IX.  SIXTH CAUSE OF ACTION

### (Intentional Interference with Contractual Relationships)

125. Vickery hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

126. Admit.

127. Without sufficient information and therefore deny.

128. Deny.

129. Deny.

130. Deny.

VICKERY'S ANSWER
Page 10

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652 8670

## X.   SEVENTH CAUSE OF ACTION

### (Intentional Interference with Business Expectancy)

131. Vickery hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

132. Without sufficient information and therefore deny.

133. Deny.

134. Deny.

135. Deny.

## XI.   EIGHTH CAUSE OF ACTION

### (Conversion)

136. Vickery hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

137. Deny.

138. Deny.

139. Deny.

140. Deny.

141. Deny.

## XII.   NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

142. Vickery hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

143. Admit Defendant Vickery is not an employee of River City's. Deny remaining averments.

144. Deny.

145. Deny.

146. Deny.

VICKERY'S ANSWER  
Page 11

ROCKE | LAW Group, PLLC  
101 Yesler Way, Suite 603  
Seattle, WA 98104  
(206) 652 8670

147. Deny.

148. Deny.

149. Deny.

150. Deny.

151. Deny.

## XIII.  TENTH CAUSE OF ACTION

### (Defamation)

152. Vickery hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

153. Deny.

154. Deny.

155. Deny.

156. Deny.

157. Deny.

158. Deny.

## XIV.  AFFIRMATIVE DEFENSES

A. Lack of personal jurisdiction.

B. Improper venue.

C. Illegality.

D. Privilege to act, including competition and public interest.

E. California law applies to some aspects of the case.

F. Unclean hands.

G. Vickery acted at all times in good faith.

H. Justification.

I. Plaintiffs consented.

J. Defense of self or others, and property.

VICKERY'S ANSWER
Page 12

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652 8670

K. Failure to mitigate.

L. Necessity to prevent a nuisance, trespass, or breach of rights to others.

M. Plaintiff recovery would be contrary to public policy.

## XV.   COUNTERCLAIM

Vickery is filing the answer today at the request of plaintiffs and reserves the right to amend his answer to include counterclaims.

## XVI.   REQUEST FOR RELIEF

Defendant Vickery respectfully requests the following relief:

1. Dismissal with prejudice;

2. Attorney's fees and costs; and

3. Other such relief as the court deems just and equitable.

DATED this 12th day of June, 2017.

ROCKE | LAW Group, PLLC

s/ Aaron Rocke
Aaron Rocke, WSBA #31525
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670
aaron@rockelaw.com
Attorney for Defendant Vickery

VICKERY'S ANSWER
Page 13

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652 8670

**DECLARATION OF SERVICE**

I caused a copy of the foregoing Defendant Vickery's Answer and Affirmative Defenses to be served to the following in the manner indicated:

**Via ECF to:**

Keith Scully
Jason E. Bernstein
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Keith@newmanlaw.com
Jake@newmanlaw.com

Leeor Neta
Newman Du Wors LLP
600 California St., 11th Floor
San Francisco, CA 94109
leeor@newmanlaw.com

Kevin J. Curtis
Winston & Cashatt, Lawyers
601 W. Riverside, Ste. 1900
Spokane, WA 99201
kjc@winstoncashatt.com

Charles L. Babcock IV
William J. Stowe
Jackson Walker L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
cbabcock@jw.com
wstowe@jw.com

Christopher B. Durbin
Cooley LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
cdurbin@cooley.com

Matthew D. Brown
Amy M. Smith
101 California Street, 5th Floor
San Francisco, CA 94111-5800
brownmd@cooley.com
amsmith@cooley.com

On today's date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my belief.

Signed and DATED this 12th day of June, 2017 in Seattle, Washington.

                              s/ Sarah Borsic
                              Sarah Borsic, Legal Assistant

VICKERY'S ANSWER
Page 14

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652 8670