Leeor Neta, *admitted pro hac vice*
leeor@newmanlaw.com
Jake Bernstein, WSBA No. 39362
jake@newmanlaw.com
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KROMTECH ALLIANCE CORPORATION, et al.,<br><br>Defendants. | Case No. 2:17-cv-00105-SAB<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL AUTHORITIES IN RESPONSE TO COURT QUESTION POSED AT AUGUST 16, 2017 HEARING AND REQUEST FOR ATTORNEY'S FEES OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO FILE OPPOSING SUPPLEMENTAL AUTHORITIES**<br><br>Without Oral Argument<br>Hearing Date:  September 22, 2017<br>Spokane, Washington |

PLAINTIFFS' MOTION TO STRIKE
[2:17-cv-00105]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## INTRODUCTION AND RELIEF REQUESTED

Plaintiffs River City Media, LLC, Mark Ferris, Matt Ferris, and Amber Paul respectfully move to strike the "Supplemental Authorities in Response to Court Question Posed at August 16, 2017 Hearing" (ECF No. 56) (the "Supplemental Brief") filed on August 21, 2017, by Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan (collectively, the "IDG Defendants"). Because the Court did not request additional authorities or briefing, the IDG Defendants' Supplemental Brief is improper under Local Rule 7.1.

Rather than request supplemental briefing, the Court entered civil minutes to the docket stating that all three motions (ECF No. 12, ECF No. 14, and ECF No. 41) were "under advisement." *See* ECF No. 55. Accordingly, Plaintiffs respectfully ask the Court to strike the IDG Defendants' improper Supplemental Briefing and to award Plaintiffs a reasonable attorney's fee as compensation for time spent drafting and filing this motion. In the alternative—and only if the Court intends to consider the IDG Defendants' Supplemental Brief—Plaintiffs respectfully request leave to file opposing supplemental authorities for the Court's consideration.

## STATEMENT OF FACTS

On August 16, 2017, the Court heard argument on the IDG Defendants' Motions to Dismiss (ECF No. 12 and No. 14) and Defendant Kromtech's Motion to Dismiss (ECF No. 41). The Court adjourned the hearing and informed the parties to expect a ruling in two to four weeks. Though the Court actively participated in the oral argument by exercising its right to ask questions of the parties' counsel, the Court *did not* explicitly request—or grant leave to file— supplemental authorities or additional briefing.

On August 21, 2017, the IDG Defendants filed their improper Supplemental Brief in an attempt to capitalize on discussion that occurred during the August 16, 2017 hearing. The IDG Defendants' Supplemental Briefing contains

1  approximately three pages of additional argument and citation to authority focused
2  exclusively on how the Court should interpret and apply RCW 23.95.505 to the
3  facts of this case—three pages of additional briefing that the Court did not request
4  and that the IDG Defendants did not include in their original motion.

## ARGUMENT

**A. The Court should strike the IDG Defendants' improperly submitted Supplemental Brief or, in the alternative, grant Plaintiffs leave to file a response.**

The IDG Defendants filed additional briefing in support of their Motion to Dismiss despite having already filed a motion and reply as provided for in Local Rule 7.1. Defendants should not be permitted to introduce new arguments and new case law into the Court's decision making process by creatively interpreting the Court's questions at oral argument. Neither Fed. R. Civ. P. 7 nor Local Rule 7.1 explicitly address supplemental briefing or authorities, but Local Rule 7.1 *does* expressly limit the parties to one motion, one response, and one reply, in addition to oral argument. *See* LR 7(a)–(h).

