Leeor Neta, *admitted pro hac vice*
leeor@newmanlaw.com
Jake Bernstein, WSBA No. 39362
*jake@newmanlaw.com*
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KROMTECH ALLIANCE CORPORATION, et al.,<br><br>Defendants. | Case No. 2:17-cv-00105-SAB<br><br>**PLAINTIFFS' MOTION TO EXPEDITE HEARING**<br><br>Without Oral Argument<br>Hearing Date: August 30, 2017<br>Spokane, Washington |

PLAINTIFFS' MOTION TO EXPEDITE HEARING
[2:17-cv-00105]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## INTRODUCTION

Plaintiffs River City Media, LLC, Mark Ferris, Matt Ferris, and Amber Paul submit the following Motion to Expedite Hearing without oral argument on Plaintiffs' Motion to Strike Defendants' Supplemental Authorities in Response to Court Question Posed at August 16, 2017 Hearing and Request for Attorney's Fees or, in the Alternative, Request for Leave to File Opposing Supplemental Authorities.

## STATEMENT OF FACTS

Defendants IDG, Inc., CXO, Inc., and Steve Ragan filed supplemental authorities without permission on August 21, 2017 to expand upon their motions to dismiss. The Court indicated that it intended to rule on Defendants' motions to dismiss within two to four weeks. Plaintiffs promptly prepared a motion to strike Defend-ants' improperly submitted supplemental authorities but the Local Rules would normally require that a hearing on Plaintiffs' motion to strike be set at least 30 days after filing, which would likely be after the Court has ruled on the motions to dismiss.

## ARGUMENT

A party may seek an expedited hearing on a time sensitive matter by (1) demonstrating good cause, (2) stating the position of the opposing counsel, and (3) setting a date of hearing that is not less than 7 days after the motion's filing unless more immediate judicial attention is necessary. *See* Local Rule 7.1(h)(2)(C).

Plaintiffs' motion to strike is intended to ensure that the Court either strikes Defendants' improper supplemental authorities or grants Plaintiffs leave to respond. If Plaintiffs' motion to strike is heard after the Court considers Defendants' improper supplemental authorities when deciding Defendants' motions to dismiss, Plaintiffs' motion to strike will be moot and Plaintiffs will have been severely prejudiced.

1   Second, counsel for Plaintiffs spoke with William Stowe, counsel for
2   Defendants, to obtain opposing counsel's position with respect to the motion to
3   expedite as required by Local Rule 7.1(h)(2)(C). Mr. Stowe advised that
4   Defendants' position is that they oppose Plaintiffs' motion to strike and the
5   accompanying motion to expedite, but do not oppose Plaintiffs' request in the
6   alternative for leave to file a response to Defendants' Supplemental Authorities
7   (ECF No. 56).

8   Finally, because the Court may rule on the underlying motions to dismiss
9   within one week thereby rendering the present motions moot, Plaintiffs
10  respectfully request more immediate judicial attention than the standard 7-day
11  period for motions to expedite. Accordingly, though Plaintiffs have noted this
12  motion to expedite for seven days, counsel for Plaintiffs made a telephonic request
13  for this motion to be considered sooner, as permitted under Local Rule
14  7.1(h)(2)(C).

**CONCLUSION**

16  Plaintiffs seek to have Defendants' improper and unrequested supplemental
17  authorities stricken from the record. But to ensure that Defendants do not get a
18  second bite at the apple with respect to their motions to dismiss, Plaintiffs' motion
19  to strike must be considered before the Court rules on the pending motions to dis-
20  miss. Accordingly, Plaintiffs respectfully request that the court grant this motion to
21  expedite and hear Plaintiffs' motion to strike no later than August 30, 2017.

PLAINTIFFS' MOTION TO EXPEDITE HEARING
[2:17-cv-00105]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  Dated: August 23, 2017

NEWMAN DU WORS LLP

/s/ Jason Bernstein
Jason E. Bernstein, WSBA Bar No. 39362
*jake@newmanlaw.com*
Leeor Neta, *admitted pro hac vice*
*leeor@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800

Attorney for Plaintiffs

PLAINTIFFS' MOTION TO EXPEDITE HEARING
[2:17-cv-00105]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following:

**Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan**
Kevin J. Curtis
WINSTON & CASHATT, LAWYERS, a Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
*kjc@winstoncashatt.com*

Charles L. Babcock
William J. Stowe
Jackson Walker L.L.P.
1401 McKinney Street, Suite 1900
Houston, TX 77010
*cbabcock@jw.com*
*wstowe@jw.com*

**Attorneys for Defendant Chris Vickery**
Aaron Rocke
101 Yesler Way, Suite 603
Seattle, WA 98104
*aaron@rockelaw.com*

Additionally, I caused true and correct copies of the foregoing to be served via first-class U.S. Mail, postage prepaid, with a courtesy copy by email to:

**Attorneys for Kromtech Alliance Corp.**
Matthew D. Brown
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
*brownmd@cooley.com*

I declare under penalty of perjury that the foregoing is true and correct.

s/ Jason Bernstein
Jason Bernstein
Attorney for Plaintiffs

PLAINTIFFS' MOTION TO EXPEDITE HEARING
[2:17-cv-00105]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800