1  Kevin J. Curtis, WSBA No. 12085
2  WINSTON & CASHATT, LAWYERS, a
   Professional Service Corporation
3  601 W. Riverside, Ste. 1900
   Spokane, WA 99201
4  Telephone: (509) 838-6131

5
   Charles L. Babcock IV (*admitted pro hac vice*)
6  cbabcock@jw.com
   Texas Bar No. 01479500
7  William J. Stowe (*admitted pro hac vice*)
   wstowe@jw.com
8  Texas Bar No. 24075124
9  JACKSON WALKER L.L.P.
   1401 McKinney Street
10 Suite 1900
11 Houston, Texas 77010
   (713) 752-4360 (telephone)
12 (713) 308-4116 (facsimile)

13
   Attorneys for Defendants International Data
14 Group, Inc., CXO Media, Inc. and Steve Ragan

15            UNITED STATES DISTRICT COURT
16            EASTERN DISTRICT OF WASHINGTON

17

18 RIVER CITY MEDIA, LLC, a Wyoming
   limited liability company, MARK
19 FERRIS, an individual, MATT FERRIS,      No. 2:17-cv-105-SAB
   an individual, and AMBER PAUL, an
20 individual,
                                            DEFENDANT STEVE RAGAN'S
21                                          ANSWER TO PLAINTIFFS' COMPLAINT
                              Plaintiffs,
22

23        vs.

24



1   KROMTECH ALLIANCE
2   CORPORATION, a German corporation,
    CHRIS VICKERY, an individual, CXO
3   MEDIA, INC., a Massachusetts
    corporation, INTERNATIONAL DATA
4   GROUP, INC., a Massachusetts
    corporation, and STEVE RAGAN, an
5   individual, and DOES 1-50,
6
                                    Defendants.
7
8       Defendant Steve Ragan ("Ragan") respectfully submits this Answer to Plaintiffs'

9   Complaint (ECF No. 1) as follows:

10
11                                      I.

12              **RESPONSES TO PLAINTIFFS' ALLEGATIONS**

13
        1-2.    Ragan is without sufficient information at this time to admit or deny the
14
15  allegations in paragraphs 1-2 of the Complaint and therefore denies the allegations

16  pursuant to Fed. R. Civ. P. 8(b)(5).

17
        3.      Denied.
18
        4-5.    Ragan is without sufficient information at this time to admit or deny the
19
20  allegations in paragraphs 4-5 of the Complaint and therefore denies the allegations

21  pursuant to Fed. R. Civ. P. 8(b)(5).

22
        6.      Denied.
23
24
    DEFENDANT STEVE RAGAN'S ANSWER
    TO PLAINTIFFS' COMPLAINT
    PAGE 2



7.     Ragan denies that he engaged in any illegal actions causing any damage to Plaintiffs' businesses, reputations, livelihoods, and physical or mental health.  Ragan is without sufficient information at this time to admit or deny the remaining allegations in paragraphs 7 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

8.     Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 8 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).  Ragan, however, denies any wrongdoing or that Plaintiffs are entitled to any relief.

9.     Ragan admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 but denies that the Court has personal jurisdiction over Ragan.

10.     Ragan admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 but denies that the Court has personal jurisdiction over Ragan.

11.     Ragan admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 but denies that the Court has personal jurisdiction over Ragan.

12.     Ragan admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 but denies that the Court has personal jurisdiction over Ragan.

13.     Ragan admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 but denies that the Court has personal jurisdiction over Ragan.



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

14.    Ragan admits that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 but denies that the Court has personal jurisdiction over Ragan.

15.    Ragan admits that venue would be proper if the Court had personal jurisdiction over Ragan.

16-21.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 16-21 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

22.    Admitted.

23.    Ragan admits that International Data Group, Inc. is a Massachusetts corporation but denies that it is the parent corporation of CXO Media, Inc. ("CXO").

24.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 24 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

25.    Ragan admits that he is an employee of CXO but denies the remaining allegations of paragraph 25.

26-37.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 26-37 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

38.    Ragan denies that CXO is owned by International Data Group, Inc.  Ragan admits the remaining allegations of paragraph 38.

39.    Admitted except that the actual quote was: "This is the story of how River City Media (RCM), Alvin Slocombe, and Matt Ferris, accidentally exposed their entire operation to the public after failing to properly configure their Rsync backups."

