Jason Bernstein, WSBA No. 39362
*jake@newmanlaw.com*
Leeor Neta, *pro hac vice*
*leeor@newmanlaw.com*
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle WA 98121
Telephone:     (206) 274-2800
Facsimile: (206) 274-2801

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KROMTECH ALLIANCE CORPORATION, et al., <br><br> Defendants. | Case No. 2:17-cv-00105-SAB <br><br> **JOINT CERTIFICATE OF COMPLIANCE WITH STATUS CONFERENCE ORDER AND RULE 26(f) DISCOVERY SCHEDULING AND PLANNING CONFERENCE REPORT** |

In accordance with the Court's October 27, 2017, Notice Setting Telephonic Scheduling Conference (the "Conference Notice") and Rule 26(f), Federal Rules of Civil Procedure, a meeting was held on November 15, 2017 and was attended by:

Attorneys for Plaintiffs River City Media, LLC, Amber Paul, Mark Ferris and Matt Ferris:

Jake Bernstein
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121

Counsel for Defendant Chris Vickery:

Jeremy Bartels
ROCKE LAW GROUP, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104

Counsel for Defendants CXO, IDG, and Steve Ragan:

Charles L. Babcock
William Stowe
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, TX 77010

Kevin J. Curtis
Winston & Cashatt
601 W. Riverside #1900
Spokane, WA 99201

Counsel for Defendant Kromtech Alliance Corp. ("Kromtech"):

Matthew D. Brown
Amy M. Smith
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111

At that telephonic meeting, the parties conferred on the topics required by the Conference Notice and Federal Rule 26(f) and report the following:

A. The parties discussed the nature and basis of their claims. The following statements present the particular views of the identified party or parties:

1. **Plaintiffs**: Since 2009, Matt Ferris, Mark Ferris, Amber Paul, and others have operated River City Media, LLC, a successful marketing company based in Eastern Washington. River City is used by some of the world's most recognizable brands, including MetLife, LifeLock, Liberty Mutual, Match.com, DirectTV, and Lyft. River City consistently produces transparent, clean, and quality email marketing campaigns. River City has never been investigated—let alone sued—by anyone for violating regulations on email marketing. As such, River City has always had a sterling reputation in the industry. But that reputation was destroyed after Defendants perpetrated a coordinated, months-long cyberattack against River City and its principals. The stated purpose was to destroy Plaintiffs' business and reputations. One of the defendants, Chris Vickery, has a long history of using illegal methods to gain unlawful and unauthorized access to private databases and then publicizing his findings in order to make a name for himself as a security researcher. Here, Vickery attacked River City's electronic infrastructure, spent months worming his way through River City's networks, collected confidential, proprietary, and sensitive data, and used it to intentionally harm River City's information technology systems. Vickery then convinced the remaining Defendants to assist him in publicizing and "exposing" Plaintiffs by publishing multiple false and defamatory articles on their blogs and news websites. This served only to compound and magnify the harm caused by the cyberattack on River City's digital infrastructure.

Defendants' criminal actions caused immense damage to Plaintiffs' businesses, reputations, livelihoods, and physical and mental health. River City has now gone under. And anyone on the internet can access the personal and private information of River City's principals. Plaintiffs bring this action to salvage their reputation, recover their damages, and prevent Defendants from victimizing them—or anyone else—in the future. This case presents few serious doubts as to the defendants' liability. The evidence—much of which comes directly from the defendants—is overwhelming and clear. Plaintiffs have preserved sufficient technical evidence to permit inspection by experts, if necessary, which will only serve to corroborate their story.

2. **Defendant Chris Vickery**: Mr. Vickery denies all alleged wrongdoing in this matter and asserts affirmative defenses that otherwise prevent Plaintiffs' recovery. At all times relevant to the allegations contained in Plaintiffs' Complaint, Mr. Vickery acted lawfully and Mr. Vickery is not liable or responsible for any of the alleged damages.

3. **Defendant Kromtech**: Kromtech has moved to dismiss for lack of personal jurisdiction and for failure to state a claim, and anticipates renewing its motion to dismiss following jurisdictional discovery. Kromtech retained Mr. Vickery as an independent contractor to consult on Kromtech's network security and to supply two articles each month to be published on the security blog hosted on Kromtech's MacKeeper.com website. Kromtech did not exercise control over the alleged conduct by Mr. Vickery and contents of his article that the Complaint alleges to be actionable.

