Leeor Neta, *admitted pro hac vice*
leeor@newmanlaw.com
Jake Bernstein, WSBA No. 39362
*jake@newmanlaw.com*
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, et al., | Case No. 2:17-cv-00105-SAB |
| Plaintiffs, | **OPPOSITION TO DEFENDANT CXO MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| KROMTECH ALLIANCE CORPORATION, et al., | Hearing Date: Feb. 5, 2018, 6:30 p.m. Without Oral Argument |
| Defendants. | |

Plaintiff River City Media, LLC, ("Plaintiff" or "River City") respectfully submits the following Opposition to Defendant CXO Media, Inc.'s ("CXO") Motion for Protective Order ("Motion").

## INTRODUCTION

This case is about a devastating computer hacking campaign that damaged River City's technological infrastructure and the follow-up media stories and attention that ruined its reputation in the internet marketing industry. Complaint, ECF No. 1 at 2–3. Before the campaign, River City was a multi-million-dollar internet marketing enterprise bringing jobs and revenue to Spokane. *Id*. After the campaign, it was out of business—all because of Defendants' actions. *Id.*

Following Defendants' unsuccessful Motions to Dismiss, the parties began Phase 1 of discovery, relating to whether the Eastern District of Washington can

OPPOSITION TO DEFENDANT CXO'S
MOTION FOR PROTECTIVE ORDER –1
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

exercise jurisdiction over Defendants. Plaintiffs requested various categories of documents, including the following: CXO's corporate relationships with the other Defendants and the connections between CXO's website and the State of Washington. CXO refuses to produce this information or these documents, alleging confidentiality concerns and its perceived need for a protective order. But CXO does not—and cannot—meet its burden to successfully move for a protective order. CXO cannot establish that the information sought is confidential, or that it would be harmed by a hypothetical disclosure of that information. CXO cites no authority in support of its position, relying instead on an overly broad and conclusory declaration and irrelevant personal attacks on Plaintiffs. The information sought is not confidential, CXO provides no compelling reason that this Court should depart from its policy of open proceedings, and its motion should be denied.

## FACTUAL BACKGROUND

**A.    The Relationship Between Defendants.**

CXO owns and operates the internet security-focused website, CSOonline.com, and hosts Ragan's blog, "Salted Hash," a blog focused on data breach and cybersecurity information. Motion at (CITE). CSOonline.com, known internationally as a source of security reporting, boasts 786,000 average monthly page views from 395,000 average monthly unique visitors. *See* Declaration of Matt Smith in Support of CXO's Motion for Protective Order, Dkt. 69-1, at ¶ 3; Declaration of Matt Ferris in Opposition to Defendants' Motion to Dismiss ("Ferris Decl."), Dkt. 25, ¶ 24, Ex. 4 (CSO Media Kit, available at https://www.idgenterprise.com/reach/cso/, last visited April 28, 2017). CSOonline.com considers itself the "leading source" for security professionals to "connect exclusively with key security decision-makers." *Id*.

These websites demonstrate that CSO is a brand of IDG Enterprise. But they also disclose the identities of officers and executives shared between IDG,

OPPOSITION TO DEFENDANT CXO'S
MOTION FOR PROTECTIVE ORDER –2
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

IDG Enterprise, and CXO. Declaration of Amber Paul in Support of Plaintiff's Opposition to CXO's Motion for Protective Order ("Paul Decl."), ¶¶ 7-11. There are multiple executives who serve roles across all these entities. *Id.* And the About Us page for CSOonline.com states it "is published by IDG Enterprise, which is an IDG (International Data Group) company." Paul Decl. ¶ 7.

**B.     The Discovery at Issue**

Following this Court's denial of Defendants' motions to dismiss for lack of jurisdiction (Dkt. 60), the parties began the first phase of discovery related to jurisdictional issues. Among other things, Plaintiffs requested discovery related to the relationships between the Defendant entities and their leadership team; the revenue generated through the sale of CXO's products or services in the US and Washington; and the number of visitors and subscriptions to CXO's website from the state of Washington. *See* Declaration of Leeor Neta in Support of Plaintiffs' Opposition to Defendant CXO's Motion for Protective Order ("Neta Decl.), Ex. A. Each of these categories is directly related to jurisdictional issues. Plaintiffs are entitled to verify that CXO, via CSOonline.com, reaches tens or hundreds of thousands of readers in Washington on a monthly basis. And that CXO's publications are widely read among the members of Washington's technology industry.

