Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
Telephone: (509) 838-6131

Charles L. Babcock IV (*admitted pro hac vice*)
cbabcock@jw.com
Texas Bar No. 01479500
William J. Stowe (*admitted pro hac vice*)
wstowe@jw.com
Texas Bar No. 24075124
JACKSON WALKER L.L.P.
1401 McKinney Street
Suite 1900
Houston, Texas 77010
(713) 752-4360 (telephone)
(713) 308-4116 (facsimile)

Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, a Wyoming limited liability company, MARK FERRIS, an individual, MATT FERRIS, an individual, and AMBER PAUL, an individual, <br><br>Plaintiffs, <br><br>vs. | No. 2:17-cv-105-SAB <br><br> DEFENDANTS CXO MEDIA, INC.'S REPLY TO RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER <br><br>Hearing Date: February 5, 2018 @ 6:30 pm <br> Without Oral Argument |

DEFENDANT CXO MEDIA, INC.'S REPLY TO RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | KROMTECH ALLIANCE CORPORATION, a German corporation, CHRIS VICKERY, an individual, CXO MEDIA, INC., a Massachusetts corporation, INTERNATIONAL DATA GROUP, INC., a Massachusetts corporation, and STEVE RAGAN, an individual, and DOES 1-50, |
| 7 | Defendants. |

Defendant CXO Media, Inc. ("CXO") respectfully submits this Reply to Plaintiff River City Media, LLC ("RCM") Opposition (ECF No. 73) ("Opposition") to CXO's Motion for Protective Order (ECF No. 69) ("Motion") as follows:

### Introduction

Plaintiff RCM presents no evidentiary support in its opposition to CXO's Motion, other than a declaration from Leeor Neta, counsel for RCM, stating (<u>without specifying a single example</u>) that some of the information sought by RCM, which CXO seeks to protect as highly confidential, was allegedly found on the internet. RCM's silence on what was allegedly found on the internet speaks volumes. RCM gives no example because it cannot find on the internet the specific information that CXO treats as highly confidential and which it seeks to protect, such as revenue per article for the article at issue, number of views for the article, location of viewers, and highly confidential corporate data. Again, <u>CXO is not seeking to prevent Plaintiffs from learning this</u>

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

information; it is only seeking a protective order that governs how Plaintiffs may use and distribute this information. This protection is particularly warranted since Plaintiffs are prone to spewing information across email and text messages (including illegally as discussed by the Sixth Circuit and referenced in the Motion[1]). Plaintiffs' troubled history and disrespect for the rights of others, together with CXO's interest in its highly confidential, commercially-sensitive and proprietary information, make a protective order necessary.

## Argument

**A. Plaintiffs Have Not Rebutted the Proof Offered by CXO Regarding Confidentiality or Harm to CXO from Allowing Plaintiffs (World-Renowned Spam Artists) to Spew CXO's Confidential Information.**

Plaintiffs state that CXO "submits only one self-serving, conclusory declaration in support of the 'confidentiality' of the documents related to the amount of revenue the CXO brands) or propert(ies) generate; the number of views or daily unique visitors with IP addresses located within the state of Washington; and the number of paid subscriptions sent to any address in the state of Washington." Opposition at 3-4. Plaintiffs then state that they "have been able to locate some of this information simply by searching the internet" and cite their attorney's declaration. *Id.* at 4. But a quick look at their

---

[1] *See* Motion (ECF No. 69) at 6-7.

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 3



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

attorney's declaration indicates that it does not specify *any* information that was found on the internet, much less the number of views or daily unique visitors with IP addresses located within the state of Washington, or the number of paid subscriptions sent to any address in the state of Washington. *See* Neta Decl. (ECF No. 74). Instead, the attorney vaguely declares that "[b]y searching the internet Plaintiffs have been able to locate *a variety of information* about Defendants, including certain information they requested in their Interrogatories and Requests for Production." *Id.* ¶ 3 (emphasis added).

