FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, a Wyoming limited liability company, MARK FERRIS, an individual, MATT FERRIS, an individual, and AMBER PAUL, an individual,<br><br>    Plaintiffs,<br><br>  vs.<br><br>KROMTECH ALLIANCE CORPORATION, a German corporation, CHRIS VICKERY, an individual, CXO MEDIA, INC., a Massachusetts corporation, INTERNATIONAL DATA GROUP, INC., a Massachusetts corporation, and STEVE RAGAN, an individual, and DOES 1-50,<br><br>    Defendants. | No. 2:17-cv-105-SAB<br><br>**Protective Order** |

1.   This Order shall govern "CONFIDENTIAL INFORMATION," which term shall refer to documents, material or information produced in connection with the lawsuit and designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this Order, including, but not limited to, any type of document

Protective Order ~ 1

or testimony; any taped, recorded, written or typed matter, including the originals and all marked copies, whether different from the originals by reason of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, documents requests, and requests for admission, including all responses thereto; and any physical objects or other items or any other information gained by inspection of any tangible thing.

The parties desire that CONFIDENTIAL INFORMATION designated in accordance with this Order shall be treated according to the terms of this Order, and the dissemination of the information in the CONFIDENTIAL INFORMATION is restricted as provided herein.

2. Each page of CONFIDENTIAL INFORMATION that a party designates shall be stamped with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" prior to its production or, if inadvertently produced without such legend, by promptly upon discovery furnishing written notice to the receiving party that the information or document shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Order. Any stamping or marking shall be made so as not to interfere with the legibility of each such stamped or marked document.

    a. "<u>CONFIDENTIAL</u>": The "CONFIDENTIAL" designation shall be limited to confidential information that is used by a party in, or pertaining to, its business, which information is generally not known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. "Confidential Information'' as used herein means: trade secrets or other confidential research, development, or commercial information that

Protective Order ~ 2

the designating party believes to be of a proprietary business, financial, or technical nature, and not readily available to competitors or potential competitors, and information of employees who are not parties to this lawsuit.

      b.    "<u>CONFIDENTIAL-ATTORNEYS' EYES ONLY</u>":    The "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation shall be limited to highly confidential information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter that is believed to be unknown to the opposing party, or any employees of the opposing party, including any confidential personnel or financial information (including any account or credit card information) of a party or third-party.

3.    CONFIDENTIAL INFORMATION does not include documents, material or information that are:

    a.    independently developed by the receiving party without use of or reliance upon any of the disclosing party's CONFIDENTIAL INFORMATION;

    b.    rightfully acquired by the receiving party from an independent source, without restrictions as to use or obligations as to confidence;

    c.    prior to disclosure, rightfully in the possession or knowledge of the receiving party without restrictions of confidentiality;

    d.    publicly available in substantially the same form in which it was provided by the disclosing party claiming confidentiality;

    e.    required by law to be made available to third parties; or

    f.    public knowledge by means not in violation of this Order.

4.    Documents designated as "CONFIDENTIAL" may be used by the party

receiving it only for purposes of this lawsuit and may not be disclosed to any person without the prior written consent of the party producing it or an order of the Court, except that it may be disclosed to:

    a. the Court;

    b. counsel for the Parties, to be used for purposes of this lawsuit only;

    c. counsel's employees, to be used for purposes of this lawsuit only;

    d. Outside experts or consultants retained or in good faith proposed to be retained for the purpose of assisting counsel in the prosecution or defense of this litigation or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony (and clerical personnel of each such consultant or expert); provided that the disclosure of Confidential Information to such an expert or consultant shall be made only after counsel desiring to disclose Confidential Information to such an expert or consultant obtains a completed and signed undertaking in the form of Exhibit A attached hereto from the expert or consultant;

    e. the Parties and their respective members, officers, directors, and employees, to be used for purposes of this lawsuit only; and

    f. witnesses in depositions and any hearings before the Court, including hearings on motions brought by the Parties, to be used for purposes of this lawsuit only.

