# Exhibit A



**Leeor Neta**
Direct   +415.9445422
Main    +206.274.2800
leeor@newmanlaw.com

505 Montgomery St, 11th Floor
San Francisco, CA 94111

**SENT BY EMAIL**

December 15, 2017

William Stowe
Jackson Walker LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010
Email: wstowe@jw.com

    Re:    *River City Media et al., vs. Kromtech et al.,* E.D.W.A. Case No. 2:17-cv-105-SAB

To Whom It May Concern:

I write to request a meet and confer teleconference, pursuant to E.D. WA Local Rule 37.1, regarding the deficiencies in International Data Group, Inc.'s ("IDG") CXO Media, Inc.'s ("CXO") Responses to Plaintiffs River City Media, LLC ("River City"), Mark Ferris, Matt Ferris, and Amber Paul's ("Plaintiffs") Requests for Production ("RFP") and Interrogatories (together the "Requests"). IDG's and CXO's responses are deficient in several respects, as detailed herein. In listing these deficiencies, Plaintiffs' meet and confer efforts relate only to the currently pending jurisdictional discovery, and Plaintiffs do not waive any rights or objections to IDG's and CXO's responses as they relate to other issues in this matter.

IDG objects to Plaintiffs' Requests for Production Nos. 1, 2, and 4, and Interrogatory No. 1, and CXO objects to Plaintiffs' Requests for Production Nos. 1, and 3, and Interrogatory No. 5. Each of these Requests relate to the corporate structure of IDG or CXO and/or the corporate relationships between the parties. IDG and CXO object on the ground that the RFPs and Interrogatory "call[] for confidential and commercially-sensitive information." IDG and CXO further commit to produce such documents and information upon entry of a protective order. Neither IDG nor CXO have any ground for this objection. These RFPs and Interrogatories seek only information regarding the structure and relationships of the Defendant entities. Such information is neither confidential nor commercially sensitive. Before approving a protective order, a court needs a showing of "good cause." Fed. R. Civ. Proc. 26(c)(1)(G). There is no cause here. Further, as you are aware, Judge Bastian is committed to maintaining an open courtroom. He informed the parties at the November 28 status conference that he would not sign a blanket protective order, and should the parties enter one, he will not allow any documents filed in the case to be sealed. As such, in addition to there being no legal ground to support a protective order here, there is no real protection to be gained. We do not believe a protective order is appropriate, and ask that you provide either some justification for IDG's and CXO's demands, or produce documents and information responsive to these Requests.

*William Stowe*
*Jackson Walker LLP*
*December 15, 2017*
*Page 2 of 2*

IDG objects to Request for Production No. 8, and CXO objects to Request for Production No. 7, both of which request "For each Request for Admission that you do not admit, produce all Documents related to or explaining your reasons for not admitting each such Request for Admission." IDG and CXO respond that this request is "overly broad." Such a boilerplate objection is improper. IDG and CXO did not object to any of the denied Requests for Admission – RFAs 2, 3, 5, 6, and 7 to IDG, and RFAs 1 and 5 to CXO - based on overbreadth. Instead, IDG's and CXO's general objections to the Requests for Admission include only privilege, current knowledge, characterization of facts, and confidentiality. As such, it is unclear how the corresponding request for production can be characterized as overbroad. But even if the Request is overbroad, which Plaintiffs deny, IDG and CXO must "state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FRCP 34. Either there are documents related to IDG's response to RFAs 2, 3, 5, 6, and 7, and CXO's responses to RFAs 1 and 5, or there are not. IDG and CXO must supplement their responses to these Requests.

Finally, CXO objects to RFP 3 and requests clarification as to what is meant by "IDG, Inc." IDG, Inc. refers to Defendant International Data Group, Inc. Please supplement CXO's response accordingly.

Please provide your availability to meet and confer next week on these issues.

Thank you,

NEWMAN DU WORS LLP

Leeor Neta