# Exhibit B

**Leeor Neta**
Direct +415.944.5424
Main +415.944.5422
leeor@newmanlaw.com

505 Montgomery Street, 11th Floor
San Francisco, CA 94111

**SENT BY EMAIL ONLY**

December 21, 2017

Christopher Durbin
Cooley LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
Email: cdurbin@cooley.com

**Re: *River City Media et al., vs. Kromtech et al.***
**E.D.W.A. Case No. 2:17-cv-105-SAB**

Chris,

I write to request a meet and confer teleconference, pursuant to E.D. WA Local Rule 37.1, regarding the deficiencies in Kromtech Alliance Corp.'s, ("Kromtech") Responses to Plaintiffs River City Media, LLC ("River City"), Mark Ferris, Matt Ferris, and Amber Paul's (collectively "Plaintiffs") Requests for Admissions ("RFAs"), Requests for Production ("RFPs") and Interrogatories (together the "Requests"). As a threshold matter, we have not received Kromtech's verification of its Interrogatory responses, as required by LCR 33.1(c)(1). Please transmit. More problematic, Kromtech's responses are deficient in several respects, as detailed herein. In listing these deficiencies, Plaintiffs' meet and confer efforts relate only to the currently pending jurisdictional discovery, and Plaintiffs do not waive any rights or objections to Kromtech's responses as they relate to other issues in this matter.

Kromtech sets forth various objections to Requests for Production 12, 15, 16, 17, and 18 but agrees to "undertake a reasonable search and produce responsive, non-privileged information, if any, related to the independent contractor agreement entered into by Chris Vickery and Kromtech Alliance. Kromtech Alliance will produce such information only after an agreement regarding confidentiality is entered into by the parties, and only if it may do so without violating its contractual or other obligations to relevant parties." This condition is inappropriate. These RFPs seek only information regarding the relationships between Kromtech and Vickery, a subject that is specifically authorized by the Court for this phase of discovery. Such information is neither confidential nor commercially sensitive. Nor has Kromtech named any third parties whose confidentiality interests might be implicated. Before approving a protective order, a court needs a showing of "good cause." Fed. R. Civ. Proc. 26(c)(1)(G). There is no cause here. Further, as you are aware, Judge Bastian is committed to maintaining an open courtroom. He informed the parties at the November 28 status conference that he would not sign a blanket protective order, and should the parties enter one, he will not allow any documents filed in the case to be sealed. As such, in addition to there being no legal

ground to support a protective order here, there is no real protection to be gained. We do not believe a protective order is appropriate, and ask that you provide either some justification for Kromtech's demands, or produce documents and information responsive to these Requests.

Kromtech also objects to RFPs 12, 15, 16, 17, and 18 on the ground that each is "beyond the scope of jurisdictional discovery provided for in the Court's August 28, 2017 Order Addressing Defendants' Motions to Dismiss, which expressly limited discovery to 'the relationship between Kromtech and Vickery' (ECF No. 60 at 10)". But each of these requests *are* limited to the "the relationship between Kromtech and Vickery." Respectively, they request "all Documents, including Communications, related to Kromtech's relationship with Defendant Chris Vickery;" "documents related to the total amount of money You paid to Defendant Chris Vickery;" "communications between You and Defendant Chris Vickery relating to Defendant Chris Vickery's security research, the blog You hosted, and any security consulting performed by him for Kromtech;" "documents related to Your directions to Defendant Chris Vickery regarding the type of articles he should research and post on the MacKeeper security blog;" and "communications between You and Defendant Chris Vickery relating to any and all compensation you paid to him for any purpose." The same applies to Kromtech's repeated objection that these RFPs are "overly broad." Each of these requests relates directly to the relationship between Kromtech and Vickery, as authorized by the Court, and Kromtech's attempt to further limit the Court's Order is not supportable.

The same holds true for Kromtech's other objections to RFPs 12, 15, 16, 17, and 18. These RFPs are not "irrelevant to the issue of whether the Court may exercise personal jurisdiction over Kromtech"—the Court itself authorized discovery regarding "the relationship between Kromtech and Vickery" because it is directly relevant to the issue of personal jurisdiction—the only issue currently the subject of discovery. Nor is Kromtech's objection that these RFPs are "not reasonably limited in time" a valid objection—the time limit for Kromtech's relationship with Vickery is the duration of Kromtech's relationship with Vickery. Kromtech's cut-and-paste objections are groundless.

Kromtech has produced no documents as of the date of this letter. If Kromtech is withholding documents pursuant to any of these objections, please inform me immediately.

Please provide your availability to meet and confer next week on these issues.

Thank you,

NEWMAN DU WORS LLP

Leeor Neta

cc: Matthew D. Brown (mbrown@cooley.com)

*Christopher Durbin*
*Cooley LLP*
*December 21, 2017*
*Page 3 of 3*


    Amy Smith (asmith@cooley.com)