# Exhibit H



Leeor Neta
Direct +415.944.5424
Main   +415.944.5422
leeor@newmanlaw.com

600 California Street, 14th Floor
San Francisco, CA 94108

**SENT BY EMAIL ONLY**

February 7, 2018

William Stowe
Jackson Walker LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010
Email: wstowe@jw.com

> Re:    *River City Media et al., vs. Kromtech et al.*, E.D.W.A. Case No. 2:17-cv-105-SAB

William,

I write to request a meet and confer teleconference, pursuant to E.D. WA Local Rule 37.1, regarding the deficiencies in International Data Group, Inc.'s ("IDG") CXO Media, Inc.'s ("CXO") Supplemental Responses to Plaintiffs River City Media, LLC ("River City"), Mark Ferris, Matt Ferris, and Amber Paul's ("Plaintiffs") Requests for Production ("RFP") and Interrogatories (together the "Requests"), which were served on IDG and CXO on October 30, 2017. River City has attempted to procure a complete production multiple times since the Court denied Defendants' Motion to Dismiss – including a December 15, 2017 letter detailing the spurious nature of CXO's objections, a December 18, 2017 meet and confer teleconference, a December 21, 2017 letter requesting a meet and confer teleconference regarding IDG's deficient responses, and various other discussions. As you stated in your December 28, 2017 email, "there have been a lot of emails and meet and confers over this case." Yet IDG's and CXO's responses are still deficient.[1]

In response to both the Requests for Production and Interrogatories, IDG and CXO have produced certain information and documents related only to the Ragan article at issue in this case. By limiting discovery for only the Ragan article, it appears that you misunderstand the nature of specific jurisdiction. Unlike general jurisdiction, which exists where a corporation is "at home" – where it is incorporated or has its principal place of business, specific jurisdiction relates to activities that demonstrate the company has purposely availed themselves of the privilege of conducting business in the state. *See Daimler Ag v. Bauman*, 134 S. Ct. 746, 755, 762 (2014). Because IDG and/or CXO's business targets Washington consumers, it is subject to specific jurisdiction related to those activities. Here, the Ragan article arose out of CXO's purposeful targeting of Washington residents for its business. The Ragan article is ***not*** the only

---

[1] In detailing these deficiencies, Plaintiffs' meet and confer efforts relate only to the currently pending jurisdictional discovery, and Plaintiffs do not waive any rights or objections to IDG's and CXO's responses as they relate to other issues in this matter.

relevant article for purposes of a specific jurisdiction analysis, and River City has the right to discovery related IDG and/or CXO's page views for **all** of its articles and website, and revenue in Washington

The Court's August 28 Order supports this position. It says **nothing** about limiting discovery to the Ragan article. Instead, the Court explained:

> It is established if the plaintiff can show that (1) the non-resident defendant purposefully directed his activities or consummated some transaction with the forum or resident thereof; or performed some act by which it purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the claim arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, it must be reasonable. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

River City's discovery requests seek information on IDG and/or CXO's activities directed at residents in the state of Washington. Providing page views and revenue from one article – even the article at issue – is not sufficient.

Please provide your availability to meet and confer Thursday February 8 on these issues.

Thank you,

Newman Du Wors LLP

Leeor Neta

cc:
Charles Babcock IV, cbabcock@jw.com
Kevin Curtis, jjc@winstoncashatt.com