# **EXHIBIT 2**

25

1  Kevin J. Curtis, WSBA No. 12085
2  WINSTON & CASHATT, LAWYERS, a
   Professional Service Corporation
3  601 W. Riverside, Ste. 1900
   Spokane, WA  99201
4  Telephone:  (509) 838-6131

5
   Charles L. Babcock IV (admitted pro hac vice)
6  cbabcock@jw.com
   Texas Bar No. 01479500
7  William J. Stowe (admitted pro hac vice)
   wstowe@jw.com
8  Texas Bar No. 24075124
9  JACKSON WALKER L.L.P.
   1401 McKinney Street
10 Suite 1900
11 Houston, Texas  77010
   (713) 752-4360 (telephone)
12 (713) 308-4116 (facsimile)

13
   Attorneys for Defendants International Data
14 Group, Inc., CXO Media, Inc. and Steve Ragan

15            UNITED STATES DISTRICT COURT
16            EASTERN DISTRICT OF WASHINGTON

17

18 | RIVER CITY MEDIA, LLC, a Wyoming | No. 2:17-cv-105-SAB
   | limited liability company, MARK |
19 | FERRIS, an individual, MATT FERRIS, | DEFENDANT INTERNATIONAL DATA
   | an individual, and AMBER PAUL, an | GROUP, INC.'S OBJECTIONS AND
20 | individual, | RESPONSES TO PLAINTIFFS' FIRST SET
   | | OF INTERROGATORIES AND
21 |                          Plaintiffs, | REQUESTS FOR PRODUCTION OF
22 | | DOCUMENTS TO INTERNATIONAL
   | | DATA GROUP, INC.
23 |     vs. |

24

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

26

1   KROMTECH ALLIANCE
2   CORPORATION, a German corporation,
    CHRIS VICKERY, an individual, CXO
3   MEDIA, INC., a Massachusetts
    corporation, INTERNATIONAL DATA
4   GROUP, INC., a Massachusetts
    corporation, and STEVE RAGAN, an
5   individual, and DOES 1-50,
6
7                              Defendants.

8        Defendant International Data Group, Inc. ("Defendant" or "IDG") serves these

9 Objections and Responses to Plaintiffs River City Media, LLC's ("RCM"), Mark Ferris',

10 Matt Ferris', and Amber Paul's (collectively, "Plaintiffs") First Set of Interrogatories and

11

12 Requests for Production as follows:

13                      **A.  GENERAL OBJECTIONS**

14        Defendant generally objects to the Requests to the extent that they call for

15 information protected by the attorney-client privilege, work-product doctrine, or any

16
   other privilege protected by law.  Defendant's production of privileged information or
17
18 materials, if any, is inadvertent and does not constitute waiver of any privilege.  See Fed.

19 R. Civ. P. 26(b)(5)(B).

20        Defendant's objections and responses are based on all information readily

21
   available to Defendant at this time, and may be amended, supplemented, or corrected to
22
23 state an objection or response that is currently inapplicable or unknown after reasonable

24
DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

27

1    inquiry.  Defendant reserves its right to amend, supplement, or correct its objections and
2    responses if and when appropriate.  See Fed. R. Civ. P. 26(e)(1).
3
4        No response to a Request is intended to indicate that Defendant agrees with any
5    explicit or implicit characterization of the facts, events, circumstances, and/or issues in
6    the Requests, or that any such characterization is relevant to this lawsuit or any other
7    action or proceeding.
8
9        Defendant objects to the Requests seeking production of confidential or other
10   sensitive information or materials.  Should the parties enter into an agreement regarding
11   treatment of confidential documents and information, Defendant will supplement with
12   appropriately-designated documents and information.
13
14       These General Objections apply to Defendant's responses to each and every
15   Request whether or not expressly incorporated.

16   ## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

17   **REQUEST FOR PRODUCTION NO. 1:** Produce all Documents related to
18   IDG's corporate structure, including all subsidiaries, parent companies, holding
19   companies, and *any* company holding more than a 10% interest in IDG.

20   **RESPONSE:**  IDG objects to the portion of this Request that asks IDG to produce
21   all documents related to its "corporate structure" as it is vague and overly broad.  IDG
22   also objects on the ground that this Request calls for confidential and commercially-
23   sensitive information.   Should the parties enter into an agreement regarding treatment of
24



28

1  confidential documents, Defendant will supplement with appropriately-designated

2  documents.

