# **EXHIBIT 3**

39

1

```
                IN THE UNITED STATES DISTRICT COURT
                IN AND FOR THE DISTRICT OF WASHINGTON
 ------------------------------------
                                      )
 RIVER CITY MEDIA, LLC, a             )
 Wyoming limited liability            )
 company, MARK FERRIS, an             )   NO. 1:17-CV-105-SAB
 individual, MATT FERRIS, an          )
 individual, and AMBER PAUL,          )
 an individual,                       )
                                      )
                    Plaintiffs,       )
                                      )
           -vs-                       )
                                      )
 KROMTECH ALLIANCE CORPORATION,       )
 a German corporation, CHRIS          )
 VICKERY, an individual, CXO          )
 MEDIA, a Massachusetts               )
 corporation, INTERNATIONAL DATA      )
 GROUP, a Massachusetts               )
 corporation, and STEVE RAGAN,        )
 an individual, and DOES 1-50,        )
                                      )   August 16, 2017
                    Defendants.       )   Yakima, Washington
 ------------------------------------


                  VERBATIM REPORT OF PROCEEDINGS
                         MOTION HEARING

             BEFORE THE HONORABLE STANLEY A. BASTIAN
                    UNITED STATES DISTRICT JUDGE

 APPEARANCES:

 FOR PLAINTIFFS RIVER CITY
 MEDIA, MATT FERRIS, MARK
 FERRIS AND AMBER PAUL:          LEEOR NETA
                                 Attorney at Law
                                 600 California St., Floor 11
                                 San Francisco, CA 94109

                                 JAKE BERNSTEIN
                                 Attorney at Law
                                 2101 Fourth Avenue, Suite 1500
                                 Seattle, WA 98121
```

40

2

```
 1  FOR DEFENDANT KROMTECH
    ALLIANCE CORPORATION:            MATTHEW BROWN
 2                                   CHRISTOPHER B. DURBIN
                                     AMY McCOWAN SMITH
 3                                   Attorneys at Law
                                     101 California Street, 5th Floor
 4                                   San Francisco, CA 94111

 5  FOR DEFENDANT CXO MEDIA
    AND INTERNATIONAL DATA
 6  GROUP AND STEVE RAGAN:           CHARLES L. BABCOCK
                                     WILLIAM J. STOWE
 7                                   Attorneys at Law
                                     1401 McKinney Street, Suite 1900
 8                                   Houston, TX 77010

 9                                   KEVIN J. CURTIS
                                     Attorney at Law
10                                   601 West Riverside, Suite 1900
                                     Spokane, WA 99201
11
    FOR DEFENDANT CHRIS
12  VICKERY: (Telephonically)
                                     AARON V. ROCKE
13                                   Attorney at Law
                                     101 Yesler Way, Suite 603
14                                   Seattle, WA 98104

15
    REPORTED BY:                     Lynette Walters, RPR, CRR, CCR
16                                   Official Court Reporter
                                     P. O. Box 845
17                                   Yakima, WA  98907
                                     (509) 573-6613
18
    Proceedings reported by mechanical stenography; transcript
19  produced by computer-aided transcription.

20

21

22

23

24

25
```

41

Case 2:17-cv-00105-SAB    ECF No. 82-3    filed 02/09/18    PageID.860    Page 4 of 7
Case 2:17-cv-00105-SAB    ECF No. 61    filed 09/12/17    PageID.604    Page 48 of 51

48

1  said, at first blush when we looked at the contract, we thought
2  there might be contradictory provisions.  But the court dug into
3  the contract, interpreted it, and held as a matter of law that
4  there was no agency, no right to control the details of the work
5  there.
6         So in that same way, there's really no reason that it
7  can't be dealt with as a matter of law.  And we don't need to
8  get into discovery, and then all the way through to the motion
9  for summary judgment, only to litigate the issue of whether
10 there's sufficient agency showing to hale Kromtech into court in
11 Washington.
12         THE COURT:  Okay.  You're at your five minutes.  If
13 you want to wrap up, you may.
14         MR. BROWN:  I am wrapping up.  Thank you.
15         THE COURT:  Thank you, Mr. Brown.
16         Mr. Neta.
17         MR. NETA:  Very brief, Your Honor.
18         THE COURT:  I typically don't do this.  Let me
19 explain.  I'll give you two minutes.  It is not your motion, but
20 it is your burden.  So I think, since you're facing six against
21 two, I'll give you two minutes to sum it up.
22         MR. BABCOCK:  Fair fight, Your Honor.
23         MR. NETA:  Thank you.  I'll keep it very brief.
24         The Washington statute that was referenced earlier, I
25 believe it's discretionary, and I don't think it has any impact

