# **<u>EXHIBIT C</u>**

21

1  Kevin J. Curtis, WSBA No. 12085
2  WINSTON & CASHATT, LAWYERS, a
   Professional Service Corporation
3  601 W. Riverside, Ste. 1900
   Spokane, WA  99201
4  Telephone:  (509) 838-6131

5
   Charles L. Babcock IV (*admitted pro hac vice*)
6  cbabcock@jw.com
   Texas Bar No. 01479500
7  William J. Stowe (*admitted pro hac vice*)
   wstowe@jw.com
8  Texas Bar No. 24075124
   JACKSON WALKER L.L.P.
9  1401 McKinney Street
   Suite 1900
10 Houston, Texas  77010
   (713) 752-4360 (telephone)
11 (713) 308-4116 (facsimile)
12

13 Attorneys for Defendants International Data
14 Group, Inc., CXO Media, Inc. and Steve Ragan

15          UNITED STATES DISTRICT COURT
16          EASTERN DISTRICT OF WASHINGTON

17

18 RIVER CITY MEDIA, LLC, a Wyoming       No. 2:17-cv-105-SAB
   limited liability company, MARK
19 FERRIS, an individual, MATT FERRIS,    DEFENDANT INTERNATIONAL DATA
   an individual, and AMBER PAUL, an      GROUP, INC.'S OBJECTIONS AND
20 individual,                            RESPONSES TO PLAINTIFFS' FIRST SET
                                          OF INTERROGATORIES AND
21                                        REQUESTS FOR PRODUCTION OF
                        Plaintiffs,       DOCUMENTS TO INTERNATIONAL
22                                        DATA GROUP, INC.
           vs.
23

24

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1  KROMTECH ALLIANCE
2  CORPORATION, a German corporation,
   CHRIS VICKERY, an individual, CXO
3  MEDIA, INC., a Massachusetts
   corporation, INTERNATIONAL DATA
4  GROUP, INC., a Massachusetts
   corporation, and STEVE RAGAN, an
5  individual, and DOES 1-50,
6
7                              Defendants.

8       Defendant International Data Group, Inc. ("Defendant" or "IDG") serves these

9  Objections and Responses to Plaintiffs River City Media, LLC's ("RCM"), Mark Ferris',

10 Matt Ferris', and Amber Paul's (collectively, "Plaintiffs") First Set of Interrogatories and

11
12 Requests for Production as follows:

13              **A.  GENERAL OBJECTIONS**

14      Defendant generally objects to the Requests to the extent that they call for

15 information protected by the attorney-client privilege, work-product doctrine, or any

16
17 other privilege protected by law.  Defendant's production of privileged information or

18 materials, if any, is inadvertent and does not constitute waiver of any privilege.  See Fed.

19 R. Civ. P. 26(b)(5)(B).

20      Defendant's objections and responses are based on all information readily

21
22 available to Defendant at this time, and may be amended, supplemented, or corrected to

23 state an objection or response that is currently inapplicable or unknown after reasonable

24 DEFENDANT IDG'S OBJECTIONS AND RESPONSES
   TO PLAINTIFFS' FIRST SET OF
   INTERROGATORIES AND REQUESTS FOR
   ADMISSION
   PAGE 2



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

23

inquiry.  Defendant reserves its right to amend, supplement, or correct its objections and responses if and when appropriate.  See Fed. R. Civ. P. 26(e)(1).

No response to a Request is intended to indicate that Defendant agrees with any explicit or implicit characterization of the facts, events, circumstances, and/or issues in the Requests, or that any such characterization is relevant to this lawsuit or any other action or proceeding.

Defendant objects to the Requests seeking production of confidential or other sensitive information or materials.  Should the parties enter into an agreement regarding treatment of confidential documents and information, Defendant will supplement with appropriately-designated documents and information.

These General Objections apply to Defendant's responses to each and every Request whether or not expressly incorporated.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** Produce all Documents related to IDG's corporate structure, including all subsidiaries, parent companies, holding companies, and *any* company holding more than a 10% interest in IDG.

**RESPONSE:** IDG objects to the portion of this Request that asks IDG to produce all documents related to its "corporate structure" as it is vague and overly broad.  IDG also objects on the ground that this Request calls for confidential and commercially-sensitive information.   Should the parties enter into an agreement regarding treatment of

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1  confidential documents, Defendant will supplement with appropriately-designated

2  documents.

