Leeor Neta, *admitted pro hac vice*
*leeor@newmanlaw.com*
Jake Bernstein, WSBA No. 39362
*jake@newmanlaw.com*
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KROMTECH ALLIANCE CORPORATION, et al.,<br><br>    Defendants. | Case No. 2:17-cv-00105-SAB<br><br>**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>With Oral Argument<br>Date:    March 15, 2018<br>Time:    2:30 p.m.<br>Spokane, Washington |

PLAINTIFFS' MOTION TO COMPEL - 1
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

FACTS ..................................................................................................................2

    A.    Factual Background..................................................................................2

    B.    Plaintiffs have diligently pursued discovery but CXO's responses remain insufficient..................................................................................3

ARGUMENT ........................................................................................................6

CONCLUSION .....................................................................................................9

PLAINTIFFS' MOTION TO COMPEL - 1
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# TABLE OF AUTHORITIES

**Cases**

*Bristol-Myers Squibb Co. v. Superior Court of Cali., San Francisco Cty.*,
 137 S. Ct. 1773 (2017)...................................................................................8

*Daimler Ag v. Bauman*,
 134 S. Ct. 746 (2014)......................................................................................7

*Kowal v. Westchester Wheels, Inc.*,
 2017 Il. App. (1st) 152293 (Ill. App. September 8, 2017) ..................................8

*Lindsley v. American Honda Motor Company*,
 2017 WL 3217140 (E.D.P.A. July 7, 2017) .......................................................8

*Picot v. Weston*,
 780 F.3d 1206 (9th Cir. 2015) ...........................................................................8

*Tamburo v. Dworkin*,
 601 F.3d 693 (7th Cir. 2010) .............................................................................9

*Thomas v. Ford Motor Company*,
 2017 WL 4541397 (October 10, 2017)...............................................................8

*Trade Well Int'l v. United Cent. Bank*,
 825 F.3d 854 (7th Cir. 2016) .............................................................................9

**Statutes**

RCW 4.28.185(1)...................................................................................................8

**Rules**

Fed. R. Civ. P. 29..................................................................................................6

PLAINTIFFS' MOTION TO COMPEL - 2
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**INTRODUCTION**

Plaintiffs River City Media, LLC, Mark Ferris, Matt Ferris, and Amber Paul ("Plaintiffs") respectfully, by their undersigned counsel of record, submit this motion, pursuant to Rule 37(a)(3)(B)(iii) and (iv) of the Federal Rules of Civil Procedure, to compel Defendant CXO Media, Inc. ("CXO") to produce documents responsive to Plaintiffs' First Requests for the Production of Documents and to provide complete interrogatory responses in response to Plaintiffs' First Set of Interrogatories.

In denying Defendants' motion to dismiss, the Court permitted Plaintiffs to take discovery on certain jurisdictional issues. Despite months of discussion and this Court's entry of the protective order that CXO demanded as a prerequisite to its production, CXO *still* has not produced all responsive documents and information. At the same time, Plaintiffs have been more than cooperative - producing complete responses to several sets of discovery, and even appearing for a jurisdictional deposition.

CXO has refused to respond to discovery directly relevant to the question of specific personal jurisdiction—a matter about which the Court expressly permitted early discovery. CXO claims that Plaintiffs are entitled only to discovery regarding the specific article at issue in this case, but the question of jurisdiction involved *anything* CXO has done to target Washington consumers. Because of CXO's refusal to cooperate, Plaintiffs' can't fully evaluate jurisdiction for purposes of their First Amended Complaint – a problem created by CXO for its benefit. CXO should not be permitted to abuse the discovery process in order to avoid the jurisdiction of this Court. For these reasons, as set forth fully below, this Court should grant Plaintiffs' motion to compel.

As required by Local Rule 37.1, attorneys for Plaintiffs conferred in good faith with attorneys for CXO regarding the nature of this Motion and its legal basis. Plaintiffs have attempted in good faith to narrow the scope of the issues before this

PLAINTIFFS' MOTION TO COMPEL - 1
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Court. The parties were unable to come to any agreement. Plaintiffs now seek an order requiring Defendant CXO to provide this vital information.

