Leeor Neta, *admitted pro hac vice*
leeor@newmanlaw.com
Jake Bernstein, WSBA No. 39362
jake@newmanlaw.com
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KROMTECH ALLIANCE CORPORATION, et al., <br><br> Defendants. | Case No. 2:17-cv-00105-SAB <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXTEND AMENDED PLEADINGS DEADLINE** <br><br> Without Oral Argument <br> Date:   March 12, 2018 <br> Spokane, Washington |

## INTRODUCTION

Plaintiffs seek a brief extension of the deadline to amend pleadings. They asked CXO to stipulate. But it refused. And it refused for only one reason—the same reason cited in its opposition brief—that (according to CXO) Plaintiffs unreasonably delayed seeking the discovery ordered by this Court. Nothing is further from the truth.

Plaintiffs have diligently pursued discovery since well before the Court set an amendment deadline. It is true that the parties have had their hands full for months—months that overlapped the holiday season. Yet Plaintiffs have attempted multiple times to meet and confer with CXO. And it was not clear until last week the degree to which CXO's fundamental misunderstanding of specific personal

PLTS' REPLY IN SUPPORT OF MOT. TO EXTEND AMENDED PLEADINGS DEADLINE - 1
[Case No.: 2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

jurisdiction was frustrating discovery. If that were not enough, Plaintiffs have bent over backwards to accommodate CXO. Plaintiffs even responded to voluminous written discovery and appeared for a jurisdictional deposition—though the Court never expressly permitted CXO to take that discovery.

CXO's opposition also suggests that an extension of the amendment deadline will impact the case schedule. But the next deadline on the schedule occurs in November 2018—*nine months away*.

There is simply no reason for the Court not to extend the amendment deadline so that the parties can resolve their discovery dispute. The Court only ordered the discovery so that Plaintiffs could amend their complaint. CXO should not be able to frustrate the Court's order by refusing to participate in discovery—especially when it will have no impact on the case schedule.

**DISCUSSION**

**A.     There has been no delay—just a packed schedule.**

CXO has refused to produce whole categories of documents—as recently as last week. And it has refused to agree to briefly extend the amendment deadline so that discovery motions can be heard. CXO's only defense is that Plaintiffs somehow delayed.

But there has been no delay—let alone unreasonable delay. Indeed, the parties have been consumed with case responsibilities nearly every week for months:

1. **August 28, 2017:** The Court denies Defendant's motions to dismiss, permitting Plaintiffs to conduct certain limited discovery. (Dkt. 60.)
2. **September 2017:** Plaintiffs spend much of this time preparing and serving objections and responses to Defendant Chris Vickery's first set of discovery. (Declaration of Leeor Neta, dated February 11, 2018 ("Neta Decl.") at ¶ 2.)

PLTS' REPLY IN SUPPORT OF MOT. TO EXTEND AMENDED PLEADINGS DEADLINE - 2
[Case No.: 2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

3. **October 6, 2017:** Plaintiffs serve substantive responses to Defendant Vickery's first set of discovery. (*Id*. at ¶ 3.)
4. **October 18, 2017:** Defendants CXO and IDG serve their first set of discovery on Plaintiffs. (*Id*. at ¶ 4.)
5. **October 27, 2017:** The Court issues its first notice of status conference, ordering the parties to confer on dates. (Dkt. 63.)
6. **October 30, 2017:** Plaintiffs serve their first set of discovery on Defendants CXO and IDG. (Neta Decl. at ¶ 5.)
7. **November 15, 2017:** The parties confer on dates in accordance with the October 27, 2017 order. (*Id*. at ¶ 6.)
8. **November 18, 2017:** The parties file their Joint 26(f) report in accordance with the October 27, 2017 order. (Dkt. 64.)
9. **November 28, 2017:** The Court issues its first scheduling order. (Dkt. 65.)
10. **November 28, 2017:** CXO and IDG serves their initial responses to Plaintiffs' first set of interrogatories and requests for production. (Neta Decl. at ¶ 7.)
11. **December 4, 2017:** IDG serves amended responses to Plaintiffs' first set of interrogatories and requests for production. (*Id*. at ¶ 8.)
12. **December 15, 2017:** Plaintiffs send a letter requesting a meet and confer teleconference regarding CXO's deficient discovery responses. (*Id*. at ¶ 9.)
13. **December 18, 2017:** The parties participate in a meet and confer teleconference regarding CXO's deficient discovery responses and CXO's planned motion for protective order. *At no time does counsel for CXO indicate that it will not produce documents related to page views for contents other than one article cited in the initial complaint.* (*Id*. at ¶ 10.)

