Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
Telephone: (509) 838-6131

Charles L. Babcock IV (*admitted pro hac vice*)
cbabcock@jw.com
Texas Bar No. 01479500
William J. Stowe (*admitted pro hac vice*)
wstowe@jw.com
Texas Bar No. 24075124
JACKSON WALKER L.L.P.
1401 McKinney Street
Suite 1900
Houston, Texas 77010
(713) 752-4360 (telephone)
(713) 308-4116 (facsimile)

Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| RIVER CITY MEDIA, LLC, a Wyoming limited liability company, MARK FERRIS, an individual, MATT FERRIS, an individual, and AMBER PAUL, an individual,<br><br>Plaintiffs,<br><br>vs. | No. 2:17-cv-105-SAB<br><br>DEFENDANT CXO MEDIA, INC.'S, RESPONSE TO PLAINTIFFS' MOTION TO COMPEL<br><br>With Oral Argument<br>Hearing Date: March 15, 2018 @ 2:30 p.m.<br>Spokane, Washington |
|---|---|

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

KROMTECH ALLIANCE CORPORATION, a German corporation, CHRIS VICKERY, an individual, CXO MEDIA, INC., a Massachusetts corporation, INTERNATIONAL DATA GROUP, INC., a Massachusetts corporation, and STEVE RAGAN, an individual, and DOES 1-50,

Defendants.

Defendant CXO Media, Inc. ("CXO") respectfully submits this Response to Plaintiffs' Motion to Compel ("Motion") as follows:

**Summary**

Plaintiffs' counsel conflates general jurisdiction and specific jurisdiction. Specific (or "case-linked") jurisdiction is personal jurisdiction based on connections to the forum ***that are directly connected to the specific claims at issue***, whereas general jurisdiction is based on ties to the forum that need not have any connection to the specific claims at issue. General jurisdiction is not at issue here – Plaintiffs have made clear time and time again that they are not asserting general jurisdiction, only specific jurisdiction. For specific jurisdiction, "[w]hat is needed . . . is a connection between the forum ***and the specific claims at issue***." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (emphasis added).

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Because Plaintiffs are only alleging specific jurisdiction, Plaintiffs sought – and CXO provided – information regarding page views and revenue earned from views of the specific article on which Plaintiffs sue that was published on CXO's website and authored by Steve Ragan (the "Ragan Article"), including revenue and views from Washington state. CXO has also provided information regarding whether any Washington-based advertisements were sold in connection with the Ragan Article (none were). But what Plaintiffs seek here is information pertinent only to general jurisdiction – that is, information unconnected to the Ragan Article over which they sue and instead connected to articles ***having nothing to do with this lawsuit***. That is not specific jurisdiction. It is general jurisdiction because it relates to affiliations with the forum not connected to the specific claims at issue, which are based on the Ragan Article over which they are suing. For whatever reason, Plaintiffs' counsel simply does not understand that information relating to articles other than the Ragan Article is not relevant to specific jurisdiction in a suit based on the Ragan Article. Certain of the requests are also overly broad as discussed below.

**Argument**

Plaintiffs make the astonishing statement that "River City has the right to discovery related to CXO's page views for ***all of its articles and website, and revenue in Washington***." Plaintiffs also state that the "Ragan Article is ***not*** the only relevant article

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

for purposes of a specific jurisdiction analysis." Motion at 10. In other words, Plaintiffs want information unconnected to the Ragan Article in a suit based on the Ragan Article.

Specific jurisdiction has a three-pronged test, the second prong of which is what is at issue in this motion to compel: "the claim must be one which arises out of or relates to the defendant's forum-related activities . . . ." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). General jurisdiction, unlike specific jurisdiction, allows a defendant to be "haled into court in that state in any action, even if the action is unrelated to those contacts." *Pac. Aerospace & Elecs., Inc. v. SRI Hermetics, Inc.*, No. CV-05-0155AAM, 2005 WL 2921626, at *4 (E.D. Wash. Nov. 4, 2005).

Just last year, the Supreme Court in *Bristol-Myers* rejected the very conflation of general and specific jurisdiction that Plaintiffs exhibit here. There, the plaintiffs sued over the defendant drug manufacturer's drug Plavix. The plaintiffs argued, as Plaintiffs do here, that even though the specific claims at issue involved Plavix, "***other research*** was done in the State" by the defendant regarding drugs and hence specific jurisdiction could be based on those other activities. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017) (emphasis added). But the Court rejected Plaintiffs' argument. *See id.* at 1781 ("Nor is it sufficient—***or even relevant***—that [defendant] conducted research in California on matters unrelated to Plavix.") (emphasis added). The Court noted that for specific jurisdiction, "[w]hat is

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

needed . . . is a connection between the forum ***and the specific claims at issue***." *Id.* at 1781 (emphasis added).

