# EXHIBIT 1

/3

1

```
 1                  IN THE UNITED STATES DISTRICT COURT
                 IN AND FOR THE DISTRICT OF WASHINGTON
 2    ----------------------------------
 3    RIVER CITY MEDIA, LLC, a          )
      Wyoming limited liability         )
 4    company, MARK FERRIS, an          )   NO. 1:17-CV-105-SAB
      individual, MATT FERRIS, an       )
 5    individual, and AMBER PAUL,       )
 6    an individual,                    )
                                        )
 7                        Plaintiffs,   )
                                        )
 8              -vs-                    )
                                        )
 9    KROMTECH ALLIANCE CORPORATION,    )
      a German corporation, CHRIS       )
10    VICKERY, an individual, CXO       )
      MEDIA, a Massachusetts            )
11    corporation, INTERNATIONAL DATA   )
      GROUP, a Massachusetts            )
12    corporation, and STEVE RAGAN,     )
      an individual, and DOES 1-50,     )
13                                      )   August 16, 2017
                          Defendants.   )   Yakima, Washington
14    ----------------------------------
15
16                 VERBATIM REPORT OF PROCEEDINGS
                          MOTION HEARING
17
                BEFORE THE HONORABLE STANLEY A. BASTIAN
18                   UNITED STATES DISTRICT JUDGE

19    APPEARANCES:

20    FOR PLAINTIFFS RIVER CITY
      MEDIA, MATT FERRIS, MARK
21    FERRIS AND AMBER PAUL:       LEEOR NETA
                                   Attorney at Law
22                                 600 California St., Floor 11
                                   San Francisco, CA 94109
23
                                   JAKE BERNSTEIN
24                                 Attorney at Law
                                   2101 Fourth Avenue, Suite 1500
25                                 Seattle, WA 98121
```

*14*

                                                                              2

| | | |
|---|---|---|
| 1 | FOR DEFENDANT KROMTECH ALLIANCE CORPORATION: | MATTHEW BROWN |
| 2 | | CHRISTOPHER B. DURBIN |
| | | AMY McCOWAN SMITH |
| 3 | | Attorneys at Law |
| | | 101 California Street, 5th Floor |
| 4 | | San Francisco, CA 94111 |
| 5 | FOR DEFENDANT CXO MEDIA AND INTERNATIONAL DATA | |
| 6 | GROUP AND STEVE RAGAN: | CHARLES L. BABCOCK |
| | | WILLIAM J. STOWE |
| 7 | | Attorneys at Law |
| | | 1401 McKinney Street, Suite 1900 |
| 8 | | Houston, TX 77010 |
| 9 | | KEVIN J. CURTIS |
| | | Attorney at Law |
| 10 | | 601 West Riverside, Suite 1900 |
| | | Spokane, WA 99201 |
| 11 | | |
| 12 | FOR DEFENDANT CHRIS VICKERY: (Telephonically) | |
| 13 | | AARON V. ROCKE |
| | | Attorney at Law |
| | | 101 Yesler Way, Suite 603 |
| 14 | | Seattle, WA 98104 |
| 15 | | |
| 16 | REPORTED BY: | Lynette Walters, RPR, CRR, CCR |
| | | Official Court Reporter |
| | | P. O. Box 845 |
| 17 | | Yakima, WA 98907 |
| | | (509) 573-6613 |
| 18 | | |

19  Proceedings reported by mechanical stenography; transcript produced by computer-aided transcription.

20

21

22

23

24

25

/15

Case 2:17-cv-00105-SAB    ECF No. 94-1    filed 02/23/18    PageID.1056    Page 4 of 8
Case 2:17-cv-00105-SAB    ECF No. 61    filed 09/12/17    PageID.559    Page 3 of 51

3

I N D E X

                                                  Page

Defendant IDG's Motion to Dismiss

Defendant CXO Media's and Steve Ragan's
Motion to Dismiss

Defendant Kromtech's Motion to Dismiss

    Argument by Mr. Babcock     4
    Argument by Mr. Stowe       11
    Argument by Mr. Brown       17
    Argument by Mr. Neta        26
    Argument by Mr. Babcock     40
    Argument by Mr. Brown       44
    Argument by Mr. Neta        48

16

Case 2:17-cv-00105-SAB    ECF No. 94-1    filed 02/23/18    PageID.1057    Page 5 of 8
Case 2:17-cv-00105-SAB    ECF No. 61    filed 09/12/17    PageID.604    Page 48 of 51

