# **EXHIBIT 2**

21

1  Leeor Neta, *admitted pro hac vice*
   *leeor@newmanlaw.com*
2  Jake Bernstein, WSBA No. 39362
   *jake@newmanlaw.com*
3  NEWMAN DU WORS LLP
   2101 Fourth Avenue, Suite 1500
4  Seattle, WA 98121
   Telephone:  (206) 274-2800
5  Facsimile:   (206) 274-2801
6
7  Attorneys for Plaintiffs

8

9              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON
10

11  RIVER CITY MEDIA, LLC, et al.,          Case No. 2:17-cv-00105-SAB

12            Plaintiffs,                    **PLAINTIFFS' FIRST SET OF
                                             INTERROGATORIES AND
13       v.                                  REQUESTS FOR PRODUCTION
                                             OF DOCUMENTS TO CXO
14  KROMTECH ALLIANCE                        MEDIA, INC.**
    CORPORATION, et al.,
15

16            Defendants.

17

18        Pursuant to Fed. R. Civ. P. 26, 33, & 34, and applicable local rules, River

19  City Media LLC, Mark Ferris, Matt Ferris, and Amber Paul (collectively

20  "Plaintiffs") request that Defendant CXO Media, Inc. ("CXO") respond to the

21  following interrogatories and requests for production of documents fully, in

22  writing, and under oath within thirty (30) days of the date of their service on you

23  and your attorneys.

24                        **INSTRUCTIONS**

25        A.      In answering these Interrogatories and Requests for Production,

26  unless otherwise specified, You are to furnish all information known to You at the

27  time of answering, regardless of whether this information is possessed by You or

28

22

1  Your employees, agents, representatives, affiliated corporations, investigators, or

2  by Your attorneys or their employees, agents, representatives or investigators.

3      B.    These Interrogatories and Requests for Production shall, to the fullest

4  extent permitted by law, be deemed continuing, so as to require You, without

5  further request from Defendant, to provide supplemental answers within fifteen

6  (15) days of acquiring any additional information, knowledge, or belief pertaining to

7  the subject matter of any Interrogatory or Request for Production.

8      C.    If You cannot answer any of the following Interrogatories and

9  Requests for Production after exercising due diligence to secure the full

10  information to do so, so state and answer to the extent possible, specifying Your

11  inability to respond in full, stating whatever information or knowledge You have

12  concerning the unanswered portion, and detailing what You did in attempting to

13  secure the unknown information.  If You do know the name of a person or entity

14  that may have such information, the name, address, telephone number, and the

15  nature of the information known by such person or entity shall be disclosed in Your

16  answer.

17      D.    If You withhold under a claim of privilege any information or

18  document called for by any discovery request, state the following:

19          (a)    the basis for withholding the information;

20          (b)    the identity of all persons who possess the information;

21          (c)    the date and place of, and the identity of, all persons involved in

22              any communications that bear on the information called for by

23              the discovery request; and

24          (d)    in general, the substance of the document.

25      E.    For each and every answer to these Interrogatories and Requests for

26  Production, state all the facts relied upon, and provide the evidentiary basis

27  (identifying documents, witnesses, and other sources) for each fact identified.

28

23

1     F.     A question that seeks information contained in, information about, or
2 identification of any document may be answered by providing a copy of such
3 document for inspection without a request for production.

4     G.     Provide all responsive information for the entire time period specified
5 by an Interrogatory or Request for Production. If certain information responsive to
6 an Interrogatory or Request for Production applies only to part of the period of time
7 specified by the Interrogatory or Request for Production, state the dates between
8 which such Interrogatory or Request for Production applies.

9     H.     The singular form of a noun or pronoun shall be considered to include
10 within its meaning the plural form of the noun or pronoun so used and vice versa;
11 the use of the masculine form of a pronoun shall be considered to include within its
12 meaning the feminine form of the pronoun so used and vice versa; and, the use of
13 any tense of any verb shall be considered to include within its meaning all other
14 tenses of the verb.

15     I.     Whenever it is necessary to bring within the scope of these
16 Interrogatories and Requests for Production information that otherwise might be
17 construed to be outside their scope, "any" should be understood to include and
18 encompass "all"; "all" should be understood to include and encompass "any";
19 "or" should be understood to include and encompass "and"; and, "and" should
20 be understood to include and encompass "or."

