Leeor Neta, *admitted pro hac vice*
leeor@newmanlaw.com
Jake Bernstein, WSBA No. 39362
*jake@newmanlaw.com*
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVER CITY MEDIA, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KROMTECH ALLIANCE CORPORATION, et al., <br><br> Defendants. | Case No. 2:17-cv-00105-SAB <br><br> **PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY** <br><br> With Oral Argument <br> Date:    March 15, 2018 <br> Time:   2:30 p.m. <br> Spokane, Washington |

## INTRODUCTION

After the Court ordered jurisdictional discovery, Plaintiffs River City Media, LLC, Mark Ferris, Matt Ferris, and Amber Paul (collectively, "River City") sought information and documents about Defendant CXO Media, Inc.'s ("CXO") forum-related activities. CXO refused to respond—forcing River City to move to compel.

In its opposition to the motion to compel, CXO seems to argue that it should not have to engage in discovery because River City has no evidence satisfying the "relatedness" prong of the test for specific personal jurisdiction. But CXO misunderstands how this prong is applied—specifically in cases like this one where a tort is committed within the forum and causes injury within the forum. In such

PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY - 1
[2:17-cv-00105-SAB]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

cases, evidence supporting the first prong—purposeful availment—can balance out a lack of evidence of relatedness. A single act within the forum is enough.

There are other problems with CXO's argument. It does not explain why River City cannot proceed against CXO under an alter ego theory of personal jurisdiction. The alter ego theory allows for jurisdiction over a parent whose subsidiary or agent is subject to general or specific jurisdiction. And it does not explain where the dispute should be heard—if not in Washington.

All that aside, CXO's misapplication of these principles should not matter now. The question presently before the Court is whether CXO should even disclose evidence of its forum activities so that the Court can better evaluate the jurisdictional arguments that CXO has forecast. And there is no legitimate reason to forestall that discovery.

## DISCUSSION

**A.    Evidence of CXO's Washington activities supports specific jurisdiction.**

CXO has refused to respond to any discovery about its activities in Washington—except those activities that relate to a single article identified in the Complaint.[1] CXO proffers only one argument to support its refusal—that information about its forum activities cannot support the second prong of the three-prong test for specific jurisdiction.

Unfortunately, CXO does not seem to understand how to apply this test. The test does not require incontrovertible evidence of all three prongs. Instead, specific jurisdiction is based on a sliding scale. "A strong showing on one axis will permit a lesser showing on the other." *Yahoo! Inc. v. La Ligue Contre Le Racism Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc). Significant

---

[1] After it filed the motion to compel but before CXO filed its response, counsel for River City attempted to further meet and confer about the motion. Declaration of Leeor Neta, dated March 2, 2018 ("Neta Decl."), ¶ 2. Counsel for CXO rebuffed those efforts. *Id.*

PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY - 2
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

evidence satisfying the first prong can help satisfy the second prong—giving rise to specific jurisdiction.

### 1. CXO misunderstands the second prong of the jurisdictional test.

The entire basis for CXO's opposition is the second prong of the jurisdictional test—which CXO badly misinterprets.

To determine whether a claim satisfies this prong, the Ninth Circuit uses a "but-for" test. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131–1132 (9th Cir. 2003). The Ninth Circuit has shown time and again that the but-for test is a very low threshold. *See Asad v. Pioneer Balloon*, 10 F. App'x 624, 626 (9th Cir. 2001); *Sierra Pac. Airlines v. Dallas Aerospace*, 6 F. App'x 606, 609 (9th Cir. 2001); *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

One of the better demonstrations of a low threshold for specific jurisdiction is the Supreme Court's decision in *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984). In *Keeton*, the petitioner claimed that she had been libeled in only five issues of a magazine published by the respondent over a nine-month period. *Id*. at 772. Though the claims were limited to those five issues and those nine months, the high court found it very significant that the respondent generally sold "some 10 to 15,000 copies" in the state "each month." *Id*. In other words, it found that "regular circulation of magazines in the forum State is sufficient to support an assertion of [specific] jurisdiction[.]" *Id*. at 773.

River City believes this case is like *Keeton* because CXO regularly circulates its publications in Washington. That is why River City asked about CXO's subscriptions and circulation within Washington. And that is why CXO should disclose that information. According to the Supreme Court, this evidence supports specific jurisdiction.

**2.  Two of the decisions cited by CXO involve claims by nonresidents or injuries felt outside the forum state.**

CXO's opposition entirely ignores *Keeton*. In fact, it does not even **mention** the but-for test or its low threshold. Instead, CXO leans hard on *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017). As noted in River City's opening brief, that decision is irrelevant because it concerns the "danger" of asserting specific jurisdiction over claims brought by **nonresidents**.

> The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction **over the nonresidents' claims**.

*Id*. at 1781 (emphasis added). At issue in that case was whether the "mere fact" of some conduct within a state could give rise to specific jurisdiction over claims brought by plaintiffs that resided elsewhere. That issue is not present here because River City is a resident of Washington. And it is possible that CXO investigated River City because it wanted to produce content of interest to Washington readers.

