Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA  99201
Telephone:  (509) 838-6131

Charles L. Babcock IV (*admitted pro hac vice*)
cbabcock@jw.com
Texas Bar No. 01479500
William J. Stowe (*admitted pro hac vice*)
wstowe@jw.com
Texas Bar No. 24075124
JACKSON WALKER L.L.P.
1401 McKinney Street
Suite 1900
Houston, Texas  77010
(713) 752-4360 (telephone)
(713) 308-4116 (facsimile)

Attorneys for Defendants International Data
Group, Inc., CXO Media, Inc. and Steve Ragan

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

RIVER CITY MEDIA, LLC, a Wyoming
limited liability company, MARK
FERRIS, an individual, MATT FERRIS,
an individual, and AMBER PAUL, an
individual,

                                   Plaintiffs,

         vs.

No. 2:17-cv-105-SAB

DEFENDANT CXO MEDIA, INC.'S
ANSWER

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1  KROMTECH ALLIANCE
2  CORPORATION, a German corporation,
   CHRIS VICKERY, an individual, CXO
3  MEDIA, INC., a Massachusetts
   corporation, INTERNATIONAL DATA
4  GROUP, INC., a Massachusetts
   corporation, and STEVE RAGAN, an
5  individual, and DOES 1-50,
6
                              Defendants.
7

8       Defendant CXO Media, Inc. ("CXO") respectfully submits this Answer to

9  Plaintiffs' Complaint (ECF No. 1) as follows:

10
                                  I.
11

12      **RESPONSES TO PLAINTIFFS' ALLEGATIONS**

13
        1-2.    CXO is without sufficient information at this time to admit or deny the
14
15 allegations in paragraphs 1-2 of the Complaint and therefore denies the allegations

16 pursuant to Fed. R. Civ. P. 8(b)(5).

17      3.      Denied.

18
        4-5.    CXO is without sufficient information at this time to admit or deny the
19
20 allegations in paragraphs 4-5 of the Complaint and therefore denies the allegations

21 pursuant to Fed. R. Civ. P. 8(b)(5).

22      6.      Denied.
23

24

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

7.    CXO denies that it engaged in any illegal actions causing any damage to Plaintiffs' businesses, reputations, livelihoods, and physical or mental health.   CXO is without sufficient information at this time to admit or deny the remaining allegations in paragraphs 7 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

8.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 8 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).   CXO, however, denies any wrongdoing or that Plaintiffs are entitled to any relief.

9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    CXO admits that venue is proper but denies any acts of illegal computer access.

16-21.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 16-21 of the Complaint and therefore denies the allegations

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

pursuant to Fed. R. Civ. P. 8(b)(5).

22.    Admitted.

23.    CXO admits that International Data Group, Inc. is a Massachusetts corporation but denies that it is the parent corporation of CXO.

24.    CXO is without sufficient information at this time to admit or deny the allegations in paragraph 24 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

25.    CXO admits that Ragan is an employee of CXO but denies the remaining allegations of paragraph 25.

26-37.        CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 26-37 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

38.    CXO denies that it is owned by International Data Group, Inc.  CXO admits the remaining allegations of paragraph 38.

39.    Admitted except that the actual quote was: "This is the story of how River City Media (RCM), Alvin Slocombe, and Matt Ferris, accidentally exposed their entire operation to the public after failing to properly configure their Rsync backups."

40.    CXO admits that the article included the quote "This is the story of how River City Media (RCM), Alvin Slocombe, and Matt Ferris, accidentally exposed their

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

entire operation to the public after failing to properly configure their Rsync backups."

CXO otherwise denies the allegations in paragraph 40.

41.    CXO is without sufficient information at this time to admit or deny the allegation in paragraph 41 of the Complaint regarding what "River City's records show" and therefore denies the allegation pursuant to Fed. R. Civ. P. 8(b)(5).  The remaining allegations in paragraph 41 are denied.