While this Court's Local Rules do not provide for supplemental authorities or surreplies, the Western District of Washington addresses surreplies in its local rules at LCR 7(g). Courts in that district strike surreplies or "supplemental briefing" submitted in violation of LCR 7(g). *See Gauthier v. Twin City Fire Ins. Co.*, 2015 WL 12030097, at *1 (W.D. Wash. July 15, 2015). Similarly, the Western Distric's LCR 7(n) permits parties to bring new authority to the Court's attention *if* the "relevant authority issued after the date the party's last brief was filed" as long as such authority is attached "without argument." *Id.* This Court *has* considered whether to accept a party's surreply in the recent past, but in the single published decision on point, the Court noted that it accepted a surreply because *it had been filed in accordance with the Court's scheduling order. Onley v. Jordan*, 2017

PLAINTIFFS' MOTION TO STRIKE-2  
[2:17-cv-00105]  

Newman Du Wors LLP  

2101 Fourth Avenue, Suite 1500  
Seattle, Washington 98121  
(206) 274-2800

WL 924460, at *2 (E.D. Wash. March 8, 2017). The IDG Defendants did not file their Supplemental Brief in accordance with any such scheduling order.

Plaintiffs request that the Court disregard and strike Defendants' Supplemental Briefing. But if the Court is inclined to consider Defendants' additional arguments and authorities, Plaintiffs respectfully request leave to file a response as soon as possible.

### B. Plaintiffs respectfully request an award of a reasonable attorney's fee for the time spent drafting and filing this motion.

The IDG Defendants filed supplemental authorities and additional briefing after the Court heard oral argument on the relevant motions. Despite IDG Defendants' contention, the Court *did not* explicitly request any such supplementary briefing or authorities. Though not explicitly in violation of a court order, Defendants nonetheless filed briefing in spite of entered civil minutes designating the relevant motions as "under advisement." ECF No. 55. Plaintiffs request that the Court use its inherent power to impose sanctions to compensate Plaintiffs for time spent responding to Defendants's improper brief. *See Herrera v. Singh*, 103 F. Supp. 2d 1244, 1255–56 (E.D. Wash. 2000) (Courts may impose sanctions using inherent authority for "the willful disobedience of a court order" or when "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"). Here, the even if the IDG Defendants did not directly disobey a court order, they *have* acted vexatiously and wantonly by filing an unrequested brief in violation of Local Rule 7.1. The Court should grant Plaintiffs an award of a reasonable attorney's fee for the time spent responding to their improper filing.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the IDG Defendants' Supplemental Brief *or* grant Plaintiffs leave to file a response of their own. In either event, Plaintiffs also respectfully request a reasonable attorney's fee for time spent drafting this motion.

PLAINTIFFS' MOTION TO STRIKE-3
[2:17-cv-00105]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

| | |
|---|---|
| Dated: August 23, 2017 | NEWMAN DU WORS LLP |
| | |
| | /s/ Jason Bernstein |
| | Jason E. Bernstein, WSBA Bar No. 39362 |
| | *jake@newmanlaw.com* |
| | Leeor Neta, *admitted pro hac vice* |
| | *leeor@newmanlaw.com* |
| | 2101 Fourth Avenue, Suite 1500 |
| | Seattle, WA 98121 |
| | (206) 274-2800 |
| | |
| | Attorney for Plaintiffs |

PLAINTIFFS' MOTION TO STRIKE-4
[2:17-cv-00105]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of filing (NEF) to the following:

**Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan**
Kevin J. Curtis
WINSTON & CASHATT, LAWYERS, a Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
*kjc@winstoncashatt.com*

Charles L. Babcock
William J. Stowe
Jackson Walker L.L.P.
1401 McKinney Street, Suite 1900
Houston, TX 77010
*cbabcock@jw.com*
*wstowe@jw.com*

**Attorneys for Defendant Chris Vickery**
Aaron Rocke
101 Yesler Way, Suite 603
Seattle, WA 98104
*aaron@rockelaw.com*

**Attorneys for Kromtech Alliance Corp.**
Matthew D. Brown
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
*brownmd@cooley.com*

I declare under penalty of perjury that the foregoing is true and correct.

s/ Jason Bernstein
Jason Bernstein
Attorney for Plaintiffs

PLAINTIFFS' MOTION TO STRIKE-5
[2:17-cv-00105]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800