40.    Ragan admits that the article included the quote "This is the story of how River City Media (RCM), Alvin Slocombe, and Matt Ferris, accidentally exposed their entire operation to the public after failing to properly configure their Rsync backups." Ragan otherwise denies the allegations in paragraph 40.

41.    Ragan is without sufficient information at this time to admit or deny the allegation in paragraph 41 of the Complaint regarding what "River City's records show" and therefore denies the allegation pursuant to Fed. R. Civ. P. 8(b)(5).  The remaining allegations in paragraph 41 are denied.

42-48.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 42-48 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

49.    Ragan denies ever publicly announcing an unlawful computer hacking by Ragan.  Ragan is without sufficient information at this time to admit or deny the remaining allegations in paragraph 49 of the Complaint and therefore denies the

DEFENDANT STEVE RAGAN'S ANSWER
TO PLAINTIFFS' COMPLAINT
PAGE 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

allegations pursuant to Fed. R. Civ. P. 8(b)(5).

50.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 50 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

51.    Ragan denies that he "purposefully attack[ed] and compromise[ed] River City's Zabbix server" and "effectively hamstrung River City's ability to detect and stop their cyberattack." Ragan is without sufficient information at this time to admit or deny the remaining allegations in paragraph 51 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

52.    Denied as to Ragan. Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 52 of the Complaint as they relate to other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

53-56.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 53-56 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

57.    Denied as to Ragan. Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 57 of the Complaint as they relate to other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

58.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 58 of the Complaint as they relate to other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

59.    Ragan denies that he misappropriated or converted any funds and admits that he would have had no authority to do so.

60.    Denied.

61.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 61 of the Complaint as they relate to other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

62.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 62 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

63-64.    Denied.

65.    Ragan admits that he authored the article titled "Spammers expose their entire operation through bad backups" located at https://www.csoonline.com/article/3176433/security/spammers-expose-their-entire-operation-through-bad-backups.html dated March 6, 2017 ("Ragan Article").    Ragan admits that there is an article titled "Spammergate: The Fall of an Empire" located at https://mackeeper.com/blog/post/339-spammergate-the-fall-of-an-empire dated June 3,

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

2017 ("Vickery Article").  Ragan denies the remaining allegations in paragraph 65.

66.    Ragan admits that the Vickery Article states that "RCM masquerades as a legitimate marketing firm while, per their own documentation, being responsible for up to a billion daily email sends."  Ragan admits that the Vickery Article includes the words "illegal hacking".  Ragan denies the remaining allegations of paragraph 66.

67.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 67 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).  Ragan denies wrongfully causing any harm to RCM.

68.    Ragan denies making any defamatory statements.  Ragan is without sufficient information at this time to admit or deny the remaining allegations in paragraph 68 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

69.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 69 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

70.    Ragan admits publishing the Ragan Article.  Ragan denies the remaining allegations of paragraph 70.

71.    Ragan admits that the Vickery Article includes the quotes "RCM masquerades as a legitimate marketing firm while, per their own documentation, being

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

responsible for up to a billion daily email sends" and "How can a group of about a dozen people be responsible for one billion emails sent in one day? The answer is a lot of automation, years of research, and fair bit of illegal hacking techniques". Ragan denies the remaining allegations of paragraph 71.

72. Ragan admits that the Vickery Article includes the statement that "Purposely throttling your own machinery to amass open connections on someone else's server is a type of Slowloris attack [https://en.wikipedia.org/wiki/Slowloris_(computer_security)]." Ragan denies the remaining allegations of paragraph 72.

73. Ragan admits that the Ragan Article includes the following statements:

- (quoting Vickery): "Once we concluded that this was indeed related to a criminal operation, it was decided that we should approach law enforcement and the affected companies (like Microsoft and Yahoo) before making any attempts at contacting the spammers directly.

- "In the RCM chat logs, McKeown is respected for his scripting work. His efforts enabled RCM to exploit a number of providers in order to inbox offers."