4. **Defendant International Data Group**: International Data Group, Inc. ("IDG") has moved to dismiss for lack of personal jurisdiction and will be renewing its motion following jurisdictional discovery. IDG did not

publish any articles, did not engage in any of the conduct alleged in the Complaint, and did not assist or approve of any other Defendant in engaging in any of the conduct alleged in the Complaint.

5. **Defendant CXO**: CXO Media, Inc. ("CXO") has moved to dismiss for lack of personal jurisdiction and will be renewing its motion following jurisdictional discovery. CXO did not assist, contribute to, facilitate, or otherwise aid and abet the actions of any other Defendant in obtaining any materials (electronic or otherwise) unlawfully from Plaintiffs. The only act of any Defendant that was approved by CXO was the authoring and publishing of Mr. Ragan's article on CSO Online, which CXO contends is not defamatory. Further, the article was based on information obtained by Mr. Ragan from Vickery, but neither CXO nor Mr. Ragan played any part in the allegedly unlawful acts of intrusion into Plaintiffs' computers. The Supreme Court has expressly held that publishing documents provided by a third party does not make a journalist liable for any wrongdoing that the provider of the documents engaged in to obtain the documents. *See Bartnicki v. Vopper,* 532 U.S. 514, 535 (2001).

6. **Defendant Steve Ragan**: Mr. Ragan may file a motion for reconsideration regarding the denial of his motion to dismiss for lack of personal jurisdiction and, in any event, contends that he is not liable on any claims. He in no way assisted, contributed to, facilitated, or otherwise aided and abetted Vickery or any other Defendant in obtaining any materials (electronic or otherwise) unlawfully from Plaintiffs. Mr. Ragan, a journalist, authored a non-defamatory article based on information that he received from Vickery on a matter of public concern. Mr. Ragan did not participate in any of the alleged illegal acts of intrusion into Plaintiffs' computers, and he is not liable. The Supreme Court has expressly held that publishing documents provided by a third party does not make a

journalist liable for any wrongdoing that the provider of the documents engaged in to obtain the documents. *See Bartnicki v. Vopper,* 532 U.S. 514, 535 (2001).

B. The parties agreed that without completing jurisdictional discovery and making renewed motions to dismiss in response to an amended complaint, they cannot resolve issues of jurisdiction and venue.

C. The parties anticipate the following motions. The following statements present the particular views of the identified party or parties:
   1. By Plaintiffs:
      a. A motion for protective order related to Defendants' notices of deposition when the Court has only ordered early discovery as to
         i. The relationship between CXO, Vickery and Ragan; and
         ii. The relationship between IDG and CXO.
   2. By IDG:
      a. Renewed motion to dismiss for lack of personal jurisdiction;
      b. A motion to compel depositions of Plaintiff River City Media, LLC's corporate representative and a deposition of Plaintiff Matt Ferris for the limited purpose of jurisdictional discovery;
   3. By CXO:
      a. Renewed motion to dismiss for lack of personal jurisdiction;
      b. A motion to compel deposition of Plaintiff River City Media, LLC's corporate representative and a deposition of Plaintiff Matt Ferris for the limited purpose of jurisdictional discovery;
   4. By Ragan:
      a. A motion for reconsideration of Defendant Ragan's motion to dismiss.

5. By Kromtech:
    a. Renewed motion to dismiss for lack of personal jurisdiction.
6. By Vickery:
    a. A fact-based dispositive motion.

D. The parties discussed the possibility of settlement and concluded that while there are no present settlement discussions, future settlement negotiations may proceed depending on how the litigation evolves.