CXO has objected to each of the above requests by refusing to produce any information or documents unless and until a protective order is entered in this case. Ex. A to Neta Decl.; Motion at 8. Defendants claim that this information is "highly-confidential, commercially sensitive, [and] proprietary." Motion, Dkt. 69, at 3-4. Defendants do not—and cannot—provide any rationale for their claim of confidentiality as to documents and information related to CXO's corporate structure; the executive leadership team of CXO; or the relationship between IDG and CXO. And Defendants submit only one self-serving, conclusory declaration in support of the "confidentiality" of documents related to the amount of revenue the

OPPOSITION TO DEFENDANT CXO'S
MOTION FOR PROTECTIVE ORDER –3
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Case 2:17-cv-00105-SAB    ECF No. 73    filed 01/19/18    PageID.723    Page 4 of 9

CXO brand(s) or propert(ies) generate; the number of views or daily unique visitors with IP addresses located within the state of Washington; and the number of paid subscriptions sent to any address in the state of Washington. Indeed, Plaintiffs have been able to locate some of this information simply by searching the internet. Neta Decl. ¶3.

## ARGUMENT

As this Court made clear in the Scheduling Conference held on 11/28/2017, (*see* Dkt. 65), Federal District Court is a public forum and its business should be conducted publicly unless a compelling reason exists to keep the proceedings or details of the proceedings confidential. Neta Decl. at ¶4. Pursuant to Fed. R. Civ. P. 26(c), protective orders should only be issued "for good cause shown." "Information sought during pre-trial discovery is ***presumptively open to the public***." *Cabell v. Zorro Productions, Inc.,* 294 F.R.D. 604, 607 (W.D. Wash. 2013) (emphasis added). A party seeking a protective order may override this presumption by demonstrating "good cause." *Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1210 (9th Cir.2002). Defendants have fallen short of meeting this burden.

**A.    CXO's Motion is a false and unprincipled *ad hominem* attack against Plaintiffs.**

CXO spills an inordinate amount of proverbial ink launching spurious—and irrelevant—attacks against Plaintiffs in an apparent attempt to further destroy Plaintiffs' reputation. Ironically, in a case centered on Defendants' thievery *and publication* of Plaintiffs' confidential information, Defendants label *Plaintiffs* as "nefarious individuals" who cannot be trusted with this "confidential" information. Motion at 8. While this attack is irrelevant to Defendant's Motion and this case and Plaintiffs decline to waste the Court's time refuting these baseless and wholly immaterial allegations, Plaintiffs note that CXO cites only to the ROKSO database compiled by the Spamhaus Project. This database is owned and operated

by an ideologically opposed source located in the United Kingdom that regularly fails to verify its facts prior to publication and that recklessly labels businesses as "spammers" with no regard for American law.. Neta Decl. at ¶5. In fact, it is not uncommon for the information compiled by the Spamhaus Project to be proven false. *Id*. Neither River City Media nor any of its principals has ever been sued under a *civil* anti-spam statute, let alone *convicted* of *(*or even prosecuted for*)* violating a criminal spam law, such as the CAN-SPAM Act. Ferris Decl. ¶ 4.

But such allegations are irrelevant. Regardless of the nature of the recipient party, CXO fails to independently make the case that the information they seek to conceal from the public is confidential, or that its open use in this litigation would cause CXO harm.

**B.    CXO has failed to demonstrate that it will suffer any clearly defined harm.**

To obtain a protective order, the moving party bears the burden of showing that "specific prejudice or harm will result if no protective order is granted." *Id.* at 1210. *See also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir.2004) ("The burden is upon the party seeking the order to "show good cause" by demonstrating harm or prejudice that will result from the discovery."); *Seiter v. Yokohama Tire Corp.,* C08-5578 FDB, 2009 WL 2461000, at *1 (W.D. Wash. Aug. 10, 2009) ("The moving party must make a clear showing of a particular and specific need for the order.")

On the few occasions when protective orders are appropriate, they should be narrowly drawn with a presumption in favor of open and public litigation. The showing necessary to establish good cause must be particular and specific:

> To establish good cause for a protective order under Fed. R. Civ. P. 26(c), the courts have insisted on a ***particular and specific factual demonstration***, as distinguished from stereotyped and conclusory statements, revealing some injustice, prejudice, or consequential harm that will result if protection is denied.

OPPOSITION TO DEFENDANT CXO'S
MOTION FOR PROTECTIVE ORDER –5
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

> Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning, do not satisfy the rule. The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. ***Such a party must demonstrate that failure to issue the order will work a clearly defined harm***.

10A Fed. Proc. Law. Ed. § 26:282 (emphasis added); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Industries, Inc. v. Intl. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (*citing Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986).