Conclusory declarations with no supporting details or evidence are entitled to no weight. *See generally Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012) ("Conclusory, self-serving affidavits, lacking detailed facts and any supporting evidence, are insufficient to create a genuine issue of material fact.") (internal quotation marks, brackets and citation omitted). Plaintiffs' attorney's declaration does not establish what he was allegedly able to find on the internet or – equally important – that it was actually something that was sought in jurisdictional discovery that CXO sought to designate as confidential (*e.g.,* revenue from a specific article, number of views of that

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

article, location of viewers of the article). The reason is simple: Plaintiffs cannot find such information on the internet.[2]

In contrast to the conclusory declaration offered by Plaintiffs' attorney, which is entitled to no weight, CXO offered the highly detailed declaration of its Vice President, Matthew Smith, who provided factual details regarding not only the information at issue and the measures that CXO takes to keep the information confidential, but the harm CXO would suffer if Plaintiffs were able to spew it without any regulation. *See* Smith Decl. (ECF No. 69-1) ¶¶ 3-5. As examples, Mr. Smith noted that the relevant employees' computers are password-protected and restriction notices are used for these confidential

---

[2] Plaintiffs' counsel's conclusory, fact-bare statements are not limited to what he allegedly found on the internet. He also states, with absolutely no details or evidence, that the ROKSO database "is owned and operated by an ideologically opposed source [whatever that means] located in the United Kingdom that regularly fails to verify its facts prior to publication . . . ." Neta Decl. (ECF No. 74) ¶ 5. In contrast, CXO offered proof that the **FBI** works with ROKSO's operator; ROKSO's operator has received an award from the FBI-established, nonprofit National Cyber Forensics and Training Alliance; and it has frequently been referenced in the media, including recently by the Rachel Maddow Show. *See* Motion (ECF No. 69) at 4-5.

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

documents. *Id.* ¶ 4. Further, Mr. Smith explained how CXO would be harmed. For example, Mr. Smith explained that CXO's competitors could use the information to obtain a "pricing advantage" as well as advantages in determining what strategies to utilize. *Id.* He noted that this information was extremely valuable to CXO and would be "valuable to CXO's competitors" because it contained "pricing" and "performance" information. *Id.* ¶ 4. Mr. Smith went into detail about how CXO considers and treats these documents as highly confidential. *See id.* ¶¶ 3-5.

Plaintiffs argue that Mr. Smith does not "explain how a competitor learning of CXO's pricing information—which a hypothetical competitor could access simply by speaking with CXO's customers—would harm CXO." Opposition at 7. First, Plaintiffs offer no evidence supporting their unsubstantiated assertion that a "hypothetical competitor" could access CXO's detailed pricing information "simply by speaking with CXO's customers." Second, Mr. Smith does in fact explain why CXO would be harmed – it would provide CXO's competitors with a "pricing ***advantage***,"[3] which Plaintiffs ignore. That is, competitors could undercut CXO's business with the advantage of knowing pricing structure used by CXO.

---

[3] Smith Decl. (ECF No. 69-1) ¶ 5 (emphasis added).

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 6

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Plaintiffs also argue that Mr. Smith "fails to explain how information regarding Defendants' organizational structure and site traffic and revenue would reveal 'strategies.'" Opposition at 7. That is like saying that a fisherman who claims his fishing routes and revenue-by-fish-type reveal his strategies has not sufficiently justified that they reveal his strategies. "Site traffic," "revenue," and "organizational structure," when used in connection with an *online business*, necessarily reveal the online business' strategies.

Plaintiffs repeatedly cite *Beckman Industries, Inc. v. Intl. Ins. Co.*, 966 F.2d 470 (9th Cir. 1992), but that case is clearly distinguishable. That case involved a "blanket protective order in 1986 keeping *all* discovery confidential." *Id.* at 471 (emphasis added). The proposed protective order here provides limited protection to only those documents that qualify for protection and even then only if a party designates them. *See* Proposed Order (ECF No. 69-2) at ¶¶ 2-3.

In short, Plaintiffs have not rebutted the evidence offered by CXO establishing that certain information sought by Plaintiffs is highly confidential and valuable to CXO and, unless an order is in place governing its use, its unregulated disbursement by Plaintiffs (who are world-renowned spam artists as established in the Motion) would result in great harm to CXO. Because CXO has demonstrated good cause in the form of substantial

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 7

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

harm it will suffer if its highly confidential, commercially-sensitive documents are not protected, the Court should enter the proposed protective order.

**B.    Plaintiffs Do Not Argue, Much Less Show, That They Will Be Prejudiced By a Protective Order.**

In their Opposition, Plaintiffs simply ignore the cases cited by CXO establishing that courts consider whether the party opposing a protective order has demonstrated any prejudice resulting from a protective order. *See, e.g., Cabell v. Zorro Prods., Inc.*, 294 F.R.D. 604, 610 (W.D. Wash. 2013) ("Mr. Cabell has not established that restricting disclosure of the designated confidential and commercially sensitive information to his attorneys will prejudice his ability to demonstrate personal jurisdiction over Defendant."); *UCC Ueshima Coffee Co., Ltd. v. Tully's Coffee Corp.*, No. C06-1604RSL, 2007 WL 710092, at *2 (W.D. Wash. 2007) (noting non-moving party's inability to demonstrate that attorney's eyes only designations would prejudice its case weighed in favor of granting protective order).