5. CONFIDENTIAL INFORMATION designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be used by the party's counsel receiving it only for purposes of this lawsuit and may not be disclosed to any person, including the receiving

party, without the prior written consent of the party producing it or an order of the Court, except that it may be disclosed to:

    a. the Court;

    b. counsel for the Parties, to be used for purposes of this lawsuit only,

    c. counsel's employees, to be used for purposes of this lawsuit only,

    d. Outside experts or consultants retained or in good faith proposed to be retained for the purpose of assisting counsel in the prosecution or defense of this litigation or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony (and clerical personnel of each such consultant or expert); provided that the disclosure of Confidential Information designated Confidential-Attorneys' Eyes Only to such an expert or consultant shall be made only after counsel desiring to disclose designated Confidential-Attorneys' Eyes Only to such an expert or consultant obtains a completed and signed undertaking in the form of Exhibit A attached hereto from the expert or consultant; and

    e. the specific person(s) who appear(s) on the face of the document to have authored or received it or his, her, or its authorized representative(s), to be used for purposes of this lawsuit only.

6. Any document containing financial account or credit card numbers will be treated as CONFIDENTIAL ATTORNEY'S EYES ONLY regardless of whether marked as such.

7. Subject to paragraphs 4 and 5, no disclosure of CONFIDENTIAL INFORMATION received from another party shall be made to any person under subparagraphs 4(d), 4(e), 4(f), or 5(d), until such person has been advised of this Order and

Protective Order ~ 5

has signed the Confidentiality Agreement attached hereto as Exhibit "A."

8. No person who has agreed to be bound, or who is ordered bound, by this Order may use or disclose any CONFIDENTIAL INFORMATION, except as provided herein.

9. If documents, material, information or testimony is sought in discovery in this lawsuit from a person (including any business entity) who is not a party, and such person or any party reasonably believes that the information sought is CONFIDENTIAL INFORMATION, such person or party may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with the provisions of this Order.

10. A party may contest a confidentiality designation by notifying the designating person or party, in writing, that the receiving party objects to the particular confidentiality designation. Those involved shall work together in good faith to resolve the objection. If no resolution is reached, the party contesting the designation shall file a motion with the Court within fifteen (15) days of the unsuccessful conference, seeking resolution of the objection.

11. A dispute as to confidentiality shall not be grounds for delay of or for a refusal to permit discovery. All of the documents, material, or information that are the subject of the dispute will continue to be subject to this Order unless and until the Court rules otherwise. No presumption of confidentiality shall arise merely because of the existence

of this Order.

12. Whenever CONFIDENTIAL INFORMATION is to be referred to or disclosed in a hearing, deposition, or any other proceeding in this lawsuit, any party claiming confidentiality may seek to exclude from the room any person who is not entitled to receive CONFIDENTIAL INFORMATION and may request that the Court seal any record of such proceedings.

13. Any party may designate a deposition or portion thereof as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by denominating by page and line those portions of the deposition which are to be considered "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" within fourteen (14) days of receiving the transcript and so informing all other parties of such designation. Each party shall attach a copy of such written statement or statements to the face of the transcript and each copy thereof in its possession, custody, or control. Until the fourteen-day period to designate deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" has passed, the deposition transcript shall be treated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Additionally, a Party may orally designate testimony as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" during the course of a deposition, in which case the court reporter and/or videographer shall transcribe and/or record the testimony so designated in

a separate volume marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY." Any party noticing a deposition shall provide a copy of this Order to any court reporter, videographer, or other person hired to record the deposition. Any portion of a deposition designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be filed with the Court, except in accordance with this Order.

14. If CONFIDENTIAL INFORMATION is to be filed with the Court, it shall be the responsibility of the filing party to move the Court for permission to file such papers under seal. The Court will review the motion and determine whether good cause exists to file the document under seal.

15. If CONFIDENTIAL INFORMATION is disclosed in violation of this Order, the party who learns of such a disclosure shall (a) inform the other party of the disclosure, including the specific document(s) and information disclosed, when the disclosure occurred, and the identity of the person(s) to whom the disclosure was made; (b) use its best efforts to retrieve all copies of the disclosed document(s); (c) upon request by the producing party, request that the person(s) who received the unauthorized disclosure execute the undertaking in the form of Exhibit A attached hereto; and (d) make every effort to prevent any further disclosure in violation of this Order.