3  **REQUEST FOR PRODUCTION NO. 2:** Produce all Documents related to

4  IDG's corporate structure, including all subsidiaries, parent companies, holding

5  companies, and *any* company for which IDG holes more than a 10% interest

6      **RESPONSE:** IDG objects to the portion of this Request that asks IDG to produce

7  all documents related to its "corporate structure" as it is vague and overly broad.  IDG

8  also objects on the ground that this Request calls for confidential and commercially-

9  sensitive information.   Should the parties enter into an agreement regarding treatment of

10  confidential documents, Defendant will supplement with appropriately-designated

11  documents.

    **REQUEST FOR PRODUCTION NO. 3:** Produce all Documents related to

12  IDG's executive leadership team (meaning all managers, C-suite executives, and/or

13  corporate officers), including the name, title, and employment history for each of

14  the following individuals:

15          (a) Ted Bloom

16          (b) Michael Friedenberg

17          (c) Kirk Campbell

18      **RESPONSE:** IDG objects to this Request on the ground that it is overly broad.

19  Subject to and without waiving the foregoing, and subject to and without waiving its

20  general objections, IDG will produce responsive, non-privileged documents relating to

21  the name, title, and employment history for Ted Bloom and Kirk Campbell and a chart

22  listing board-elected officers of IDG.  Michael Friedenberg has never been an employee

23  of IDG.

24

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

29

1  **REQUEST FOR PRODUCTION NO. 4:** Produce all Documents related to

2  IDG's relationship with CXO Media, Inc.

3       **RESPONSE:** IDG objects to this Request on the ground that it is overly broad

4  and also vague as to "relationship." IDG also objects on the ground that this Request

5  calls for confidential and commercially-sensitive information. Should the parties enter

6  into an agreement regarding treatment of confidential documents, Defendant will

7  supplement with appropriately-designated documents.

8  **REQUEST FOR PRODUCTION NO. 5:** Produce all Documents related to IDG'

9  s advertising and marketing of IDG' s media properties in the state of Washington.

       **RESPONSE:** IDG objects to this request on the ground that it is vague as to what

10  is meant by "IDG's media properties." IDG also objects to this request on the ground

11  that it is overly broad and directed to general jurisdiction even though (1) the Court's

12  Order (ECF No. 60 at 4) specifically states that "Plaintiffs are only relying on specific

13  jurisdiction"; (2) Plaintiffs' counsel expressly disclaimed general jurisdiction at the

14  hearing on IDG's Motion to Dismiss; and (3) Plaintiffs do not allege general jurisdiction

15  in their Complaint. Subject to and without waiving the foregoing, and subject to and

16  without waiving IDG's general objections, IDG states that it is aware of no such

17  documents.

18  **REQUEST FOR PRODUCTION NO. 6:** Produce all Documents related to total

19  sales of each of IDG's products or services, including subscriptions or

20  memberships to magazines or news sites, whether print or online, in the United

21  States generally and to Washington residents specifically.

22       **RESPONSE:** IDG objects to this request on the ground that it is directed to

23  general jurisdiction even though (1) the Court's Order (ECF No. 60 at 4) specifically

24  states that "Plaintiffs are only relying on specific jurisdiction"; (2) Plaintiffs' counsel

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

30

1  expressly disclaimed general jurisdiction at the hearing on IDG's Motion to Dismiss; and

2  (3) Plaintiffs do not allege general jurisdiction in their Complaint.    IDG also objects to

3  this Request on the ground that it is overly broad.   Subject to and without waiving the

4  foregoing, and subject to and without waiving IDG's general objections, IDG states that

5  it has no documents related to sale of products or services to Washington residents.

6  **REQUEST FOR PRODUCTION NO. 7:** Produce all Documents related to

7  IDG's income derived from advertising on its websites to Washington state

8  residents.

9  **RESPONSE:**  IDG objects to this request on the ground that it is overly broad and

   directed to general jurisdiction even though (1) the Court's Order (ECF No. 60 at 4)

10  specifically states that "Plaintiffs are only relying on specific jurisdiction"; (2) Plaintiffs'

11  counsel expressly disclaimed general jurisdiction at the hearing on IDG's Motion to

12  Dismiss; and (3) Plaintiffs do not allege general jurisdiction in their Complaint.  Subject

13  to and without waiving the foregoing, and subject to and without waiving IDG's general

14  objections, IDG states that it is aware of no such documents.