Case 2:17-cv-00105-SAB   ECF No. 82-3   filed 02/09/18   PageID.861   Page 5 of 7
Case 2:17-cv-00105-SAB   ECF No. 61   filed 09/12/17   PageID.605   Page 49 of 51

49

1  on federal courts.  While it might be true that the Supreme
2  Court has tightened up general jurisdiction, I don't believe
3  that's the case with specific.  And it's certainly not the case
4  of Internet actions.
5           A lot has been discussed about the *Walden* case, but I
6  just want to quickly bring your attention --
7           THE COURT:  And you're proceeding only under specific
8  jurisdiction --
9           MR. NETA:  That's correct, Your Honor.
10          THE COURT:  -- for all of the defendants, is my
11 impression, after reading all the briefing.
12          MR. NETA:  Precisely.  If you look at Footnote 9 of
13 the *Walden* case, it says specifically:

14          ... this case does not present the very
            different question whether and how
15          defendant's virtual "presence" and conduct
            translate into "contacts" with a particular
16          State. ... We leave questions about virtual
            contacts for another day.
17

18          So while that case did have something to say about
19 constraining specific jurisdiction, it doesn't have any impact
20 on this case, because that's not what this case is about.  It's
21 about Internet damage, Internet advertising commerce.
22          Quickly, on the issue of agency, I think there's
23 enough evidence in the case so far to indicate that Kromtech had
24 some agency control over Mr. Vickery.  And as I said earlier,
25 CXO doesn't really dispute the notion that they had agency

50

1  control over Mr. Ragan.  There is a question about CXO and IDG
2  and to the extent to which they're interrelated, but all I would
3  say in response to that, Your Honor, is if you feel that
4  question needs to be more appropriately addressed in the
5  pleadings, we're happy to take jurisdictional discovery on
6  certain questions so that we can resolve that issue.
7           THE COURT:  Okay.  Thank you.
8           MR. NETA:  Thank you, Your Honor.
9           THE COURT:  All right.  I'll try to get a decision out
10 as soon as I can.  I do have a week-long trial that begins on
11 Monday, so that will probably get in the way of this a little
12 bit, but we'll work on it, get it out as soon as we can.  It
13 will be a couple weeks.
14          But I've enjoyed our time this afternoon.  And thank
15 you for being prepared, organized, and efficient.
16          MR. NETA:  Thank you.
17          MR. BABCOCK:  Thank you, Your Honor,
18     (ADJOURNMENT at 2:39 P.M.)
19
20
21
22
23
24
25

44

Case 2:17-cv-00105-SAB   ECF No. 82-3   filed 02/09/18   PageID.863   Page 7 of 7
Case 2:17-cv-00105-SAB   ECF No. 61   filed 09/12/17   PageID.607   Page 51 of 51

51

1    REPORTER'S CERTIFICATE
2
3
4
5    I, LYNETTE WALTERS, Registered Professional Reporter,
6    Certified Realtime Reporter and Certified Court Reporter;
7    DO HEREBY CERTIFY:
8    That the foregoing transcript, Pages 1 through 50,
9    contains a full, true, complete and accurate transcription of my
10   shorthand notes of all requested matters held in the foregoing
11   captioned case, including all objections and exceptions made by
12   counsel, rulings by the court, and any and all other matters
13   relevant to this case.
14   DATED this 12th day of September, 2017
15
16
17                           s/ Lynette Walters
                             LYNETTE WALTERS, RPR, CRR, CCR
18                           CCR NO. 2230
19
20
21
22
23
24
25

45