3  **REQUEST FOR PRODUCTION NO. 2:** Produce all Documents related to

4  IDG's corporate structure, including all subsidiaries, parent companies, holding

5  companies, and *any* company for which IDG holes more than a 10% interest

6  **RESPONSE:** IDG objects to the portion of this Request that asks IDG to produce

7  all documents related to its "corporate structure" as it is vague and overly broad.  IDG

8  also objects on the ground that this Request calls for confidential and commercially-

9  sensitive information.   Should the parties enter into an agreement regarding treatment of

10  confidential documents, Defendant will supplement with appropriately-designated

   documents.

11  **REQUEST FOR PRODUCTION NO. 3:** Produce all Documents related to

12  IDG's executive leadership team (meaning all managers, C-suite executives, and/or

13  corporate officers), including the name, title, and employment history for each of

14  the following individuals:

15          (a) Ted Bloom

16          (b) Michael Friedenberg

17          (c) Kirk Campbell

18  **RESPONSE:**  IDG objects to this Request on the ground that it is overly broad.

19  Subject to and without waiving the foregoing, and subject to and without waiving its

20  general objections, IDG will produce responsive, non-privileged documents relating to

21  the name, title, and employment history for Ted Bloom and Kirk Campbell and a chart

22  listing board-elected officers of IDG.  Michael Friedenberg has never been an employee

23  of IDG.

24

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 4



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

25

**REQUEST FOR PRODUCTION NO. 4:** Produce all Documents related to IDG's relationship with CXO Media, Inc.

**RESPONSE:** IDG objects to this Request on the ground that it is overly broad and also vague as to "relationship." IDG also objects on the ground that this Request calls for confidential and commercially-sensitive information. Should the parties enter into an agreement regarding treatment of confidential documents, Defendant will supplement with appropriately-designated documents.

**REQUEST FOR PRODUCTION NO. 5:** Produce all Documents related to IDG's advertising and marketing of IDG's media properties in the state of Washington.

**RESPONSE:** IDG objects to this request on the ground that it is vague as to what is meant by "IDG's media properties." IDG also objects to this request on the ground that it is overly broad and directed to general jurisdiction even though (1) the Court's Order (ECF No. 60 at 4) specifically states that "Plaintiffs are only relying on specific jurisdiction"; (2) Plaintiffs' counsel expressly disclaimed general jurisdiction at the hearing on IDG's Motion to Dismiss; and (3) Plaintiffs do not allege general jurisdiction in their Complaint. Subject to and without waiving the foregoing, and subject to and without waiving IDG's general objections, IDG states that it is aware of no such documents.

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents related to total sales of each of IDG's products or services, including subscriptions or memberships to magazines or news sites, whether print or online, in the United States generally and to Washington residents specifically.

**RESPONSE:** IDG objects to this request on the ground that it is directed to general jurisdiction even though (1) the Court's Order (ECF No. 60 at 4) specifically states that "Plaintiffs are only relying on specific jurisdiction"; (2) Plaintiffs' counsel

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

26

1  expressly disclaimed general jurisdiction at the hearing on IDG's Motion to Dismiss; and

2  (3) Plaintiffs do not allege general jurisdiction in their Complaint.   IDG also objects to

3  this Request on the ground that it is overly broad.  Subject to and without waiving the

4  foregoing, and subject to and without waiving IDG's general objections, IDG states that

5  it has no documents related to sale of products or services to Washington residents.

6  **REQUEST FOR PRODUCTION NO. 7:** Produce all Documents related to

7  IDG's income derived from advertising on its websites to Washington state

8  residents.

9      **RESPONSE:**  IDG objects to this request on the ground that it is overly broad and

10  directed to general jurisdiction even though (1) the Court's Order (ECF No. 60 at 4)

11  specifically states that "Plaintiffs are only relying on specific jurisdiction"; (2) Plaintiffs'

12  counsel expressly disclaimed general jurisdiction at the hearing on IDG's Motion to

13  Dismiss; and (3) Plaintiffs do not allege general jurisdiction in their Complaint.  Subject

14  to and without waiving the foregoing, and subject to and without waiving IDG's general

objections, IDG states that it is aware of no such documents.

15  **REQUEST FOR PRODUCTION NO. 8:** For each Request for Admission that

16  you do not admit, produce all Documents related to or explaining your reasons for

17  not admitting each such Request for Admission.

18      **RESPONSE:**  IDG objects to this request on the ground that it is overly broad.

19

20  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

21  **INTERROGATORY NO. 1:** Describe IDG's corporate structure, including all

22  entities for which IDG holds or controls more than 10% of an entity's stock.