**FACTS**

A. **Factual Background**

Defendant CXO owns and operates the Internet security-focused website, CSOonline.com. (ECF. No. 1 at ¶ 4; Declaration of Edward Bloom in Support of Motion to Dismiss ("Bloom Decl."), ECF. No. 15 at 3.) CSOonline.com is an internationally-known source of security news. The site boasts 786,000 average monthly page views from 395,000 average monthly unique visitors. (*See* Declaration of Matt Ferris in Support of Opposition to Motion to Dismiss ("Ferris Decl."), ECF No. 25, ¶ 14, Ex. 4 (CSO Media Kit, available at https://www.idgenterprise.com/reach/cso/, last visited April 28, 2017).) CSOonline calls itself the "leading source" for security professionals to "connect exclusively with key security decision-makers." (*Id.*)

Washington State houses substantial numbers of the country's information security professionals, many of whom read CSOonline.com. (Declaration of Amber Paul in Support of Opposition to Motion to Dismiss ("Paul Decl."), ECF. No. 24, ¶ 4.) It is for that reason that Washington is an important market for CXO. (Paul Decl. ¶ 4.) Indeed, River City's business partners - many of whom reside in Washington - also read or get information from news stories published on CSOonline.com. (*Id.* at ¶ 5.) CSOonline.com has a wide reach with respect to River City's customers and business partners in this District. (*Id.* at ¶ 6.)

CXO (via CSOOnline) played a pivotal role in analyzing and disseminating River City's data following Defendant Chris Vickery's hacking and theft of information. Based on that data, CXO then spread false, defamatory, and reputation-ruining information about River City. As just one example, it published a March 6, 2017 article by Defendant Steve Ragan entitled "Spammers expose their entire operation through bad backups," (the "Ragan Article"). (Complaint,

PLAINTIFFS' MOTION TO COMPEL - 2
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

ECF No. 1, at 11–13.) The Ragan Article arises from the months-long computer hacking campaign against Washington-based River City. (Complaint at ¶¶ 38–63, ECF No. 1 at 7–11.)

The record proves that CXO knew that River City operated out of Washington and that the harm would be felt here:

1. Multiple documents posted publicly by Ragan and Vickery include address information for River City and its associated business partners (Ferris Decl. ¶¶ 25, 26, 29);
2. Spamhaus listed location information for Matt Ferris, and both Vickery and Ragan referenced that fact in their articles (Ferris Decl. ¶ 31);
3. Vickery and Ragan had access to extensive IP address data, much of which pointed to Spokane, WA (Ferris Decl. ¶ 29) - for example, Ragan refers to TierPoint, an ISP, as being the only connection to the internet for Cyber World Internet Services (an entity linked to River City), both of which had Spokane IP addresses (*id.*); and
4. The actual data that Ragan helped analyze was rife with references to Washington, indicating that the data itself likely came from Washington computers. (*Id.*)

**B.    Plaintiffs have diligently pursued discovery but CXO's responses remain insufficient.**

Following Defendants' unsuccessful Motions to Dismiss, ECF No. 60, the parties began a court-mandated discovery phase relating to whether the Eastern District of Washington can exercise jurisdiction over Defendants. Since then, Plaintiffs have diligently pursued discovery.

Plaintiffs served their first set of discovery on October 30, 2017. (Declaration of Leeor Neta in Support of Motion to Compel, dated February 9, 2018 ("Neta

PLAINTIFFS' MOTION TO COMPEL - 3
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Decl."), ¶ 2, Ex. A.) The following Interrogatories and Document Requests are relevant to this Motion:

> **Request for Production No. 3.** Produce all Documents related to CXO Media's relationship with IDG, Inc.
>
> **Request for Production No. 4.** Produce all Documents related to CXO's advertising and marketing of CXO's media properties in the state of Washington.
>
> **Request for Production No. 5.** Produce all Documents related to total sales of each of CXO Media's products or services, including subscriptions or memberships to magazines or news sites, whether print or online, in the United States generally and to Washington residents specifically.
>
> **Request for Production No. 6.** Produce all Documents related to CXO Media's income derived from advertising on its websites to Washington state residents.
>
> **Interrogatory No. 3**. For each product or service described in Interrogatory No. 2, provide the following information:
>
> (a) The number of units sold to consumers in the United States;
> (b) The number of units sold to consumers in the state of Washington;
> (c) The methods by which You market the product or service;
> (d) The number of units sold to consumers in the United States directly from Your online store;
> (e) The number of units sold to consumers in the state of Washington directly from Your online store;
> (f) The number of units sold to consumers in the state of Washington from Your affiliates (define somewhere) (sic)

(Neta Decl. Ex. A.)

CXO served its responses to Plaintiffs' Requests for Production and Interrogatories on November 28, 2017, objecting to Requests for Production 4, 5, and 6, and Interrogatory 3, on the ground that they were directed to general jurisdiction, rather than specific jurisdiction:

> CXO objects to this Interrogatory on the ground that it is overly broad and seeks information relating to general jurisdiction even

PLAINTIFFS' MOTION TO COMPEL - 4
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

> though (1) the Court's Order (ECF No. 60 at 4) specifically states that "Plaintiffs are only relying on specific jurisdiction; (2) Plaintiffs' counsel expressly disclaimed general jurisdiction at the hearing on CXO's Motion to Dismiss; and (3) Plaintiffs o not allege General jurisdiction in their Complaint."