PLTS' REPLY IN SUPPORT OF MOT. TO EXTEND AMENDED PLEADINGS DEADLINE - 3
[Case No.: 2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

14. **December 21, 2017:** Plaintiffs send a letter requesting a meet and confer teleconference regarding IDG's deficient discovery responses. (*Id.* at ¶ 11.)
15. Over the next few weeks, *which also include the Christmas and New Year's holidays*, the parties confer about, negotiate, and conduct the deposition of Plaintiff Matthew Ferris. Plaintiffs also proceed with third-party discovery. (*Id.* at ¶ 12.)
16. **December 28, 2017:** Counsel for CXO, William Stowe, responds to an email requesting a response to the December 15 meet and confer letter. In that email, Mr. Stowe states that "there have been a lot of emails and meet and confers over this case." (*Id.* at ¶ 13.)
17. **January 4, 2018:** Kromtech states in a letter that it will not produce documents without a protective order. (*Id.* at ¶ 14.)
18. **January 5, 2018:** CXO and IDG file a motion for protective order related to documents requested by Plaintiffs. (Dkt. 69.)
19. Over the next few weeks, the parties brief the motion for protective order. (Neta Decl. at ¶ 15.)
20. **February 6, 2018:** The Court grants the protective order. (Dkt. 76.)
21. **February 6-7, 2018:** CXO and IDG provide additional discovery that is still markedly deficient. (Neta Decl. at ¶ 16.)
22. **February 8, 2018:** Plaintiffs move to continue the deadline to move to amend the complaint. (Dkt. 79.)

The above timeline demonstrates that Plaintiffs merely ran out of time. That is not the same as delay.

In truth, Plaintiffs have been very diligent—especially since the Court set an amendment deadline. What's more: Plaintiffs have fully cooperated in discovery—including an oral deposition—demanded by CXO. And they did that all over the

PLTS' REPLY IN SUPPORT OF MOT. TO EXTEND AMENDED PLEADINGS DEADLINE - 4
[Case No.: 2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

course of two months consumed by (1) the very busy holiday season, (2) multiple third-party subpoenas and (3) briefing on CXO's motion for protective order.

**B.    CXO's objections gave no indication that it would refuse to produce discovery regarding its forum-related activities.**

CXO's opposition contends that its initial responses to Plaintiffs' written discovery contain objections indicating that "CXO is not producing documents and information regarding general jurisdiction."[1] (ECF No. 82) CXO claims as a result that Plaintiffs should have complained earlier if they wanted to challenge that objection.

But there is nothing about that objection that suggests CXO would not produce the requested documents and information. Plaintiffs' requests inquire about CXO's forum-related activities—including advertising and marketing efforts within Washington, sales to Washington residents, income derived from Washington residents, and page views by Washington residents. (Neta Decl. at ¶ 17.) The requests in other words pertain to the first prong of the specific jurisdiction inquiry.

These requests do not speak to general jurisdiction. General jurisdiction exists only where a defendant has done something to approximate physical presence in a state (a fact that counsel for CXO has had great trouble understanding). *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015). For that reason, Plaintiffs were not overly concerned when CXO made a generic objection refusing to produce documents or information "relating to general jurisdiction." (Neta Decl. at ¶ 18.) That's why Plaintiffs did not earlier move to extend the amendment deadline. (*Id.*)

---

[1] Specifically, CXO complained that counsel for Plaintiffs had disclaimed general jurisdiction during the hearing on the motions to dismiss the initial complaint. But that is totally irrelevant. Nothing in the Court's order prevents Plaintiffs from asserting general jurisdiction in the first amended complaint. And Plaintiffs never made any promises not to assert general jurisdiction. Plaintiffs should be free to take discovery on this and any jurisdictional issue.