Similarly, "other articles" by Ragan that Plaintiffs have not sued on are not relevant to specific jurisdiction because they are not relevant to the "specific claims at issue." Plaintiffs' argument that "other articles" published on CXO's website are pertinent to specific jurisdiction is identical to the plaintiffs' argument in *Bristol-Myers* that "other research" in California was pertinent to specific jurisdiction. That other drug research was not Plavix; the other articles are not the Ragan Article.

Other courts have similarly reprimanded counsel for "conflat[ing] specific and general jurisdiction." *Foraker v. Reeves*, No. 2:11-CV-00646-RLH, 2011 WL 6029890, at *2 (D. Nev. Dec. 5, 2011).

For example, in *Foraker*, the plaintiff alleged, as Plaintiffs do here, only specific, not general, jurisdiction. The plaintiff sued a trucker and his employer and offered, as evidence that defendants "purposefully direct activities at Nevada[,] . . . website printouts that state: (1) '[defendant] is a truckload carrier operating in the 48 states' and makes 'runs west to CA, AZ, coast to coast' . . .; and (2) that [defendant] leases trucks to a company that 'hauls freight to the Southwest, Northwest, Southeast, and central parts of the United States.'" *Id.* at *3. Since the evidence was not connected to the specific claim at issue, the Court noted "[t]his evidence is ***more suited to a general jurisdiction***

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

***argument which Plaintiff does not make***" and that the second prong of specific jurisdiction (which requires a connection to the claim at issue) was not satisfied: "Plaintiff then fails on the second prong as his claims do not arise out of the Defendants' forum related activities." *Id.* The relevant issue for this motion to compel is not whether the Court granted the motion to dismiss in *Foraker* (it did), nor where the accident occurred, it is that the proposed evidence offered by Plaintiff to support specific jurisdiction ***did not have to do with the specific claim being asserted and hence did not support specific jurisdiction***. The same is true for *Bristol-Meyers*, which is why Plaintiffs' attempt to distinguish *Bristol-Meyers* falls flat on its face. It is the Court's discussion in *Bristol-Meyers* of general and specific jurisdiction and its conclusion that information not tied to the specific claims was not "even relevant" to specific jurisdiction, that matters. Plaintiffs' argument – that because some (not all, as Plaintiffs erroneously suggest) of the plaintiffs in *Bristol-Meyers* were not from the forum state, *Bristol-Meyers*' general principles regarding what is relevant to specific jurisdiction are inapplicable – is nonsensical.

Numerous other cases similarly reject Plaintiffs' argument that evidence not directly related to the specific claims at issue is relevant to specific jurisdiction. *See, e.g., HS Real Co., LLC v. Sher*, 526 F. App'x 203, 205–06 & n.2 (3d Cir. 2013) (where Plaintiffs conceded at oral argument they were proceeding "only under a specific

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

jurisdiction theory," court held evidence of defendant's "contacts with New Jersey," including long-term business relationship with plaintiffs, that were "[s]eparate and apart from [defendant's] commission of a tort while physically present in New Jersey," were not relevant to specific jurisdiction, and plaintiffs had "conflate[d] general jurisdiction concepts into the specific jurisdiction inquiry"); *Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys., L.L.C.*, No. 17-30062, 2017 WL 6553374, at *4 n.2 (5th Cir. Dec. 22, 2017) (holding plaintiff "appear[ed] to conflate specific and general jurisdiction" when arguing, in case involving contracts, that there was specific jurisdiction based on defendant's "registration to do business" in the forum); *Steinfield v. EmPG Int'l, LLC*, 97 F. Supp. 3d 606, 614 (E.D. Pa. 2015) (holding court could not "rely on the existence of these 17 prior, unrelated sales to establish personal jurisdiction, as doing so would conflate the distinct analyses of specific jurisdiction and general jurisdiction. . . . None of the prior 17 sales gave rise to the plaintiffs' claims.").

Plaintiffs are suing CXO over the Ragan Article. Plaintiffs have asserted no claims relating to any other articles published on CXO's website, and have not alleged general jurisdiction. Not only does Plaintiffs' Complaint (and First Amended Complaint) only allege specific jurisdiction and not general jurisdiction, but Plaintiffs' counsel admitted at the hearing in response to the Court's question that Plaintiffs were only proceeding under specific jurisdiction. *See* Ex. 1, Aug. 16, 2017 Hearing Tr. at 49:7-12 ("THE COURT:

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

And you're proceeding only under specific jurisdiction -- MR. NETA: That's correct, Your Honor."). Even the Court, when ordering jurisdictional discovery, noted that "Plaintiffs are only relying on specific jurisdiction." Order (ECF No. 60 at 4). Yet Plaintiffs included general jurisdictional requests, such as:

- "[t]he number of views by visitors in the state of Washington" for articles *other than* the Ragan Article at issue (Ex. 2 at Interrog. No. 5(b));
- "all Documents related to CXO's advertising and marketing of CXO's media properties in the state of Washington," regardless of whether the property had anything to do with this case (*Id.* at RFP No. 4);
- "all Documents related to total sales of each of CXO Media's products or services, including subscriptions or memberships to magazines or news sites, whether print or online, in the United States generally and to Washington residents specifically," regardless of whether the magazines or news sites had anything to do with the Ragan Article or this case (*Id.* at RFP No. 5);
- documents "related to CXO Media's income derived from advertising on its websites to Washington state residents," again even if completely unconnected to this case (*Id.* at RFP No. 6);
- Various information relating to number of "units sold to consumers" in the United States and Washington by CXO and its "affiliates" (which the interrogatory does not define and even includes its attorney's internal comment "(define somewhere)"), and methods of marketing products or services, having nothing to do with the Ragan Article at issue or this case (*Id.* at Interrog. No. 3).

To be clear, CXO provided the information as it related to the Ragan Article. Further, although Plaintiffs allege that CXO "produced documents" on February 6, 2018, they fail to mention that CXO actually first produced documents all the way back on November 28, 2017. But what Plaintiffs seek here is information having nothing to do with the Ragan Article. Plaintiffs' implicit argument that they could in the future allege general

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

jurisdiction is disingenuous at best – this case has been pending nearly a year now and they know they cannot in good faith allege general jurisdiction under the extremely difficult to establish standard of *Daimler*.

Additionally, Plaintiffs included a request for production for "all Documents related to CXO Media's relationship with IDG, Inc.,"[1] which is no longer relevant since Plaintiffs have dropped International Data Group, Inc. ("IDG") from the complaint. In any event, such request was extremely overbroad. CXO produced an organization chart showing that CXO was not owned by IDG. Certain of the other Requests noted above are also overly broad and/or vague (Plaintiffs fail to list these objections when reciting the events to the Court). For example, as to Request for Production No. 5 and Interrogatory No. 3, it would potentially include every document relating to <u>any sale conducted by CXO in the entire United States and having nothing to do with this case</u>. That is the definition of overly broad. Interrogatory No. 3 is arguably even worse: it (1) even admits it is vague by including the comment "define somewhere" next to affiliates (and then doesn't actually define the term); and (2) would call for every unit sold in the United States or Washington by CXO or any company that qualifies as an "affiliate" (which Plaintiffs admit they need to define but then fail to do). Request for Production

---

[1] *Id.* at RFP No. 3.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

No. 6 is likewise overly broad, as it would not only capture articles having nothing to do with this suit but uses the extremely broad "all documents related to CXO Media's income . . . ." Not a single one of the cases Plaintiffs cite questions the principles cited above from *Bristol-Meyers* regarding the difference between general jurisdiction and specific jurisdiction and the irrelevance to specific jurisdiction of information regarding connections to the forum that are not tied to the "specific claims at issue." Plaintiffs also do not even attempt to address CXO's overbreadth/vagueness objections, and they should not be permitted to do so for the first time in Reply.

**Conclusion and Prayer**

The Court should deny Plaintiffs' Motion. The Court should also award CXO its attorney's fees for having to respond to the frivolous Motion, which could have been avoided had Plaintiffs researched the basic, elementary difference between general jurisdiction and specific jurisdiction, the latter of which specifically requires that the forum contacts be tied to the "specific claims at issue." General information regarding revenues unconnected to the Ragan Article, website views of articles other than the Ragan Article, and advertising unconnected to the Ragan Article is, at best, relevant to general jurisdiction, not specific jurisdiction. Plaintiffs admit that they only rely on specific jurisdiction and do not allege general jurisdiction.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Respectfully submitted this 23rd day of February, 2018.

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: kjc@winstoncashatt.com

Charles L. Babcock IV (*admitted pro hac vice*)
cbabcock@jw.com
Texas Bar No. 01479500
William J. Stowe (*admitted pro hac vice*)
wstowe@jw.com
Texas Bar No. 24075124
JACKSON WALKER L.L.P.
1401 McKinney Street
Suite 1900
Houston, Texas 77010
(713) 752-4360 (telephone)
(713) 308-4116 (facsimile)

Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan

CXO MEDIA, INC.'S, RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
PAGE 11

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

19882119v.3

I hereby certify that on February 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Jason E. Bernstein - jake@newmanlaw.com
Leeor Neta *(admitted pro hac vice)* - leeor@newmanlaw.com

Attorneys for Plaintiffs

Christopher B. Durbin - cdurbin@cooley.com
Matthew D. Brown *(admitted pro hac vice)* - brownmd@cooley.com
Amy M. Smith *(admitted pro hac vice)* - amsmith@cooley.com

Attorneys for Defendant Kromtech Alliance Corporation

Edward C. Chung - Echung@cmmlawfirm.com
Attorney for Defendant Chris Vickery

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS
Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: kjc@winstoncashatt.com



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131