48

```
 1   said, at first blush when we looked at the contract, we thought
 2   there might be contradictory provisions.  But the court dug into
 3   the contract, interpreted it, and held as a matter of law that
 4   there was no agency, no right to control the details of the work
 5   there.
 6             So in that same way, there's really no reason that it
 7   can't be dealt with as a matter of law.  And we don't need to
 8   get into discovery, and then all the way through to the motion
 9   for summary judgment, only to litigate the issue of whether
10   there's sufficient agency showing to hale Kromtech into court in
11   Washington.
12             THE COURT:  Okay.  You're at your five minutes.  If
13   you want to wrap up, you may.
14             MR. BROWN:  I am wrapping up.  Thank you.
15             THE COURT:  Thank you, Mr. Brown.
16             Mr. Neta.
17             MR. NETA:  Very brief, Your Honor.
18             THE COURT:  I typically don't do this.  Let me
19   explain.  I'll give you two minutes.  It is not your motion, but
20   it is your burden.  So I think, since you're facing six against
21   two, I'll give you two minutes to sum it up.
22             MR. BABCOCK:  Fair fight, Your Honor.
23             MR. NETA:  Thank you.  I'll keep it very brief.
24             The Washington statute that was referenced earlier, I
25   believe it's discretionary, and I don't think it has any impact
```

/7

49

1  on federal courts.  While it might be true that the Supreme
2  Court has tightened up general jurisdiction, I don't believe
3  that's the case with specific.  And it's certainly not the case
4  of Internet actions.
5       A lot has been discussed about the *Walden* case, but I
6  just want to quickly bring your attention --
7       THE COURT:  And you're proceeding only under specific
8  jurisdiction --
9       MR. NETA:  That's correct, Your Honor.
10      THE COURT:  -- for all of the defendants, is my
11 impression, after reading all the briefing.
12      MR. NETA:  Precisely.  If you look at Footnote 9 of
13 the *Walden* case, it says specifically:
14          ... this case does not present the very
            different question whether and how
15          defendant's virtual "presence" and conduct
            translate into "contacts" with a particular
16          State. ... We leave questions about virtual
            contacts for another day.
17
18      So while that case did have something to say about
19 constraining specific jurisdiction, it doesn't have any impact
20 on this case, because that's not what this case is about.  It's
21 about Internet damage, Internet advertising commerce.
22      Quickly, on the issue of agency, I think there's
23 enough evidence in the case so far to indicate that Kromtech had
24 some agency control over Mr. Vickery.  And as I said earlier,
25 CXO doesn't really dispute the notion that they had agency

18

50

```
 1   control over Mr. Ragan.  There is a question about CXO and IDG
 2   and to the extent to which they're interrelated, but all I would
 3   say in response to that, Your Honor, is if you feel that
 4   question needs to be more appropriately addressed in the
 5   pleadings, we're happy to take jurisdictional discovery on
 6   certain questions so that we can resolve that issue.
 7           THE COURT:  Okay.  Thank you.
 8           MR. NETA:  Thank you, Your Honor.
 9           THE COURT:  All right.  I'll try to get a decision out
10   as soon as I can.  I do have a week-long trial that begins on
11   Monday, so that will probably get in the way of this a little
12   bit, but we'll work on it, get it out as soon as we can.  It
13   will be a couple weeks.
14           But I've enjoyed our time this afternoon.  And thank
15   you for being prepared, organized, and efficient.
16           MR. NETA:  Thank you.
17           MR. BABCOCK:  Thank you, Your Honor,
18      (ADJOURNMENT at 2:39 P.M.)
19
20
21
22
23
24
25
```

19

51

1        REPORTER'S CERTIFICATE
2
3
4
5        I, LYNETTE WALTERS, Registered Professional Reporter,
6   Certified Realtime Reporter and Certified Court Reporter;
7        DO HEREBY CERTIFY:
8        That the foregoing transcript, Pages 1 through 50,
9   contains a full, true, complete and accurate transcription of my
10  shorthand notes of all requested matters held in the foregoing
11  captioned case, including all objections and exceptions made by
12  counsel, rulings by the court, and any and all other matters
13  relevant to this case.
14       DATED this 12th day of September, 2017
15
16
17                              s/ Lynette Walters
                                LYNETTE WALTERS, RPR, CRR, CCR
18                              CCR NO. 2230
19
20
21
22
23
24
25

20