21     J.     The use of the words "include(s)" and "including" should be
22 construed to mean without limitation.

23     K.     The terms "present" or "presently" refer to the date of service of
24 these Interrogatories and Requests for Production and shall continue through
25 resolution of this litigation.

26     L.     The term "answers" refers to Your answers and/or responses to
27 these Interrogatories and Requests for Production.

28

1    M.    Defendant will move to preclude You from presenting evidence

2 regarding responsive matters You have failed to set forth in Your answers.

3                              **DEFINITIONS**

4    Unless the context clearly indicates otherwise, the following words and

5 phrases are defined and used herein as follows:

6    A.    The term "COMPLAINT" refers to PLAINTIFF'S Complaint in

7 this action, filed March 21, 2017.

8    B.    The term "COMMUNICATION" includes any and all phone

9 conversations, emails, correspondence, meetings, conferences, instant messaging,

10 text messaging, memoranda, or any record of oral communication.

11    C.    The term "DESCRIBE," when used in connection with an act or

12 event, means to state the date of the act or event, to Identify each person

13 participating in or witnessing the act or event, to Identify all documents relating to

14 the act or event, and to describe with particularity the sequence of occurrences

15 which constituted the act or event.

16    D.    The term "DOCUMENT" has the full extent of its meaning as

17 provided in CR 26 and 34 and includes the original or a copy of the original and any

18 nonidentical copy, regardless of original location, of any recorded, written, printed,

19 typed or other graphic material of any kind, variety, type or character including, by

20 way of example but not limited to, the following: books; records; contracts;

21 agreements; invoices; orders; bills; certificates; bills of sale; bills of lading;

22 correspondence; trip reports; spreadsheets; databases; certificates of title;

23 financing statements; instruments; expense accounts; canceled checks; bank

24 statements; bank books; receipts; disbursement journals; tax returns; financial

25 statements; check stubs; promissory notes; resumes; address books; appointment

26 books; telephone logs; worksheets; pictures; income statements; profit and loss

27 statements; balance statements; deposit slips; credit card receipts; records or

28 notations of telephone or personal conversations; conferences; intra office

PLAINTIFFS' 1ST RFP'S AND ROGS TO CXO
MEDIA, INC. - 4
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1   communications; interoffice communications; postcards; letters; telexes;
2   partnership agreements; articles of incorporation; mailing lists; catalog price lists;
3   sound, tape and video records; memoranda (including written memoranda of
4   telephone conversation, other conversations, discussions, agreements, acts and
5   activities); minutes, manuals, diaries; calendar or deskpads; scrapbooks;
6   notebooks; correspondence; meetings; instant messaging; text messaging; any
7   record of oral communications; bulletins; circulars; polices; forms; pamphlets;
8   notices; statements; journals; letters; telegrams; reports; photostats; microfilm;
9   microfiche; maps; deposition transcripts; email messages; drawings; blueprints;
10  photographs; negatives; and any other data, information, or statistics contained
11  within any data storage modules, tapes, discs or any other memory device
12  (including on any computer) or any other information retrievable on storage
13  systems, including computer-generated reports and printouts.  When identifying a
14  document, state the type of document (e.g., letter, memorandum, note, email,
15  spreadsheet, etc.), date, author, addressee, title, serial or file number, its present
16  location, the name and address of its custodian, and the substance of the contents.
17  If a document has been destroyed, state when and where it was destroyed, identify
18  the person who destroyed it, and the person or persons who directed the
19  destruction.
20          E.      The term "IDENTIFY," when used in connection with a person,
21  means to state the person's full current name, to state the person's full current
22  residence address, to state the person's full current business address, to state the
23  person's telephone numbers, to state the person's employer(s), and to state the
24  person's position(s) with the employer(s).
25          F.      The term "IDENTIFY," when used in connection with a Document,
26  means to state the type of Document (e.g., letter, memorandum, note, email,
27  spreadsheet, etc.), date, author, addressee, title, serial or file number, its present
28  location, the name and address of its custodian, and the substance of the contents.