CXO's opposition seems to suggest that *Bristol-Myers Squibb* overturned *Burger King v. Rudzewicz*, 471 U.S. 462, 476 n. 18 (1985)—an opinion that a single act can support specific jurisdiction. But that cannot be right because the *Bristol-Myers Squibb* Court cites to *Burger King* without distinguishing it—implicitly accepting its ruling. *See Bristol-Myers Squibb*, 137 S. Ct. at 1780. *Bristol-Myers Squibb* only overruled the use of the sliding scale approach with respect to claims brought by **nonresident** plaintiffs—stating that the approach creates specific jurisdiction "without identifying any adequate link between the State and **nonresidents'** claims." *Id.* at 1781 (emphasis added).

CXO's opposition cites only one decision from this circuit—*Foraker v. Reeves*, No. 2:11-CV-00646-RLH-GWF, 2011 WL 6029890 (D. Nev. Dec. 5, 2011). *Foraker* is a Nevada district court opinion about a traffic accident that had occurred

PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY - 4
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

in Oklahoma. *Id*. at *1. None of the defendants were residents of Nevada. *See id*. at *2. There was no evidence to support the second prong of the specific jurisdiction test. *Id*. at *3. And the sliding scale did not help because there was almost no evidence to support the first prong. *Id*. Because the accident took place in Oklahoma, the court held that the claim arose out of the defendants' activities in Oklahoma. *Id*. And because Oklahoma was the only place it made sense to litigate the claim, the court transferred it there. *Id*.

### 3. The remaining authority cited by CXO involves contract-based claims—which are subject to a different analysis.

Apart from *Bristol-Myers Squibb* and *Foraker*, CXO cites three cases from other circuits. Two of them are unpublished. All of them are distinguishable:

- *HS Real Co., LLC v. Sher* involved a New Jersey suit for breach of fiduciary duty with respect to a transaction that was negotiated almost entirely in the United Kingdom. 526 F. App'x 203, 205 (3d Cir. 2013). The "vast majority of [the] face-to-face meetings … including the negotiation of [the instrument], took place in the United Kingdom." *Id*. And all the individuals identified in the Complaint were U.K. citizens. *Id*. The court noted it would reach a different result if a specific fraud had occurred in New Jersey. *See id*. at 206–07.
- *Gulf Coast Bank & Trust Co. v. Designed Conveyor Sys., L.L.C.* involved a Louisiana suit for breach of a contract pertaining to "a Colorado-based project." No. 17-30062, 2017 WL 6553374, at *1 (5th Cir. Dec. 22, 2017). The opinion makes no reference at all to the second prong of the jurisdictional test. Instead, it affirms a district court's dismissal because there was no evidence of the ***first*** prong. *See id*. at *4. While the defendant had agreed to send one of a series of payments to Louisiana, the court held that was not sufficient to constitute purposeful availment. *See id*. The opinion suggests the dispute should

PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY - 5
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

be heard in either Colorado—the location of the project—or Texas—the residence of the party furnishing all labor, equipment, and materials for the project. *See id.*

- *Steinfield v. EmPG Int'l, LLC* involved a Pennsylvania suit for breach of a contract for the sale of a Costa Rican bicycle tour. 97 F. Supp. 3d 606, 608 (E.D. Pa. 2015).[2] In making the jurisdictional inquiry, the district court found it relevant that the defendants did not provide any services within Pennsylvania. *Id.* at 613. The court also found it important that "the plaintiffs [had] initiated the communications that lead to the sale of the tour[.]" *Id.* at 615. In other words, the activities that defendants initiated within the forum were not a but-for cause of plaintiffs' claims.

### 4. Tort-based claims—like those here—are heard where the tortious conduct and injury occurs.

The preceding three cases all dismiss in favor of a more appropriate alternative forum. And it is worth noting that no such appropriate alternative forum is available here—Chris Vickery resides in California, Steve Ragan resides in Indiana, CXO and IDG are Massachusetts corporations, and Kromtech is a German company headquartered in Dubai with offices in New Orleans. None of the parties challenging jurisdiction have offered a cogent answer to the question—***if not here, where?***

But the preceding three cases are also different because they each involve contract-based claims. And the analysis is different where the claims are based in tort. For example, in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, a Pennsylvania district court asserted specific jurisdiction over Dot Com—a news service that maintained

---

[2] *Steinfield* is also a Third Circuit decision—and the Third Circuit does not follow the but-for test for the second prong. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 323 (3d Cir. 2007).

PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY - 6
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

a website "accessible to Pennsylvania residents via the Internet." 952 F. Supp. 1119, 1121 (W.D. Pa. 1997).

Dot Com is a lot like CXO. Like CXO, Dot Com maintained no offices, employees, or servers within the forum state. *Id*. If that were not enough, Dot Com derived very little revenue from the forum state—only two percent of Dot Com's subscribers were in-state residents. *Id*. at 1127. In other words, Dot Com's forum-related activities were "not numerous or significant." *Id*.