42-48.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 42-48 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

49.    CXO denies that it or Ragan ever publicly announced an unlawful computer hacking by Defendants.  CXO is without sufficient information at this time to admit or deny the remaining allegations in paragraph 49 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

50.    CXO is without sufficient information at this time to admit or deny the allegations in paragraph 50 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

51.    CXO denies that it or Ragan "purposefully attack[ed] and compromise[ed] River City's Zabbix server" and "effectively hamstrung River City's ability to detect and stop their cyberattack."  CXO is without sufficient information at this time to admit or

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

deny the remaining allegations in paragraph 51 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

52.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 52 of the Complaint as they relate to other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

53-56.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 53-56 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

57.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 57 of the Complaint as they relate to other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

58.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 58 of the Complaint as they relate to other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

59.    CXO denies that it or Ragan misappropriated or converted any funds and admits that they would have had no authority to do so.

60.    Denied.

61.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 61 of the Complaint as they relate to

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 6

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

62.    CXO is without sufficient information at this time to admit or deny the allegations in paragraph 62 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

63-64.    Denied.

65.    CXO admits that Ragan authored the article titled "Spammers expose their entire operation through bad backups" located at https://www.csoonline.com/article/3176433/security/spammers-expose-their-entire-operation-through-bad-backups.html dated March 6, 2017 ("Ragan Article"). CXO admits that there is an article titled "Spammergate: The Fall of an Empire" located at https://mackeeper.com/blog/post/339-spammergate-the-fall-of-an-empire dated June 3, 2017 ("Vickery Article"). CXO denies the remaining allegations in paragraph 65.

66.    CXO admits that the Vickery Article states that "RCM masquerades as a legitimate marketing firm while, per their own documentation, being responsible for up to a billion daily email sends." CXO admits that the Vickery Article includes the words "illegal hacking". CXO denies the remaining allegations of paragraph 66.

67.    CXO is without sufficient information at this time to admit or deny the allegations in paragraph 67 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5). CXO denies that it or Ragan wrongfully caused any harm to

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 7

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

RCM.

68.    CXO denies that it or Ragan made any defamatory statements.    CXO is without sufficient information at this time to admit or deny the remaining allegations in paragraph 68 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

69.    CXO is without sufficient information at this time to admit or deny the allegations in paragraph 69 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

70.    CXO admits publishing the Ragan Article.    CXO denies the remaining allegations of paragraph 70.

71.    CXO admits that the Vickery Article includes the quotes "RCM masquerades as a legitimate marketing firm while, per their own documentation, being responsible for up to a billion daily email sends" and "How can a group of about a dozen people be responsible for one billion emails sent in one day? The answer is a lot of automation, years of research, and fair bit of illegal hacking techniques".    CXO denies the remaining allegations of paragraph 71.

72.    CXO admits that the Vickery Article includes the statement that "Purposely throttling your own machinery to amass open connections on someone else's server is a type of Slowloris attack [https://en.wikipedia.org/wiki/Slowloris_(computer_security)]."

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 8

*Winston & Cashatt*

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

CXO denies the remaining allegations of paragraph 72.

73.     CXO admits that the Ragan Article includes the following statements:

- (quoting Vickery): "Once we concluded that this was indeed related to a criminal operation, it was decided that we should approach law enforcement and the affected companies (like Microsoft and Yahoo) before making any attempts at contacting the spammers directly."

- "In the RCM chat logs, McKeown is respected for his scripting work. His efforts enabled RCM to exploit a number of providers in order to inbox offers."

- "'Nobody would knowingly give their email address to spammers, so they have to be tricked into it. Usually, there is some kind of offer for a 'free gift' in exchange for giving up an email address and personal information. The fine print of these offers allows the company to share their address with their 'partners' which ends up also being their partner's partners, and their partner's partner's partners, until every spammer on the planet has their address,' explained Spamhaus' Mike Anderson. He goes on to explain such address lists are the lifeblood of the industry, and they're constantly being analyzed through tracking systems - examining which addresses are viewing spam ads, which ones are clicking on them, and which ones are buying. 'Meanwhile, the original

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

contract for handing over the address is never fulfilled, since it turns out to be impossible to redeem the 'free gift' or only with extreme difficulty. And of course these addresses never go through a confirmation process, to ensure it's the real owner of the address doing the signup.'"

CXO denies the remaining allegations of paragraph 73.