- "'Nobody would knowingly give their email address to spammers, so they have to be tricked into it. Usually, there is some kind of offer for a 'free gift' in exchange for giving up an email address and personal information. The fine

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

print of these offers allows the company to share their address with their 'partners' which ends up also being their partner's partners, and their partner's partner's partners, until every spammer on the planet has their address,' explained Spamhaus' Mike Anderson.  He goes on to explain such address lists are the lifeblood of the industry, and they're constantly being analyzed through tracking systems - examining which addresses are viewing spam ads, which ones are clicking on them, and which ones are buying.  'Meanwhile, the original contract for handing over the address is never fulfilled, since it turns out to be impossible to redeem the 'free gift' or only with extreme difficulty.  And of course these addresses never go through a confirmation process, to ensure it's the real owner of the address doing the signup.'"

Ragan denies the remaining allegations of paragraph 73.

74.    Ragan admits that the Ragan Article included a link to the Vickery Article but denies the remaining allegations of paragraph 74.

75.    Denied that the statements above are false.  Ragan is without sufficient information at this time to admit or deny the remaining allegations in paragraph 75 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

76.    Denied.

77-78.    Admitted.

DEFENDANT STEVE RAGAN'S ANSWER
TO PLAINTIFFS' COMPLAINT
PAGE 10

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

79-81.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 79-81 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

82.    Ragan hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

83.    Ragan admits Vickery is not an employee of RCM but is without sufficient information at this time to admit or deny the remaining allegations in paragraph 83 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

84-88.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 84-88 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

89.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 89 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

90.    Denied as to any conduct by Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 90 of the Complaint as they relate to Plaintiff RCM or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

91.    Ragan hereby incorporates by reference the foregoing paragraphs as though

DEFENDANT STEVE RAGAN'S ANSWER
TO PLAINTIFFS' COMPLAINT
PAGE 11

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

fully set forth herein.

92.    Ragan admits Vickery is not an employee of RCM but is without sufficient information at this time to admit or deny the remaining allegations in paragraph 92 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

93-96.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 93-96 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

97.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 97 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

98.    Denied as to any conduct by Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 98 of the Complaint as they relate to Plaintiff RCM or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

99.    Ragan admits that RCM seeks punitive and exemplary damages but denies that RCM is entitled to recover them and denies the remaining allegations of paragraph 99.

100.    Ragan admits that RCM seeks attorney's fees but denies that RCM is entitled to recover them.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

101. Ragan hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

102. Ragan admits Vickery is not an employee of RCM but is without sufficient information at this time to admit or deny the remaining allegations in paragraph 102 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

103-105. Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 103-105 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

106. Denied as to Ragan. Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 106 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

107. Denied as to Ragan. Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 107 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

108. Denied as to Ragan. Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 108 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

109. Denied as to any conduct by Ragan. Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 109 of the

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

110.    Ragan hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

111.    Ragan admits Vickery is not an employee of RCM but is without sufficient information at this time to admit or deny the remaining allegations in paragraph 111 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

112-114.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 112-114 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

115.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 115 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

116.    Denied as to any conduct by Ragan.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 116 of the Complaint as they relate to Plaintiff RCM or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

117.    Ragan admits that RCM seeks punitive and exemplary damages but denies that RCM is entitled to recover them and denies the remaining allegations of paragraph

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

117.

118.    Ragan hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

119-120.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 119-120 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

121.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 121 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

122.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 122 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

123.    Denied.

124.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 124 of the Complaint as they relate to Plaintiffs or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

125.    Ragan hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

126-127.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 126-127 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

128.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 128 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

129.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 129 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

130.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 130 of the Complaint as they relate to Plaintiffs or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

131.    Ragan hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

132.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 132 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

133.    Denied as to Ragan.  Ragan is without sufficient information at this time to

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

admit or deny the allegations in paragraph 133 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

134.    Denied as to Ragan. Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 134 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

135.    Denied as to Ragan. Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 135 of the Complaint as they relate to Plaintiffs or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

136.    Ragan hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

137-138.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 137-138 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

139.    Denied as to Ragan. Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 139 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

140.    Denied as to Ragan. Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 140 of the Complaint as they relate to the other

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

141.    Denied as to any conversion by Ragan.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 141 of the Complaint as they relate to the Plaintiffs or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

142.    Ragan hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

143.    Ragan admits Vickery is not an employee of RCM but is without sufficient information at this time to admit or deny the remaining allegations in paragraph 143 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

144-146.    Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 144-146 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

147.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 147 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

148.    Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 148 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

149.   Denied as to Ragan.  Ragan is without sufficient information at this time to admit or deny the allegations in paragraph 149 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

150-151.   Ragan is without sufficient information at this time to admit or deny the allegations in paragraphs 150-151 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

152.   Ragan hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

153-158.   Denied.