E. The parties discussed the creation of a joint discovery plan and came to the following agreements:

1. Defendant Vickery and the Plaintiffs will continue with their merits-discovery that is already in progress. Both Defendant Vickery and Plaintiffs have already made the necessary Rule 26(a)(1) disclosures.
2. Defendants CXO, IDG, and Kromtech will be limited to exchanging jurisdictional discovery requests with Plaintiffs. The parties suggest that jurisdictional discovery be completed by January 31, 2018, with a deadline to amend the complaint of February 14, 2018. The parties who must respond to the amended complaint will file such responses by March 14, 2018. If any party's response is a motion, any opposition to that motion will be due four weeks later, with another three weeks allocated for reply briefing.
3. Plaintiffs and Defendants CXO, IDG, and Kromtech will not conduct merits-based discovery until jurisdictional questions have been resolved.
4. Subject to a possible motion for reconsideration on personal jurisdiction, Plaintiffs and Ragan are free to begin merits-based discovery upon the Court's entry of a scheduling order.

    5.    The parties do not feel that any changes need to be made in the limitations on discovery imposed by the Federal Rules or by local rule.

    6.    The parties also discussed the need to submit a stipulated protective order to the Court. The parties will present a model Protective Order by November 28, 2017.

    7.    The parties discussed production format for any electronic discovery. Plaintiffs indicated that they could likely provide all electronic discovery in native format, or any other reasonable format requested by the propounding party.

F.    Defendants IDG, CXO, and Kromtech will disclose the information required by Rule 26(a)(1) on or before fourteen days after the Court has ruled on the renewed motions to dismiss for lack of personal jurisdiction. Ragan will disclose the information required by Rule 26(a)(1) by November 29, 2017.

G.    The parties discussed potential trial dates and agreed upon an initial trial date of June 10, 2019. The parties anticipate that 10 trial days will be sufficient in this litigation. The parties agreed to calculate all remaining deadlines based upon the Conference Notice.

H.    The parties did not identify any necessary or recommended special procedures, modifications to the standard pretrial procedures, or possible methods of bifurcation as stated in ¶ e(2)–e(4) of the Conference Notice.

I.    The parties stated that they were all preserving all discoverable information.

J.    The parties agreed that while the case was not particularly complex, it will likely involve some novel legal issues and specialized proof.

1  K.  The parties do not wish to request a Magistrate Judge for this matter.

3  L.  The parties agreed on a preference to notice motions and other matters in Spokane.

Dated: November 18, 2017                NEWMAN DU WORS LLP

*[signature]*
Jason Bernstein, WSBA No. 39362
*jake@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle WA 98121
Telephone:   (206) 274-2800
Facsimile:   (206) 274-2801

Counsel for Plaintiffs
River City Media, LLC, Mark Ferris, Steve Ragan, Matt Ferris and Amber Paul

Dated: November 18, 2017                ROCKE LAW GROUP, PLLC

s/ Aaron V. Rocke
Aaron V. Rocke, WSBA No. 31525
*aaron@rockelaw.com*
101 Yesler Way, Suite 603
Seattle, WA 98104
Telephone:   (206) 652-8670

Counsel for Defendant
Chris Vickery

| | |
|---|---|
| Dated: November 18, 2017 | WINSTON & CASHATT, LAWYERS |
| | s/ Kevin J. Curtis |
| | Kevin J. Curtis, WSBA No. 12085 |
| | *kjc@winstoncashatt.com* |
| | 601 W. Riverside, Suite 1900 |
| | Spokane, WA 99201 |
| | Telephone:    (509) 838-1416 |
| | |
| | Counsel for Defendants |
| | International Data Group, Inc., CXO Media, Inc. and Steve Ragan Chris Vickery |
| | |
| Dated: November 18, 2017 | COOLEY LLP |
| | |
| | s/ Christopher B. Durbin |
| | Christopher B. Durbin, WSBA No. 41159 |
| | *cdurbin@cooley.com* |
| | 1700 Seventh Avenue, Suite 1900 |
| | Seattle, WA 98101-1355 |
| | Telephone:    (206) 452-8700 |
| | |
| | Counsel for Defendant |
| | Kromtech Alliance Corporation |

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the United States of America and the laws of the State of Washington that all participants in the case are registered CM/ECF users and that service of the foregoing documents will be accomplished by the CM/ECF system on November 18, 2017.

/s/ Jason Bernstein
Jason Bernstein, WSBA No. 39362
*jake@newmanlaw.com*
Newman Du Wors LLP
2101 Fourth Ave., Ste. 1500
Seattle, WA 98121
(206) 274-2800