CXO fails to meet its burden. CXO has failed to establish that the information requested is confidential or that its use in this litigation would cause harm to CXO. Plaintiffs ask for discovery related to two broad categories: (1) the relationships between Defendant entities and their leadership and staff; and (2) revenue and traffic information for CXO's website. Plaintiffs do not seek proprietary information such as computer code, customer lists, or any information that required CXO to invest time and effort to acquire. See *UCC Ueshima Coffee Co., Ltd. v. Tully's Coffee Corp.,* C06-1604RSL, 2007 WL 710092, at *1 (W.D. Wash. Mar. 6, 2007).

The only support CXO provides for its assertion that the information sought is confidential and should be protected under its proposed order is the declaration of Matt Smith, Vice President of CXO. Mr. Smith provides the simple and unsupported conclusion that the "documents and information… are not generally known or readily available," that "the information is extremely valuable to CXO," and that "CXO takes measures to guard the secrecy of various information." Smith Decl., Dkt 69-1, at ¶ 4. But Plaintiffs have been able to find at least some of this data simply by looking online. Neta Decl. ¶6.

OPPOSITION TO DEFENDANT CXO'S
MOTION FOR PROTECTIVE ORDER –6
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Mr. Smith goes on to state that "CXO would suffer great competitive harm if the information were made available to CXO's competitors as it would provide them not only a pricing advantage but an advantage in determining what strategies to utilize." *Id.* at ¶ 5. But he fails to explain how information regarding Defendants' organizational structure and site traffic and revenue would reveal "strategies." Nor can he explain how a competitor learning of CXO's pricing information—which a hypothetical competitor could access simply by speaking with CXO's customers—would harm CXO. CXO instead provides only "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Beckman Industries,* 966 F.2d at 476. CXO cannot meet its burden.

**C.  Plaintiffs are entitled to expenses and attorneys' fees incurred in opposing CXO's meritless motion.**

Finally, Fed. R. Civ. P 37(a)(5) governs the award of expenses to a party against whom a protective order is sought but not obtained. Fed. R. Civ. P. 26(c)(3). A Court *must* require an unsuccessful movant to pay reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified. Fed. R. Civ. P 37(a)(5). CXO's gamesmanship during this extremely limited time for jurisdictional discovery is not justified—it cannot show that the information sought is confidential or that it would be harmed by its possible (though highly improbable) disclosure. CXO's unwarranted and irrelevant attacks on Plaintiffs' moral character and reputations simply underscores CXO's lack of good faith in bringing its Motion. This unnecessary motion practice merely adds to the burden already faced by Plaintiffs in recovering from the defamatory articles and publishing of their confidential data by Defendants. The Court should order CXO to pay Plaintiffs' costs and fees.

## CONCLUSION

CXO has failed to meet its burden to demonstrate that the information sought by Plaintiffs is confidential or that it would be harmed in the absence of a

OPPOSITION TO DEFENDANT CXO'S
MOTION FOR PROTECTIVE ORDER –7
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

protective order. There is simply no reason for this Court to depart from its regular policy of maintaining an open and public record of court proceedings. For these reasons, Plaintiffs respectfully request that this Court deny CXO's Motion for Protective Order and award them their costs and a reasonable attorney's fees incurred in opposing it.

Dated: January 19, 2018    Newman Du Wors LLP

*[signature]*
Jason E. Bernstein, WSBA Bar No. 39362
*jake@newmanlaw.com*
Leeor Neta, *admitted pro hac vice*
*leeor@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800

Attorney for Plaintiffs
RIVER CITY MEDIA, LLC

OPPOSITION TO DEFENDANT CXO'S
MOTION FOR PROTECTIVE ORDER –8
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

**Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan**

Kevin J. Curtis
WINSTON & CASHATT
601 W. Riverside, Ste. 1900
Spokane, WA 99201
*kjc@winstoncashatt.com*

Charles L. Babcock
William J. Stowe
Jackson Walker L.L.P.
1401 McKinney Street, Suite 1900
Houston, TX 77010
*cbabcock@jw.com*
*wstowe@jw.com*

**Attorneys for Kromtech Alliance Corp.**

Amy McGowan Smith
Matthew D. Brown
Cooley LLP
1355101 California Street, 5th Floor
San Francisco, CA 94111
*amsmith@cooley.com*
*brownmd@cooley.com*

Christopher B. Durbin
Cooley LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
*cdurbin@cooley.com*

**Attorneys for Defendant Chris Vickery**

Aaron Rocke
Rocke Law Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
*aaron@rockelaw.com*

Edward Charles Chung
Chung, Malhas & Mantel PLLC
1511 Third Avenue, Suite 1088
Seattle, WA 98101
*Echung@cmmlawfirm.com*

I declare under penalty of perjury that the foregoing is true and correct.

_____
Arlyne Sorrells
Paralegal

OPPOSITION TO DEFENDANT CXO'S MOTION FOR PROTECTIVE ORDER –9
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800