The reason Plaintiffs do not even broach the subject of any prejudice to Plaintiffs is that Plaintiffs will not be prejudiced. Under the order, Plaintiffs can still use any document in this case produced by CXO (or any other party). *See* Proposed Order (ECF No. 69-2). The protective order simply outlines the manner in which Plaintiffs may use the documents. Plaintiffs' failure to even argue for, much less produce evidence

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 8

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

demonstrating, prejudice resulting from a protective order is yet another reason the Court should grant CXO's Motion.

### C. Plaintiffs Are Not Entitled to Expenses and Attorney's Fees.

Plaintiffs misquote Rule 37(a)(5). That Rule provides that if a motion to compel is denied, reasonable expenses incurred in opposing the motion, including attorney's fees, must be awarded unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Additionally, if the motion is granted, a court must require payment of the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless either the movant filed the motion before attempting in good faith to obtain disclosure, the opposing party's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A).

Here, CXO's Motion should be granted and the Motion is more than substantially justified. CXO has offered a detailed Motion with a detailed declaration describing exactly why CXO needs Court protection. CXO went out of its way to explain to Plaintiffs' counsel, on more than one occasion, why protection was needed. Plaintiffs' counsel could not logically explain why Plaintiffs were opposed to a protective order, which would in no way hinder their ability to learn the relevant information or use it in the case. Plaintiffs were the only parties to oppose the protective order. No co-defendant

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 9

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

said they were opposed. Unfortunately, Plaintiffs saw this as a means to be contrarian and oppose anything and everything suggested. Indeed, Plaintiffs would not agree to *any* confidentiality designations, ***despite Plaintiffs themselves designating numerous documents confidential***. CXO did not make Plaintiffs who they are or give them their history of nefarious conduct as set forth in the Motion. CXO discusses those facts because the need for protection is extremely heightened given the Plaintiffs' lurid history of spamming and other illegal conduct in derogation of the rights of others. If any expenses should be awarded, they should be awarded in favor of CXO.

### Prayer

For the foregoing reasons, Defendant CXO Media, Inc. respectfully requests that the Court sign the proposed Protective Order attached to the Motion, and grant CXO such other relief to which it may be justly entitled.

Respectfully submitted this 25th day of January, 2018.

    s/Kevin J. Curtis, WSBA No. 12085
    WINSTON & CASHATT, LAWYERS
    601 W. Riverside, Ste. 1900
    Spokane, WA 99201
    (509) 838-6131
    Facsimile: (509) 838-1416
    E-mail Address: kjc@winstoncashatt.com

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 10


Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Charles L. Babcock IV (*admitted pro hac vice*)
cbabcock@jw.com
Texas Bar No. 01479500
William J. Stowe (*admitted pro hac vice*)
wstowe@jw.com
Texas Bar No. 24075124
JACKSON WALKER L.L.P.
1401 McKinney Street
Suite 1900
Houston, Texas  77010
(713) 752-4360 (telephone)
(713) 308-4116 (facsimile)

Attorneys for Defendants International Data
Group, Inc., CXO Media, Inc. and Steve Ragan

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 11



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

I hereby certify that on January 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

    Jason E. Bernstein - jake@newmanlaw.com
    Leeor Neta *(admitted pro hac vice)* - leeor@newmanlaw.com
    Attorneys for Plaintiffs

    Christopher B. Durbin - cdurbin@cooley.com
    Matthew D. Brown *(admitted pro hac vice)* - brownmd@cooley.com
    Amy M. Smith *(admitted pro hac vice)* - amsmith@cooley.com
    Attorneys for Defendant Kromtech Alliance Corporation

    Edward C. Chung - Echung@cmmlawfirm.com
    Attorney for Defendant Chris Vickery

                       s/Kevin J. Curtis, WSBA No. 12085
                         WINSTON & CASHATT, LAWYERS
                         Attorneys for Defendants International Data
                         Group, Inc., CXO Media, Inc. and Steve Ragan
                         601 W. Riverside, Ste. 1900
                         Spokane, WA 99201
                         (509) 838-6131
                         Facsimile: (509) 838-1416
                         E-mail Address: kjc@winstoncashatt.com

DEFENDANT CXO MEDIA, INC.'S REPLY TO
RIVER CITY MEDIA, LLC'S OPPOSITION TO CXO
MEDIA, INC.'S MOTION FOR PROTECTIVE ORDER
PAGE 12

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

19760387v.3