16. Nothing in this Order prevents any party or other person from seeking modification of this Order or from objecting to disclosure or discovery it believes to be

Protective Order ~ 8

otherwise improper. In particular, nothing in this Order precludes any party from seeking and obtaining, on an appropriate showing, such additional protection for any information, document, or thing as the party may consider appropriate in the circumstances.

17. Should any court, administrative agency, person, or entity subpoena production of CONFIDENTIAL INFORMATION from a party who obtained such information under the terms of this Order, such party shall promptly notify the designating party of the pendency of such subpoena before disclosing such information. If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any such CONFIDENTIAL INFORMATION before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission

18. Inadvertent or unintentional production of documents, material, or information containing CONFIDENTIAL INFORMATION that are not designated according to this Order is not a waiver in whole or in part of a claim for confidential treatment. In addition, CONFIDENTIAL INFORMATION previously produced or disclosed by the Parties may be subsequently designated according to this Order. The receiving party shall have no liability for any disclosure of undesignated CONFIDENTIAL INFORMATION before the receiving party was placed on notice of the producing or disclosing party's designation of such CONFIDENTIAL INFORMATION.

Protective Order ~ 9

19. If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party or parties, Federal Rule of Civil Procedure 26(b)(5)(B) shall apply. If a party moves the Court for an order compelling production of the material, said motion shall not assert as a ground for entering such an order the fact or circumstance of the production of the information. Further, pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection does not constitute a waiver of the attorney-client privilege or work product protection in this proceeding or any other state or federal proceeding. Nothing in this provision shall restrict a party from challenging, in any way, the propriety of the privilege claim after the material or information has been returned to the producing party.

20. A party may disclose information that it has designated as CONFIDENTIAL INFORMATION to any person at any time without regard to this Order.

21. Within thirty (30) days of final disposition of this lawsuit (whether by judgment, settlement or otherwise), including all appeals, each party, at its election, shall either request that all CONFIDENTIAL INFORMATION designated under this Order be returned or destroyed. In response, the other party will either destroy the CONFIDENTIAL INFORMATION and provide a letter certifying such destruction or return the

Protective Order ~ 10

CONFIDENTIAL INFORMATION and destroy all copies, extracts, and summaries of such CONFIDENTIAL INFORMATION. For archival purposes, the attorneys in the law firms or legal departments representing the Parties may retain one copy of all pleadings, transcripts, exhibits, written discovery responses, documents, including portions designated under this Order, and any written work product that mentions or includes CONFIDENTIAL INFORMATION.

22. Upon final termination of this lawsuit (whether by judgment, settlement, or otherwise), including all appeals, the provisions of this Order shall continue to be binding, except with respect to those documents, materials, and information that become a matter of public record.

23. This Order is binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**DATED** this 6th day of February 2018



Stanley A. Bastian
United States District Judge

Protective Order ~ 11

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, a Wyoming limited liability company, MARK FERRIS, an individual, MATT FERRIS, an individual, and AMBER PAUL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>KROMTECH ALLIANCE CORPORATION, a German corporation, CHRIS VICKERY, an individual, CXO MEDIA, INC., a Massachusetts corporation, INTERNATIONAL DATA GROUP, INC., a Massachusetts corporation, and STEVE RAGAN, an individual, and DOES 1-50,<br><br>Defendants. | No. 2:17-cv-105-SAB<br><br>**Confidentiality Agreement** |

1. I certify that I have received and have carefully read the Protective Order ("Order") in the above-captioned civil action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.

Protective Order ~ 12

2. 1 understand that the distribution of any material or documents subject to the Order, or the dissemination of any information contained in them, is expressly prohibited, except as necessary to discuss such information with the attorneys of record in this case.

3. I agree that I will not distribute or disseminate any such material or documents or any information contained in them, except to the attorneys of record in this case. I agree to deliver to such attorneys any report, summary of expected testimony, or written opinion containing information designated as Confidential in a sealed envelope clearly marked, "Confidential-Subject to Order."

4. I understand that the original of this Confidentiality Agreement will be retained by the attorneys of record for _____ [party] and that a copy of this agreement will be sent to the attorneys of record for _____[adverse parties].

Dated: _____, 201\_\_. Signature: _____

Printed Name: _____

Affiliation: _____

Address: _____

Address: _____

Telephone: _____