15  **REQUEST FOR PRODUCTION NO. 8:** For each Request for Admission that

16  you do not admit, produce all Documents related to or explaining your reasons for

17  not admitting each such Request for Admission.

18  **RESPONSE:**  IDG objects to this request on the ground that it is overly broad.

19

20  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

21  **INTERROGATORY NO. 1:** Describe IDG's corporate structure, including all

22  entities for which IDG holds or controls more than 10% of an entity's stock.

23  **RESPONSE:**  IDG objects to the portion of this Interrogatory that asks IDG to

24  describe its "corporate structure" as it is vague and overly broad.  IDG also objects on the

*Winston&Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

31

1   ground that this Interrogatory calls for confidential and commercially-sensitive
2   information.    Should the parties enter into an agreement regarding treatment of
3   confidential information, Defendant will supplement with appropriately-designated
4   information regarding IDG's ownership structure.

5   **INTERROGATORY NO. 2:** Identify each "brand" or "property" that IDG owns
6   or operates as those terms are used on the following website:
7   https://www.idg.com/properties/.

8       **RESPONSE:**  Subject to IDG's general objections, IDG states that it does not own
9   CSO or any other brand/property identified on https://www.idg.com/properties/.  IDG
10  owns the trademark to each of the properties but it does not own or operate the businesses
11  associated with those trademarks.  For example, www.csoonline.com – the website
12  hosting one of the two articles at issue in this suit – is owned and operated by CXO
13  Media, Inc., not IDG.  Further, IDG does not own or control CXO Media, Inc.

14  **INTERROGATORY NO. 3:** For each "brand" or "property" identified in
15  response to Interrogatory No. 2, provide the following information:

    (a)    The amount of revenue the brand or property generates through the sale of
            its products or services in the United States.

    (b)    The amount of revenue the brand or property generates through advertising,
            whether print- or internet-based in the United States.

    (c)    The amount of revenue the brand or property generates through the sale of
            its products or services to residents of the state of Washington.

    (d)    The amount of revenue the brand or property generates through
            advertising, whether print- or internet-based from views or
            subscriptions to residents of the state of Washington.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

32

(e)    If the brand or property is an online website, the number of views or daily unique visitors with IP addresses geolocated within the state of Washington.

(f)    If the brand or property is a print product, the number of paid subscriptions sent to an address in the state of Washington.

**RESPONSE:**  IDG objects to this request on the ground that it is overly broad and directed to general jurisdiction even though (1) the Court's Order (ECF No. 60 at 4) specifically states that "Plaintiffs are only relying on specific jurisdiction"; (2) Plaintiffs' counsel expressly disclaimed general jurisdiction at the hearing on IDG's Motion to Dismiss; and (3) Plaintiffs do not allege general jurisdiction in their Complaint.  Subject to and without waiving the foregoing, and subject to and without waiving IDG's general objections, IDG states that, as noted in response to Interrogatory No. 2, IDG does not own the properties/brands identified at https://www.idg.com/properties/ .  Instead, IDG only owns the trademarks but does not own or operate the businesses associated with the trademarks.  For example, www.csoonline.com – the website hosting one of the two articles at issue in this suit – is owned and operated by CXO Media, Inc., not IDG. Further, IDG does not own CXO Media, Inc.  Consequently, the answer is none for subparts (a)-(f).

**INTERROGATORY NO. 4:** Describe IDG's relationship to CXO Media, Inc.

**RESPONSE:**  IDG objects to this interrogatory on the ground that it is overly broad and vague as to "relationship."  Subject to and without waiving the foregoing, and subject to and without waiving IDG's general objections, IDG states that it does not own CXO Media, Inc. ("CXO").  CXO is owned by IDG Communications, Inc.  IDG owns IDG Communications, Inc. but does not own CXO.  IDG does not control the day-to-day activities of CXO but does provide, in exchange for a fee, accounting, legal, payroll, IT,

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

33

1    and credit/collection services. However, final decisions with respect to each of those

2    matters are made by CXO for CXO.

3    **INTERROGATORY NO. 5:** Identify IDG's executive leadership team (meaning

4    all managers, C-suite executives, and/or corporate officers).