23      **RESPONSE:**  IDG objects to the portion of this Interrogatory that asks IDG to

24  describe its "corporate structure" as it is vague and overly broad.  IDG also objects on the

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

27

1  ground that this Interrogatory calls for confidential and commercially-sensitive
2  information.     Should the parties enter into an agreement regarding treatment of
3  confidential information, Defendant will supplement with appropriately-designated
4  information regarding IDG's ownership structure.

5  **INTERROGATORY NO. 2:** Identify each "brand" or "property" that IDG owns
6  or operates as those terms are used on the following website:
7  https://www.idg.com/properties/.

8  **RESPONSE:** Subject to IDG's general objections, IDG states that it does not own
9  CSO or any other brand/property identified on https://www.idg.com/properties/. IDG
10 owns the trademark to each of the properties but it does not own or operate the businesses
11 associated with those trademarks.  For example, www.csoonline.com – the website
12 hosting one of the two articles at issue in this suit – is owned and operated by CXO
   Media, Inc., not IDG.  Further, IDG does not own or control CXO Media, Inc.

13 **INTERROGATORY NO. 3:** For each "brand" or "property" identified in
14 response to Interrogatory No. 2, provide the following information:

15      (a)    The amount of revenue the brand or property generates through the sale of
16             its products or services in the United States.

17      (b)    The amount of revenue the brand or property generates through advertising,
18             whether print- or internet-based in the United States.

19      (c)    The amount of revenue the brand or property generates through the sale of
20             its products or services to residents of the state of Washington.

21      (d)    The amount of revenue the brand or property generates through
22             advertising, whether print- or internet-based from views or
23             subscriptions to residents of the state of Washington.

24



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

28

1    (e)    If the brand or property is an online website, the number of views or daily

2    unique visitors with IP addresses geolocated within the state of Washington.

3    (f)    If the brand or property is a print product, the number of paid subscriptions

4    sent to an address in the state of Washington.

5    **RESPONSE:**  IDG objects to this request on the ground that it is overly broad and

6    directed to general jurisdiction even though (1) the Court's Order (ECF No. 60 at 4)

7    specifically states that "Plaintiffs are only relying on specific jurisdiction"; (2) Plaintiffs'

8    counsel expressly disclaimed general jurisdiction at the hearing on IDG's Motion to

9    Dismiss; and (3) Plaintiffs do not allege general jurisdiction in their Complaint.  Subject

10    to and without waiving the foregoing, and subject to and without waiving IDG's general

11    objections, IDG states that, as noted in response to Interrogatory No. 2, IDG does not

12    own the properties/brands identified at https://www.idg.com/properties/ .  Instead, IDG

13    only owns the trademarks but does not own or operate the businesses associated with the

14    trademarks.  For example, www.csoonline.com – the website hosting one of the two

15    articles at issue in this suit – is owned and operated by CXO Media, Inc., not IDG.

16    Further, IDG does not own CXO Media, Inc.  Consequently, the answer is none for

17    subparts (a)-(f).

18    **INTERROGATORY NO. 4:** Describe IDG's relationship to CXO Media, Inc.

19    **RESPONSE:**  IDG objects to this interrogatory on the ground that it is overly

20    broad and vague as to "relationship."  Subject to and without waiving the foregoing, and

21    subject to and without waiving IDG's general objections, IDG states that it does not own

22    CXO Media, Inc. ("CXO").  CXO is owned by IDG Communications, Inc.  IDG owns

23    IDG Communications, Inc. but does not own CXO.  IDG does not control the day-to-day

24    activities of CXO but does provide, in exchange for a fee, accounting, legal, payroll, IT,

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

29

1   and credit/collection services.  However, final decisions with respect to each of those

2   matters are made by CXO for CXO.

3   **INTERROGATORY NO. 5:** Identify IDG's executive leadership team (meaning

4   all managers, C-suite executives, and/or corporate officers).

5       **RESPONSE:**  Subject to and without waiving its general objections,

6   pursuant to Rule 33(d) IDG elects, in lieu of providing a narrative answer, to

7   produce a chart from which its board-elected officers can be derived.  In addition

8   to those individuals, Donna Marr is Chief Accounting Officer for IDG, Amy

9   Hanania is Corporate Credit Manager for IDG, and Bushra Khalid is Systems

    Development Manager for IDG.

10  **INTERROGATORY NO. 6:** For each executive identified in response to

11  Interrogatory No. 5, provide the following:

12          (a)   Does the executive serve as a member of any other company's

13                executive leadership team? If so, identify that company or

14                companies.