(*Id*.) Similarly, CXO objected to Requests for Production 3, and 6, and Interrogatory 3, on the ground that they:

> Call[] for confidential and commercially-sensitive information. Should the parties enter into an agreement regarding treatment of confidential information, Defendant will supplement with appropriately-designated information consistent with its objection – specifically, it would provide the amount of sales of ad "impressions" in connection with the specific article…

(*Id*.)

On December 15, 2017, Plaintiffs sent a letter requesting a meet and confer teleconference regarding CXO's deficient discovery responses. (*Id*. ¶5, Ex. B.) CXO did not respond. (*Id*. ¶5.) On December 28, 2017, Counsel for Plaintiffs followed up on the December 15 meet and confer letter. (*Id*. ¶7, Ex. C.) This teleconference took place on January 2. (*Id*. ¶8.) During the teleconference, Counsel for CXO indicated that it would not produce documents in the absence of a protective order. (*Id*.) On January 5, 2018, CXO and IDG moved for a protective order related to documents requested by Plaintiffs. (ECF. No. 69.)

During the pendency of CXO's Motion for Protective Order, on January 31, the deadline for jurisdictional discovery, Defendant Kromtech produced 3,985 pages in response to Plaintiffs' discovery requests. (Neta Decl. at ¶10.) CXO produced no supplemental documents or responses. (*Id*.) On February 6, 2018, the Court granted IDG and CXO's motion and entered the protective order. (*ECF Nos. 76-77.*) On Tuesday, February 6, 2018, at approximately 2:00 PM PST, CXO produced documents in response to Plaintiffs' requests for production. (Neta Decl. ¶11, Ex. F.) And on February 7, 2018, at 10:36 a.m. PST, CXO served responses to

Plaintiffs' Interrogatories number 3 and 5. (*Id*. ¶12, Ex. G.) CXO's responses were deficient, failing to provide any information regarding the relationship between CXO and IDG, and providing only information regarding one specific article – the Ragan article – published on its website.

During the afternoon of February 7, counsel for Plaintiffs informed counsel for CXO of this and requested an extension of the Motion to Amend pleadings deadlines. Counsel for CXO and IDG refused. (*Id*. ¶13; Ex. H.) That night, Counsel for Plaintiffs sent a letter to Counsel for CXO and IDG, detailing CXO and IDG's discovery deficiencies and requesting a meet and confer teleconference. (*Id*. ¶14; Ex. I.) Counsel participated in that teleconference during the morning of February 8. (*Id*. ¶15.) Plaintiffs then filed a Motion to Extend the Deadline to File their Motion to Amend Complaint, Dkt. 81, and a Motion to Expedite the same. (ECF No. 79.) Plaintiffs now move to compel CXO to provide complete responses to discovery.

## ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." While this Court's August 28 Order (ECF No. 60) limited the current phase of discovery to jurisdiction only, the Court did *not* limit discovery to only one article published by CXO and a bare-bones organizational chart.

CXO's primary objection is that the Requests seek information that CXO characterizes as related to general jurisdiction even though the Court stated that the initial complaint only relies on specific jurisdiction. Neta Decl. Ex. A. But there are problems with that argument.

PLAINTIFFS' MOTION TO COMPEL - 6
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

First, the Court's statement pertains only to the *initial* complaint. Nothing in the Court's Order limits the mandated discovery to specific jurisdiction - after which the Court gave leave for Plaintiffs to amend. The Court expressly allowed Plaintiffs to seek discovery about jurisdiction to support a *First Amended Complaint*, whether that is general or specific. Plaintiffs have never waived their right to assert general jurisdiction in the First Amended Complaint.

Even if Plaintiffs had waived their right to take discovery regarding specific jurisdiction - which they did not - their Requests in fact seek discovery relevant to that issue. Unlike general jurisdiction, which exists where a defendant is incorporated or has its principal place of business, specific jurisdiction relates to activities that demonstrate a defendant has purposely availed itself of the privilege of conducting business in the state. *See Daimler Ag v. Bauman*, 134 S. Ct. 746, 755, 762 (2014).

Because CXO's business targets Washington consumers, they are subject to specific jurisdiction related to those activities. The articles about River City arose out of the purposeful targeting of Washington residents for readers and business. The Ragan Article is *not* the only relevant article for purposes of a specific jurisdiction analysis. River City has the right to discovery related to CXO's page views for *all* of its articles and website, and revenue in Washington

The Court's August 28 Order supports this position. It says *nothing* about limiting discovery to the Ragan Article. Instead, the Court explained:

> It is established if the plaintiff can show that (1) the non-resident defendant purposefully directed his activities or consummated some transaction with the forum or resident thereof; or performed some act by which it purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the claim arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it must be reasonable. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

PLAINTIFFS' MOTION TO COMPEL - 7
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

River City's discovery requests seek information on CXO's activities directed at residents in the state of Washington. Providing page views and revenue from one article - even the article at issue - is not sufficient.