PLTS' REPLY IN SUPPORT OF MOT. TO EXTEND AMENDED PLEADINGS DEADLINE - 5
[Case No.: 2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

If there was any delay, CXO contributed to it by promising for months to produce discovery related to page views. (*Id.* at ¶ 19.) In fact, it produced some of this information a few days ago. (*Id.*) Specifically, CXO provided site-wide page views for U.S. residents, but not Washington residents—making it very difficult to compare the degree to which it directed its activities at Washington. (*Id.* at ¶ 20.)

When Plaintiffs discovered that CXO produced some, but not all of the page view discovery, they immediately tried to negotiate an extension of the deadline to amend so that the parties could work out their dispute. (*Id.* at ¶ 21.) CXO refused. (*Id.*) And it is that refusal—and only that refusal—that explains why the parties are here on this motion.

**C. CXO will suffer no prejudice from a thirty or even sixty-day extension, because the next deadline is nine months away.**

Even though CXO has forced Plaintiffs to move for an extension of the amendment deadline, no such extension will affect the case schedule. As indicated, the next deadline on calendar is in November—nine months from now. (*See* ECF No. 66 at 3.) That is the deadline for initial expert disclosures. Discovery does not even close until the end of February *2019*. (*Id.*) The earliest possible date for trial is in mind-July 2019. (*Id.* at 2.) It is nearly ludicrous to suggest that a brief extension of the amendment deadline will somehow prejudice CXO.

If anything, failure to extend the deadline will prejudice Plaintiffs. On Tuesday, when it granted CXO's motion for protective order, the Court imposed a requirement that Plaintiffs move for permission to file its amended pleading. (*See* Dkt. 76 at 2.) That necessarily shortened the deadline to amend—which will expire in days. An extension is necessary to address this additional procedural hurdle.

## CONCLUSION

The Court should extend the deadline to amend until the parties have resolved their discovery dispute. CXO has refused to agree to that extension, but offered no justification for its refusal. There is no justification.

PLTS' REPLY IN SUPPORT OF MOT. TO EXTEND AMENDED PLEADINGS DEADLINE - 6
[Case No.: 2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Presumably, CXO wants to frustrate amendment because it believes an amended complaint may be difficult to challenge. But if CXO has a concern about jurisdiction, that should be addressed on the merits in the course of a motion to dismiss.

Dated: February 11, 2018

**Newman Du Wors LLP**

/s/ Jason Bernstein
_____
Jason E. Bernstein, WSBA Bar No. 39362
*jake@newmanlaw.com*
Leeor Neta, *admitted pro hac vice*
*leeor@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800

Attorney for Plaintiffs
RIVER CITY MEDIA, LLC

PLTS' REPLY IN SUPPORT OF MOT. TO EXTEND AMENDED PLEADINGS DEADLINE - 7
[Case No.: 2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

**Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan**

| | |
|---|---|
| Kevin J. Curtis<br>WINSTON & CASHATT<br>601 W. Riverside, Ste. 1900<br>Spokane, WA 99201<br>*kjc@winstoncashatt.com* | Charles L. Babcock<br>William J. Stowe<br>Jackson Walker L.L.P.<br>1401 McKinney Street, Suite 1900<br>Houston, TX 77010<br>*cbabcock@jw.com*<br>*wstowe@jw.com* |

**Attorneys for Kromtech Alliance Corp.**

| | |
|---|---|
| Amy McGowan Smith<br>Matthew D. Brown<br>Cooley LLP<br>1355101 California Street, 5th Floor<br>San Francisco, CA 94111<br>*amsmith@cooley.com*<br>*brownmd@cooley.com* | Christopher B. Durbin<br>Cooley LLP<br>1700 Seventh Avenue, Suite 1900<br>Seattle, WA 98101<br>*cdurbin@cooley.com* |

**Attorneys for Defendant Chris Vickery**

Edward C. Chung, Esq.
Chung, Malhas & Mantel, PLLC
1511 Third Avenue, Suite #1088
Seattle, WA 98101
*Echung@cmmlawfirm.com*
*Litigation@cmmlawfirm.com*

I declare under penalty of perjury that the foregoing is true and correct.

s/Rachel Horvitz
Rachel Horvitz

PLTS' REPLY IN SUPPORT OF MOT. TO EXTEND AMENDED PLEADINGS DEADLINE - 8
[Case No.: 2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800