PLAINTIFFS' 1ST RFP'S AND ROGS TO CXO
MEDIA, INC. - 5                              NEWMAN DU WORS LLP
[2:17-cv-00105-SAB]

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

26

1  If a Document has been destroyed, state when and where it was destroyed, Identify

2  the person who destroyed it, and the person or persons who directed the

3  destruction.

4      G.    The term "PERSON" includes individuals and entities.  When

5  identifying a person or non-corporate entity, including but not limited to any

6  partnership, joint venture, sole proprietorship or any other unincorporated

7  association, state the person or entity's full name, last known address, and last

8  known office and home telephone numbers.  Once a person or entity has been

9  identified in accordance with this paragraph, only the name of that person or entity

10  need be listed in answer to subsequent answers requesting the identification of that

11  person or entity.  When identifying a corporation, limited liability company, or

12  other business entity (each, an "entity"), state the entity's name, last known

13  address, last known telephone number, state of organization, date of formation,

14  date of dissolution (if applicable), and all names under which the entity has done

15  business.  Once an entity has been identified in accordance with this paragraph,

16  only the name of that entity need be listed in answer to subsequent answers

17  identifying that entity.

18      H.    The term "PERSONAL KNOWLEDGE" means knowledge based on

19  what the person to be Identified saw, heard, or said, and not knowledge based upon

20  hearsay statements of a third person.

21      I.    The phrase "RELATING TO" means consisting of, summarizing,

22  describing, reflecting, or referring to in any way.

23      J.    The term "STATEMENT" includes any statement made by You,

24  including but not limited to any electronic mail messages (e-mails), paper

25  documents, press releases and statements made via the Internet.

26      K.    The term "YOU" "YOUR" or "DEFENDANT" means CXO

27  Media, Inc., including any officers, directors, partners, associate, employees, staff

28

PLAINTIFFS' 1ST RFP'S AND ROGS TO CXO
MEDIA, INC. - 6               NEWMAN DU WORS LLP
[2:17-cv-00105-SAB]

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

27

1  members, agents, representatives, divisions, parents, subsidiaries, predecessors in
2  interest, affiliated corporations, or any other related entities of CXO Media, Inc.
3
4               **REQUESTS FOR PRODUCTION**
5  **REQUEST FOR PRODUCTION NO. 1.**  Produce all Documents related to
6  CXO Media's corporate structure, including all subsidiaries, parent companies,
7  holding companies, and *any* company holding more than a 10% interest in CXO
8  Media.
9  **RESPONSE:**
10
11
12  **REQUEST FOR PRODUCTION NO. 2.**  Produce all Documents related to
13  CXO Media's executive leadership team (meaning all managers, C-suite
14  executives, and/or corporate officers), including the name, title, and employment
15  history for each of the following individuals:
16            (a)    Brian Glynn
17            (b)    Bob Bragdon
18            (c)    Greg Pinsky
19  **RESPONSE:**
20
21
22  **REQUEST FOR PRODUCTION NO. 3.**  Produce all Documents related to
23  CXO Media's relationship with IDG, Inc.
24  **RESPONSE:**
25
26
27
28

28

1   **REQUEST FOR PRODUCTION NO. 4.** Produce all Documents related to

2   CXO's advertising and marketing of CXO's media properties in the state of

3   Washington.

4   **RESPONSE:**

5

6

7   **REQUEST FOR PRODUCTION NO. 5.** Produce all Documents related to

8   total sales of each of CXO Media's products or services, including subscriptions or

9   memberships to magazines or news sites, whether print or online, in the United

10   States generally and to Washington residents specifically.

11   **RESPONSE:**

12

13

14   **REQUEST FOR PRODUCTION NO. 6.** Produce all Documents related to

15   CXO Media's income derived from advertising on its websites to Washington state

16   residents.

17   **RESPONSE:**

18

19

20   **REQUEST FOR PRODUCTION NO. 7.** For each Request for Admission that

21   you do not admit, produce all Documents related to or explaining your reasons for

22   not admitting each such Request for Admission.