But none of that mattered to the jurisdictional analysis. What mattered was the fact that a significant amount of the tortious conduct and resulting injury occurred in the forum state. *Id*. The same is true here—Defendants illegally accessed servers in Washington and River City was injured here in Washington.

**B.    Evidence of CXO's Washington activities also supports general jurisdiction.**

CXO's opposition contends that River City is not asserting general jurisdiction. (*See* ECF No. 94 at 1.) But that was only with respect to the initial complaint. River City never waived that argument for any amended complaint. And the Court's orders do not prevent River City from making that argument now.

In fact, there is already some evidence to support an alter ego theory of general personal jurisdiction over CXO. This alter ego theory instructs that general jurisdiction can exist over a parent corporation whose subsidiary is subject to general *or specific* jurisdiction within the forum. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 108–09 (3d Cir. 2013); *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008); *Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 805–06 (3d Cir. 1981), *abrogated in part on other grounds*, *EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046 (3d Cir. 1993). Because the Court has already determined that it has jurisdiction over Steve Ragan—CXO's employee and agent—the Court may be able to assert general personal jurisdiction over CXO.

Again, the Court need not make that determination now. But it is worth nothing that—just yesterday—the Third Circuit Court of Appeals cited the alter ego theory in an opinion granting discovery not unlike the discovery that River City seeks here. *See Shuker v. Smith & Nephew, PLC*, No. 16-3785, 2018 WL 1096185, at *14 (3d Cir. Mar. 1, 2018) ("We hold, however, that the Shukers are entitled to limited jurisdictional discovery to explore their alter ego theory of general personal jurisdiction . . . 'whether or not those contacts are related to the [plaintiffs'] cause of action.'").

**C.    River City's requests easily satisfy the standard for discoverability.**

CXO's opposition seems to suggest that River City should have to satisfy the jurisdictional test *before* it is entitled to discovery. But that puts the cart before the horse. Indeed, such a requirement would unnecessarily frustrate the liberal rules governing discovery. *See DeJesus v. WP Co. LLC*, 841 F.3d 527, 536 n.7 (D.C. Cir. 2016).

The scope of discovery is defined by FRCP 26—which CXO ignores. And that scope is incredibly liberal:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

CXO's Washington activities are not privileged. They are relevant and important to River City's claims—including its jurisdictional and substantive allegations. The amount in controversy is quite high. River City has little access to the information it seeks from CXO. The Court's jurisdictional inquiry will benefit

PLAINTIFFS' REPLY TO RESPONSE TO
MOTION TO COMPEL DISCOVERY - 8
[2:17-cv-00105-SAB]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

from the discovery. And responding to the discovery should impose no serious burden on anyone.

## CONCLUSION

When the Court denied CXO's motion to dismiss, it gave CXO the right to renew. And CXO has yet to do that. So the Court can postpone, for now, a determination on jurisdiction.

But when it comes time to make that determination, the Court would be better served with the discovery that CXO has refused to disclose. Information about CXO's efforts to advertise and market in Washington may even explain its investigation of River City—a Washington-based company. That is why River City wants to know about all of CXO's contacts with Washington. The Court can and should order CXO to respond to discovery about its Washington activities.

Dated: March 2, 2018

NEWMAN DU WORS LLP

*/s/ Jason E. Bernstein*
Jason E. Bernstein, WSBA Bar No. 39362
*jake@newmanlaw.com*
Leeor Neta, *admitted pro hac vice*
*leeor@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800

Attorney for Plaintiffs
RIVER CITY MEDIA, LLC

PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY - 9
[2:17-cv-00105-SAB]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

**Attorneys for Defendants International Data Group, Inc., CXO Media, Inc. and Steve Ragan**

Kevin J. Curtis
WINSTON & CASHATT
601 W. Riverside, Ste. 1900
Spokane, WA 99201
*kjc@winstoncashatt.com*

Charles L. Babcock
William J. Stowe
Jackson Walker L.L.P.
1401 McKinney Street, Suite 1900
Houston, TX 77010
*cbabcock@jw.com*
*wstowe@jw.com*

**Attorneys for Kromtech Alliance Corp.**

Amy McGowan Smith
Matthew D. Brown
Cooley LLP
1355101 California Street, 5th Floor
San Francisco, CA 94111
*amsmith@cooley.com*
*brownmd@cooley.com*

Christopher B. Durbin
Cooley LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
*cdurbin@cooley.com*

**Attorneys for Defendant Chris Vickery**

Edward C. Chung, Esq.
Chung, Malhas & Mantel, PLLC
1511 Third Avenue, Suite #1088
Seattle, WA 98101
*Echung@cmmlawfirm.com*
*Litigation@cmmlawfirm.com*

I declare under penalty of perjury that the foregoing is true and correct.

_____
Arlyne Sorrells
Paralegal

PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY - 10
[2:17-cv-00105-SAB]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800