74.    CXO admits that the Ragan Article included a link to the Vickery Article but denies the remaining allegations of paragraph 74.

75.    Denied that the statements above are false. CXO is without sufficient information at this time to admit or deny the remaining allegations in paragraph 75 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

76.    Denied.

77-78.    Admitted.

79-81.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 79-81 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

82.    CXO hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

83.    CXO admits Vickery is not an employee of RCM but is without sufficient information at this time to admit or deny the remaining allegations in paragraph 83 of the

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 10

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

84-88.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 84-88 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

89.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 89 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

90.    Denied as to any conduct by CXO or Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 90 of the Complaint as they relate to Plaintiff RCM or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

91.    CXO hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

92.    CXO admits Vickery is not an employee of RCM but is without sufficient information at this time to admit or deny the remaining allegations in paragraph 92 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

93-96.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 93-96 of the Complaint and therefore denies the allegations

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

pursuant to Fed. R. Civ. P. 8(b)(5).

97.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 97 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

98.    Denied as to any conduct by CXO or Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 98 of the Complaint as they relate to Plaintiff RCM or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

99.    CXO admits that RCM seeks punitive and exemplary damages but denies that RCM is entitled to recover them and denies the remaining allegations of paragraph 99.

100.    CXO admits that RCM seeks attorney's fees but denies that RCM is entitled to recover them.

101.    CXO hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

102.    CXO admits Vickery is not an employee of RCM but is without sufficient information at this time to admit or deny the remaining allegations in paragraph 102 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

103-105.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 103-105 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

106.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 106 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

107.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 107 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

108.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 108 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

109.    Denied as to any conduct by CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 109 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

110. CXO hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

111. CXO admits Vickery is not an employee of RCM but is without sufficient information at this time to admit or deny the remaining allegations in paragraph 111 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

112-114. CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 112-114 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

115. Denied as to CXO and Ragan. CXO is without sufficient information at this time to admit or deny the allegations in paragraph 115 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

116. Denied as to any conduct by CXO and Ragan. CXO is without sufficient information at this time to admit or deny the allegations in paragraph 116 of the Complaint as they relate to Plaintiff RCM or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

117. CXO admits that RCM seeks punitive and exemplary damages but denies that RCM is entitled to recover them and denies the remaining allegations of paragraph 117.

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 14

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

118.   CXO hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

119-120.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 119-120 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

121.   Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 121 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

122.   Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 122 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

123.   Denied.

124.   Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 124 of the Complaint as they relate to Plaintiffs or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

125.   CXO hereby incorporates by reference the foregoing paragraphs as though

*Winston & Cashatt*

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

fully set forth herein.

126-127.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 126-127 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

128.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 128 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

129.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 129 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

130.    Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 130 of the Complaint as they relate to Plaintiffs or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

131.    CXO hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

132.    CXO is without sufficient information at this time to admit or deny the

*Winston & Cashatt*

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

allegations in paragraph 132 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

133.    Denied as to CXO and Ragan. CXO is without sufficient information at this time to admit or deny the allegations in paragraph 133 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

134.    Denied as to CXO and Ragan. CXO is without sufficient information at this time to admit or deny the allegations in paragraph 134 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

135.    Denied as to CXO and Ragan. CXO is without sufficient information at this time to admit or deny the allegations in paragraph 135 of the Complaint as they relate to Plaintiffs or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

136.    CXO hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

137-138.    CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 137-138 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 17

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

139.   Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 139 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

140.   Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 140 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

141.   Denied as to any conversion by CXO or Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 141 of the Complaint as they relate to the Plaintiffs or the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

142.   CXO hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

143.   CXO admits Vickery is not an employee of RCM but is without sufficient information at this time to admit or deny the remaining allegations in paragraph 143 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

144-146.   CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 144-146 of the Complaint and therefore denies the

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

allegations pursuant to Fed. R. Civ. P. 8(b)(5).

147.   Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 147 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

148.   Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 148 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

149.   Denied as to CXO and Ragan.  CXO is without sufficient information at this time to admit or deny the allegations in paragraph 149 of the Complaint as they relate to the other Defendants and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

150-151.   CXO is without sufficient information at this time to admit or deny the allegations in paragraphs 150-151 of the Complaint and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

152.   CXO hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

153-158.   Denied.