### Jury Demand

Ragan demands a jury for all claims and admits that Plaintiffs demand a jury as well.

### Plaintiffs' Request for Relief

Ragan denies that Plaintiffs are entitled to any relief in the section of the Complaint titled "XVI. REQUEST FOR RELIEF".

### Affirmative Defenses

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Ragan asserts the following defenses:

1.   The Court lacks personal jurisdiction over Ragan.

DEFENDANT STEVE RAGAN'S ANSWER
TO PLAINTIFFS' COMPLAINT
PAGE 19



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

2.  Plaintiffs fail to state a claim upon which relief can be granted.

3.  Plaintiff RCM is precluded from asserting its state-law claims because it is not registered to do business with the Washington Secretary of State.  *See* RCW § 23.95.505.

4.  Plaintiffs failed to mitigate their damages.  On information and belief, Plaintiffs could have used reasonable efforts to mitigate their damages, including without limitation by not engaging in the conduct that is the subject of the Ragan Article and Vickery Article.

5.  Plaintiffs' claims against Ragan are barred due to the privilege of fair comment on matters of public concern.  The statements in the Ragan Article  constituted a fair comment on a matter of public concern, and Ragan did not make them maliciously or based on false statements of fact.

6.  In the event that the defendant bears the burden of proving the truth of the statements at issue, Plaintiffs' claims against Ragan are barred because the statements in the Ragan Article were true and, at a minimum, substantially true and the gist, or "sting," of the Ragan Article was true.

7.  In the unlikely event of liability on the part of Ragan, punitive and exemplary damages are unavailable to Plaintiffs under Washington law.

8.  The statements in the Ragan Article are protected under the First

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1   Amendment to the U.S. Constitution and Article I Section 5 of the Washington

2   Constitution.

### Prayer

5       For the foregoing reasons, Defendant Steve Ragan respectfully requests that the

6   Court dismiss Plaintiffs' suit against Ragan, and grant Ragan such other relief to which

7   he may be justly entitled.

        Respectfully submitted this 26th day of October, 2017.

                            s/Kevin J. Curtis, WSBA No. 12085
                            WINSTON & CASHATT, LAWYERS
                            601 W. Riverside, Ste. 1900
                            Spokane, WA 99201
                            (509) 838-6131
                            Facsimile: (509) 838-1416
                            E-mail Address: kjc@winstoncashatt.com

                            Charles L. Babcock IV (*admitted pro hac vice*)
                            cbabcock@jw.com
                            Texas Bar No. 01479500
                            William J. Stowe (*admitted pro hac vice*)
                            wstowe@jw.com
                            Texas Bar No. 24075124
                            JACKSON WALKER L.L.P.
                            1401 McKinney Street
                            Suite 1900
                            Houston, Texas 77010
                            (713) 752-4360 (telephone)
                            (713) 308-4116 (facsimile)

                            Attorneys for Defendants International Data
                            Group, Inc., CXO Media, Inc. and Steve Ragan

DEFENDANT STEVE RAGAN'S ANSWER
TO PLAINTIFFS' COMPLAINT
PAGE 21



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1
2
3
4

    I hereby certify that on October 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

5
6
7

Jason E. Bernstein - jake@newmanlaw.com
Leeor Neta *(admitted pro hac vice)* - leeor@newmanlaw.com
Attorneys for Plaintiffs

8
9
10
11

Christopher B. Durbin - cdurbin@cooley.com
Matthew D. Brown *(admitted pro hac vice)* - brownmd@cooley.com
Amy M. Smith *(admitted pro hac vice)* - amsmith@cooley.com
Attorneys for Defendant Kromtech Alliance Corporation

12
13

Aaron Rocke - aaron@rockelaw.com
Attorney for Defendant Chris Vickery

14
15
16
17
18
19
20

                s/Kevin J. Curtis, WSBA No. 12085
                WINSTON & CASHATT, LAWYERS
                Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan
                601 W. Riverside, Ste. 1900
                Spokane, WA 99201
                (509) 838-6131
                Facsimile: (509) 838-1416
                E-mail Address: kjc@winstoncashatt.com

21
22
23
24

DEFENDANT STEVE RAGAN'S ANSWER
TO PLAINTIFFS' COMPLAINT
PAGE 22

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

19275271v 1