5         **RESPONSE:** Subject to and without waiving its general objections,

6    pursuant to Rule 33(d) IDG elects, in lieu of providing a narrative answer, to

7    produce a chart from which its board-elected officers can be derived. In addition

8    to those individuals, Donna Marr is Chief Accounting Officer for IDG, Amy

9    Hanania is Corporate Credit Manager for IDG, and Bushra Khalid is Systems

     Development Manager for IDG.

10   **INTERROGATORY NO. 6:** For each executive identified in response to

11   Interrogatory No. 5, provide the following:

12         (a)    Does the executive serve as a member of any other company's

13              executive leadership team? If so, identify that company or

14              companies.

15         (b)    Does the executive serve as a member of any other entity within the

16              IDG family? For purposes of this Interrogatory, the "IDG family"

17              means any company identified as a "property" or "brand" of IDG

18              on the following website: https://www.idg.com/properties/.

19         **RESPONSE:** IDG objects to this Interrogatory on the ground that it is

20   overly broad and is also vague as to "executive leadership team". IDG also objects

21   to this Interrogatory on the ground that it is overly broad in seeking information

22   about companies that have nothing to do with this lawsuit. Subject to and without

23   waiving the foregoing, and subject to and without waiving IDG's general

24   objections, IDG states that it does not manage or control the day-to-day operations

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

34

of CXO Media, Inc.  The president of CXO Media, Inc. runs CXO Media, Inc.'s business.  Further, pursuant to Rule 33(d) IDG elects, in lieu of providing a narrative answer regarding officers among various companies, to produce a spreadsheet from which board-elected officers and directors can be derived.

**INTERROGATORY NO. 9 [SIC]:** Describe how IDG earns revenue.

**RESPONSE:** IDG objects to this Interrogatory on the ground that it is overly broad and not limited in time.  Subject to and without waiving the foregoing, and subject to and without waiving IDG's general objections, IDG states that over the last year it has earned income from the following: interest income from cash on hand at banks or brokerage accounts; capital gains; and dividends from subsidiaries (none of which are co-Defendants in this lawsuit).

Respectfully November 28, 2017.

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: kjc@winstoncashatt.com

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 10



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

35

1  Charles L. Babcock IV (*admitted pro hac vice*)
2  cbabcock@jw.com
   Texas Bar No. 01479500
3  William J. Stowe (*admitted pro hac vice*)
   wstowe@jw.com
4  Texas Bar No. 24075124
5  JACKSON WALKER L.L.P.
   1401 McKinney Street
6  Suite 1900
   Houston, Texas  77010
7  (713) 752-4360 (telephone)
8  (713) 308-4116 (facsimile)

9  Attorneys for Defendants International Data
10 Group, Inc., CXO Media, Inc. and Steve Ragan

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 11



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

36

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that on the 28th day of November, 2017, at Spokane, Washington, the foregoing was caused to be served on the following person(s) in the manner indicated:

| | |
|---|---|
| Jason E. Bernstein<br>Newman Du Wors LLP<br>2101 Fourth Avenue, Suite 1500<br>Seattle, WA 98121<br>jake@newmanlaw.com<br><br>Leeor Neta<br>Newman Du Wors LLP<br>600 California St., 11th Floor<br>San Francisco, CA 94109<br>leeor@newmanlaw.com<br><br>Attorneys for Plaintiffs | VIA REGULAR MAIL ☐<br>VIA CERTIFIED MAIL ☒<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA EMAIL ☐ |
| Christopher B. Durbin<br>1700 Seventh Avenue, Suite 1900<br>Seattle, WA 98101-1355<br>cdurbin@cooley.com<br><br>Matthew D. Brown<br>Amy M. Smith<br>Cooley LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>brownmd@cooley.com<br>amsmith@cooley.com<br><br>Attorneys for Defendant Kromtech<br>Alliance Corporation | VIA REGULAR MAIL ☐<br>VIA CERTIFIED MAIL ☒<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA EMAIL ☐ |

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 12

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

37

| | |
|---|---|
| Aaron Rocke<br>Rocke Law Group, PLLC<br>101 Yesler Way, Suite 603<br>Seattle, WA 98104<br>aaron@rockelaw.com<br><br>Attorney for Defendant Chris Vickery | VIA REGULAR MAIL ☐<br>VIA CERTIFIED MAIL ☒<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA EMAIL ☐ |

_Janel Martindale_
Janel Martindale

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 13



_Winston & Cashatt_
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

38