15          (b)   Does the executive serve as a member of any other entity within the

16                IDG family? For purposes of this Interrogatory, the "IDG family"

17                means any company identified as a "property" or "brand" of IDG

18                on the following website: https://www.idg.com/properties/.

19      **RESPONSE:**  IDG objects to this Interrogatory on the ground that it is

20  overly broad and is also vague as to "executive leadership team".  IDG also objects

21  to this Interrogatory on the ground that it is overly broad in seeking information

22  about companies that have nothing to do with this lawsuit.  Subject to and without

23  waiving the foregoing, and subject to and without waiving IDG's general

24  objections, IDG states that it does not manage or control the day-to-day operations

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 9

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

30

1   of CXO Media, Inc. The president of CXO Media, Inc. runs CXO Media, Inc.'s

2   business. Further, pursuant to Rule 33(d) IDG elects, in lieu of providing a

3   narrative answer regarding officers among various companies, to produce a

4   spreadsheet from which board-elected officers and directors can be derived.

5   **INTERROGATORY NO. 9 [SIC]:** Describe how IDG earns revenue.

6   <u>**RESPONSE:**</u> IDG objects to this Interrogatory on the ground that it is overly

7   broad and not limited in time. Subject to and without waiving the foregoing, and

8   subject to and without waiving IDG's general objections, IDG states that over the

9   last year it has earned income from the following: interest income from cash on

10  hand at banks or brokerage accounts; capital gains; and dividends from

    subsidiaries (none of which are co-Defendants in this lawsuit).

11      Respectfully November 28, 2017.

12

13                          s/Kevin J. Curtis, WSBA No. 12085
                            WINSTON & CASHATT, LAWYERS
14                          601 W. Riverside, Ste. 1900
                            Spokane, WA 99201
15                          (509) 838-6131
                            Facsimile: (509) 838-1416
16                          E-mail Address: kjc@winstoncashatt.com

17

18

19

20

21

22

23

24
DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 10



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

31

1

2    Charles L. Babcock IV (*admitted pro hac vice*)
     cbabcock@jw.com
3    Texas Bar No. 01479500
     William J. Stowe (*admitted pro hac vice*)
4    wstowe@jw.com
     Texas Bar No. 24075124
5    JACKSON WALKER L.L.P.
     1401 McKinney Street
6    Suite 1900
     Houston, Texas  77010
7    (713) 752-4360 (telephone)
     (713) 308-4116 (facsimile)
8

9    Attorneys for Defendants International Data
     Group, Inc., CXO Media, Inc. and Steve Ragan
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     DEFENDANT IDG'S OBJECTIONS AND RESPONSES
     TO PLAINTIFFS' FIRST SET OF
     INTERROGATORIES AND REQUESTS FOR
     ADMISSION
     PAGE 11

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

32

CERTIFICATE OF SERVICE

    The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that on the 28th day of November, 2017, at Spokane, Washington, the foregoing was caused to be served on the following person(s) in the manner indicated:

| | |
|---|---|
| Jason E. Bernstein<br>Newman Du Wors LLP<br>2101 Fourth Avenue, Suite 1500<br>Seattle, WA 98121<br>jake@newmanlaw.com<br><br>Leeor Neta<br>Newman Du Wors LLP<br>600 California St., 11th Floor<br>San Francisco, CA 94109<br>leeor@newmanlaw.com<br><br>Attorneys for Plaintiffs | VIA REGULAR MAIL ☐<br>VIA CERTIFIED MAIL ☒<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA EMAIL ☐ |
| Christopher B. Durbin<br>1700 Seventh Avenue, Suite 1900<br>Seattle, WA 98101-1355<br>cdurbin@cooley.com<br><br>Matthew D. Brown<br>Amy M. Smith<br>Cooley LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>brownmd@cooley.com<br>amsmith@cooley.com<br><br>Attorneys for Defendant Kromtech Alliance Corporation | VIA REGULAR MAIL ☐<br>VIA CERTIFIED MAIL ☒<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA EMAIL ☐ |

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

33

| | |
|---|---|
| Aaron Rocke<br>Rocke Law Group, PLLC<br>101 Yesler Way, Suite 603<br>Seattle, WA 98104<br>aaron@rockelaw.com<br><br>Attorney for Defendant Chris Vickery | VIA REGULAR MAIL ☐<br>VIA CERTIFIED MAIL ☒<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA EMAIL ☐ |

*Janel Martindale*

Janel Martindale

DEFENDANT IDG'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSION
PAGE 13

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

34