When it met conferred over its deficient discovery responses, counsel for CXO cited only one case in support of its position: *Bristol-Myers Squibb Co. v. Superior Court of Cali., San Francisco Cty.*, 137 S. Ct. 1773 (2017). But *Bristol-Meyers* does not apply to controversies brought by in-state residents regarding activities in the forum state. In *Bristol-Meyers*, the Court held that due process did not permit exercise of specific personal jurisdiction in California over **nonresident consumers' claims**. *Id.* at 1783-84. Because the suit did not arise out of or relate to the defendant's contact with the forum, the court could not exercise specific personal jurisdiction over the defendant. *Id.* at 1780.

*Bristol-Meyers* does **not** instruct that no contacts other than the specific case-related contact are relevant for specific jurisdiction. And no case has applied *Bristol-Meyers* in that way. Instead, courts considering specific jurisdiction over a defendant for actions occurring in the forum provide that *Bristol-Meyers* does not apply. *See Lindsley v. American Honda Motor Company*, 2017 WL 3217140, at *2 (E.D.P.A. July 7, 2017); *Kowal v. Westchester Wheels, Inc.*, 2017 Il. App. (1st) 152293 (Ill. App. September 8, 2017); *Thomas v. Ford Motor Company*, 2017 WL 4541397, at *2 (October 10, 2017).

Specific personal jurisdiction is proper if the "defendant's suit-related conduct ... create[s] a substantial connection with the forum State." *Walden*, 134 S.Ct. at 1121. It is appropriate where (1) the defendant purposefully directed its activities at the forum State or purposefully availed itself of the privilege of conducting business in that State and (2) the defendant's forum-related activities caused the plaintiff's injury. *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King,* 471 U.S. at 472). The purposeful availment inquiry is about whether the party should reasonably anticipate being haled into court in the

PLAINTIFFS' MOTION TO COMPEL - 8
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

forum state. *See Genetic Veterinary Sciences,* 2014 WL 2894301, at *4; *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016). CXO purposefully availed itself of the state of Washington by its activities targeting articles to Washington State residents. Plaintiffs have the right to discovery to verify this fact in support of their First Amended Complaint.

## CONCLUSION

CXO has no valid reason for withholding the information and documents Plaintiffs seek. Plaintffs are not limited to discovery regarding specific jurisdiction, but even if they were, the discovery sought *is* relevant to specific jurisdiction. The question of jurisdiction involves CXO's efforts to target Washington consumers in any way, not just the Washington-specific page views of the article at issue. Yet because of CXO's refusal to cooperate, Plaintiffs' can't fully evaluate jurisdiction for purposes of their First Amended Complaint. CXO engineered this problem by withholding documents and information until after the jurisdiction discovery deadline passed, and then providing woefully inadequate responses. Plaintiffs are entitled to discovery relevant to this Court's jurisdiction, and respectfully request that the Court orders CXO to meet its obligations.

Dated: February 9, 2018

Newman Du Wors LLP

_____
Jason E. Bernstein, WSBA Bar No. 39362
*jake@newmanlaw.com*
Leeor Neta, *admitted pro hac vice*
*leeor@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121

PLAINTIFFS' MOTION TO COMPEL - 9
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

(206) 274-2800

Attorney for Plaintiffs
RIVER CITY MEDIA, LLC

PLAINTIFFS' MOTION TO COMPEL - 10
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

**Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan**

Kevin J. Curtis
WINSTON & CASHATT
601 W. Riverside, Ste. 1900
Spokane, WA 99201
*kjc@winstoncashatt.com*

Charles L. Babcock
William J. Stowe
Jackson Walker L.L.P.
1401 McKinney Street, Suite 1900
Houston, TX 77010
*cbabcock@jw.com*
*wstowe@jw.com*

**Attorneys for Kromtech Alliance Corp.**

Amy McGowan Smith
Matthew D. Brown
Cooley LLP
1355101 California Street, 5th Floor
San Francisco, CA 94111
*amsmith@cooley.com*
*brownmd@cooley.com*

Christopher B. Durbin
Cooley LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
*cdurbin@cooley.com*

**Attorneys for Defendant Chris Vickery**

Edward C. Chung, Esq.
Chung, Malhas & Mantel, PLLC
1511 Third Avenue, Suite #1088
Seattle, WA 98101
*Echung@cmmlawfirm.com*
*Litigation@cmmlawfirm.com*

I declare under penalty of perjury that the foregoing is true and correct.

Arlyne Sorrells
Paralegal

PLAINTIFFS' MOTION TO COMPEL - 11
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800