23   **RESPONSE:**

24

25

26

27

28

PLAINTIFFS' 1ST RFP'S AND ROGS TO CXO
MEDIA, INC. - 8
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

29

# INTERROGATORIES

**INTERROGATORY NO. 1.**  Describe each product or service You market and sell to consumers in the United States.

**RESPONSE:**



**INTERROGATORY NO. 2.**  Describe each media property You own or operate targeted at English-speaking readers.

**RESPONSE:**



**INTERROGATORY NO. 3.**  For each product or service described in Interrogatory No. 2, provide the following information:

        (a)    The number of units sold to consumers in the United States;

        (b)    The number of units sold to consumers in the state of Washington;

        (c)    The methods by which You market the product or service;

        (d)    The number of units sold to consumers in the United States directly from Your online store;

        (e)    The number of units sold to consumers in the state of Washington directly from Your online store;

        (f)    The number of units sold to consumers in the state of Washington from Your affiliates (define somewhere);

**RESPONSE:**

PLAINTIFFS' 1ST RFP'S AND ROGS TO CXO
MEDIA, INC. - 9
[2:17-cv-00105-SAB]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

30

1    **INTERROGATORY NO. 4.**   Describe or list each article written by Steve Ragan

2    that was published on the Salted Hash blog at

3    https://www.csoonline.com/blog/salted-hash-top-security-news.

4    **RESPONSE:**

5

6

7    **INTERROGATORY NO. 5.**   For each article described or listed in Interrogatory

8    No. 4, provide the following information:

9          (a)    The number of views by visitors in the United States;

10         (b)    The number of views by visitors in the state of Washington;

11         (c)    The amount of ad revenue You earned for each article in total;

12         (d)    The number of products You sold from users clicking on links

13                shown while viewing the article;

14    **RESPONSE:**

15

16

17    Dated: October 30, 2017          NEWMAN DU WORS LLP

18

19                               Jason E. Bernstein, WSBA Bar No. 39362

20                               *jake@newmanlaw.com*

21                               Leeor Neta, *admitted pro hac vice*
                              *leeor@newmanlaw.com*

22                               Attorneys for Plaintiffs

23

24

25

26

27

28

PLAINTIFFS' 1ST RFP'S AND ROGS TO CXO                         2101 Fourth Avenue, Suite 1500
MEDIA, INC. - 10                 NEWMAN DU WORS LLP       Seattle, Washington 98121
[2:17-cv-00105-SAB]                                    (206) 274-2800

31

**VERIFICATION**

STATE OF _____ )

                                        : ss.

County of _____ )

_____, being duly sworn, on oath says:

        That he/she is the _____ named in the

foregoing _____; that he/she has read said requests for

production and the responses thereto, knows the contents thereof and believes the

same to be true and correct.

                                        _____

        SUBSCRIBED and SWORN TO before me this ____ day of

_____, _____.

                                        _____
                                        [PRINT NAME] _____
                                        NOTARY PUBLIC for the State of
                                        Washington, residing at _____.
                                        My appointment expires: _____.

PLAINTIFFS' 1ST RFP'S AND ROGS TO CXO
MEDIA, INC. - 11
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2017, I caused the foregoing to be served by U.S. mail to:

**Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan**

Kevin J. Curtis
WINSTON & CASHATT
601 W. Riverside, Ste. 1900
Spokane, WA 99201
*kjc@winstoncashatt.com*

Charles L. Babcock
William J. Stowe
Jackson Walker L.L.P.
1401 McKinney Street, Suite 1900
Houston, TX 77010
*cbabcock@jw.com*
*wstowe@jw.com*

**Attorneys for Kromtech Alliance Corp.**

Amy McGowan Smith
Matthew D. Brown
Cooley LLP
1355101 California Street, 5th Floor
San Francisco, CA 94111
*amsmith@cooley.com*
*brownmd@cooley.com*

Christopher B. Durbin
Cooley LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
*cdurbin@cooley.com*

**Attorneys for Defendant Chris Vickery**

Aaron Rocke
Rocke Law Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
*aaron@rockelaw.com*

I declare under penalty of perjury that the foregoing is true and correct.

Arlyne Sorrells
Paralegal

PLAINTIFFS' 1ST RFP'S AND ROGS TO CXO MEDIA, INC. - 12
[2:17-cv-00105-SAB]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

33