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 19

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1

2

3
### Jury Demand

4    CXO demands a jury for all claims and admits that Plaintiffs demand a jury as

5    well.

6
### Plaintiffs' Request for Relief

7    CXO denies that Plaintiffs are entitled to any relief in the section of the Complaint

8    titled "XVI. REQUEST FOR RELIEF".

9
### Affirmative Defenses

10

11    Without assuming the burden of proof where it otherwise rests with Plaintiffs,

12    CXO asserts the following defenses:

13
14    1.    Plaintiffs fail to state a claim upon which relief can be granted.

15    2.    Plaintiff RCM is precluded from asserting its state-law claims because it is

16    not registered to do business with the Washington Secretary of State.    *See* RCW

17    § 23.95.505.

18
19    3.    Plaintiffs failed to mitigate their damages.    On information and belief,

20    Plaintiffs could have used reasonable efforts to mitigate their damages, including without

21    limitation by not engaging in the conduct that is the subject of the Ragan Article and

22    Vickery Article.

23
24    4.    Plaintiffs' claims against CXO and Ragan are barred due to the privilege of

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 20

*Winston & Cashatt*

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

fair comment on matters of public concern.   The statements in the Ragan Article constituted a fair comment on a matter of public concern, and the statements were not made maliciously or based on false statements of fact.

5.    In the event that the defendant bears the burden of proving the truth of the statements at issue, Plaintiffs' claims against CXO and Ragan are barred because the statements in the Ragan Article were true and, at a minimum, substantially true and the gist, or "sting," of the Ragan Article was true.

6.    In the unlikely event of liability on the part of CXO, punitive and exemplary damages are unavailable to Plaintiffs under Washington law.

7.    The statements in the Ragan Article are protected under the First Amendment to the U.S. Constitution and Article I Section 5 of the Washington Constitution.

## **Prayer**

For the foregoing reasons, Defendant CXO Media, Inc. respectfully requests that the Court dismiss Plaintiffs' suit against it, and grant it such other relief to which it may be justly entitled.

.

DEFENDANT CXO MEDIA, INC.'S ANSWER
PAGE 21



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1

2      Respectfully submitted this 6th day of April, 2017.

3
                                    s/Kevin J. Curtis, WSBA No. 12085
4                                   WINSTON & CASHATT, LAWYERS
5                                   601 W. Riverside, Ste. 1900
                                    Spokane, WA 99201
6                                   (509) 838-6131
                                    Facsimile: (509) 838-1416
7                                   E-mail Address: kjc@winstoncashatt.com

8
                                    Charles L. Babcock IV (*admitted pro hac vice*)
9                                   cbabcock@jw.com
                                    Texas Bar No. 01479500
10                                  William J. Stowe (*admitted pro hac vice*)
11                                  wstowe@jw.com
                                    Texas Bar No. 24075124
12                                  JACKSON WALKER L.L.P.
13                                  1401 McKinney Street
                                    Suite 1900
14                                  Houston, Texas  77010
                                    (713) 752-4360 (telephone)
15                                  (713) 308-4116 (facsimile)

16
                                    Attorneys for Defendants International Data
17                                  Group, Inc., CXO Media, Inc. and Steve Ragan

18

19

20

21

22

23

24
       DEFENDANT CXO MEDIA, INC.'S ANSWER
       PAGE 22



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

I hereby certify that on April 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Jason E. Bernstein - jake@newmanlaw.com
Leeor Neta *(admitted pro hac vice)* - leeor@newmanlaw.com

Attorneys for Plaintiffs

Christopher B. Durbin - cdurbin@cooley.com
Matthew D. Brown *(admitted pro hac vice)* - brownmd@cooley.com
Amy M. Smith *(admitted pro hac vice)* - amsmith@cooley.com

Attorneys for Defendant Kromtech Alliance Corporation

Edward C. Chung - Echung@cmmlawfirm.com
Attorney for Defendant Chris Vickery

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS
Attorneys for Defendants International Data
Group, Inc., CXO Media, Inc. and Steve Ragan
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: kjc@winstoncashatt.com

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131